## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN and         :
SARA J. LEE,                  :
                                :

          **Plaintiffs,**      :

**v.**                           :
                                :

JEWELL BELL-SMITH, DARRYL A.  :
SMITH, EK SETTLEMENTS, INC.,   :
PINNACLE FINANCIAL CORP.,     :
MORTGAGE STAR, INC., C&O      :
PROPERTY SOLUTIONS, and      :
CAROLINE CHARLES          :
                                :

          **Defendants.**     :

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE** notice that on June 10, 2008, MortgageStar, Inc., a Defendant in the

above-entitled action, filed a Petition for Removal, copies of which are attached hereto, of the

above-entitled action to the United States District Court for the District of Columbia.

You are also advised that Defendant, on filing such Petition for Removal in the office

of the Clerk of the United States District Court for the District of Columbia, also filed copies

of it with the Clerk of the Superior Court for the District of Columbia to effect removal

pursuant to 28 U.S.C. § 1446(e). This Notice of Removal is signed and filed pursuant to Fed.

R. Civ. P. Rule 11.

Dated: June 10, 2008

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____
Alan S. Block, Esq., D.C. Bar No. 431010
Heather S. Deane, Esq. D.C. Bar No. 471834
Attorney for Defendant Mortgage Star, Inc.
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
hdeane@bktc.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was served via

first-class mail, postage prepaid, this 10th day of June 2008 to:

Brynee K. Baylor, Esq.
Dawn P. Jackson, Esq.
Baylor & Jackson, PLLC
1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036
Counsel for Plaintiffs

Jewell Bell-Smith
9403 Pineview Ln.
Clinton, MD

Darryl A. Smith
9403 Pineview Ln.
Clinton, MD

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

Pinnacle Financial Corporation
4102 S. 31st St.
Temple, TX 76542

C&O Property Solutions, LLC
14625 Baltimore Ave. #185
Laurel, MD 20707

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707

_____
Heather S. Deane



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GAVIN M CHEN
Vs.                                          C.A. No.      2008 CA 003600 R(RP)
JEWELL BELL-SMITH

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge NATALIA COMBS GREENE
Date:  May 13, 2008
Initial Conference: 9:00 am, Friday, September 05, 2008
Location:  Courtroom 217
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001



## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

Sara J Lee, et al
5011 14th Street, NW
Washington, DC 20011

*Plaintiff*

08-0003600

Civil Action No. _____

vs.

Mortgage Star, Inc.
7735 Old Georgetown Rd
Bethesda, MD 20814
Serve on:
  Business Filing Corporation
  1015 15th Street, NW
  Suite 1000
  Washington DC 20005

*Defendant*

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Dawn P. Jackson, Esq
Name of Plaintiff's Attorney

1025 Connecticut Avenue, NW, Ste 1202
Address
Washington, DC 20036

(202) 332-7200
Telephone

By _____
            *Deputy Clerk*

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

GAVIN M. CHEN                                    :
5011 14th Street, N.W.                :
Washington, D.C. 20011-6925                      :
                                                 :
and                                              :
                                                 :
SARA J. LEE                                      :
5011 14th Street, N.W.                :
Washington, D.C. 20011-6925                      :
                                                 :
              Plaintiffs                         :
                                                 :   Civil Action No.: **08-0003600**
                                                 :   Calendar #
v.                                               :   Judge
                                                 :   Next Event
JEWELL BELL-SMITH                                :
9403 Pineview Lane                               :
Clinton, MD 20785                                :
                                                 :
                                                 :
DARRYL A. SMITH                                  :
9403 Pineview Lane                               :
Clinton, MD 20785                                :
                                                 :
                          and                    :
                                                 :
                                                 :
                                                 :
EK SETTLEMENTS, INC                              :   **JURY TRIAL DEMANDED**
10262 Baltimore National Park                    :
Ellicott City, MD 21042                          :
                                                 :
                                                 :
                          and                    :
                                                 :
PINNACLE FINANCIAL CORPORATION                   :
4102 S. 31st Street                   :
Temple, Texas 76542                              :
                                                 :
                          and                    :
                                                 :
MORTGAGE STAR, INC.                              :
7735 Old Georgetown Road                         :
Suite 800                                        :
Bethesda, Maryland 20814                         :

RECEIVED
Civil Clerk's Office

MAY 1 3 2008

Superior Court of the
District of Columbia
Washington, D.C.

```
                                           :
                                           :
    SERVE ON:                              :
    Business Filings Corporation           :
    1015 15ᵗʰ Street, N.W.                 :
    Suite 1000                             :
    Washington, D.C. 20005                 :
                                           :
                            and            :
                                           :
C & O Property Solutions                   :
1465 Baltimore Avenue #185                 :
Laurel, Maryland  20707                    :
                                           :
                            and            :
                                           :
Caroline Charles                           :
14625 Baltimore Avenue #185                :
Laurel, Maryland 20707                     :
                                           :
                    Defendants.            :
```

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

### (ACTION INVOLVING REAL PROPERTY)
### (5011 14ᵗʰ Street, Washington, DC 20011)

**COMES NOW** Plaintiffs, Gavin M. Chen & Sara J. Lee, by and through their attorneys, Brynee K. Baylor, Esq., and Dawn R. Jackson, Esq., of Baylor & Jackson, P.L.L.C., pursuant to sections 11-921, *et seq.* and 28-3905, D.C. Code, files this Complaint, and for grounds states:

### INTRODUCTION

1.  This case has been instituted pursuant to a) the D.C. Consumer Protection Act ("CPPA"), sections 28-3901, *et seq.*, D.C. Code, b) the D.C. Loan Shark Act, sections 26-901, *et seq.*, D.C. Code, c) the D.C. Interest and Usury Law, sections 28-3301, *et seq.*, D.C. Code, d) the D.C. Consumer Credit Services Amendment Act, sections 28-4601, *et seq.*, D.C. Code, e) and the Home Ownership Equity Protection Act ("HOEPA"), Board Regulation Z, 12 C.F.R. section 226.

2

2.  This action seeks to reverse the fraud perpetrated by Defendants upon Plaintiffs Gavin M. Chen and Sara J. Lee.  The Defendants fraudulently, knowingly, and maliciously induced Plaintiffs to transfer title to their home for little or no consideration under the guise of extending them a loan.

3.  Defendants promised to loan Plaintiffs money, and help Plaintiffs improve their credit score.

4.  Defendants informed Plaintiffs that they were entering a program where it would hold title to the property for six months, then transfer it back to the Plaintiffs.

5.  Plaintiffs were informed that they would refinance their home.  However, Plaintiffs were not informed that they would in effect be giving away their home for a mere Twenty Thousand Dollars ($20,000.00).

## FACTS

6.  Plaintiffs needed money to stop their home from being foreclosed upon. As a result, C&O Property Solutions contacted Plaintiffs about a program to save the home from foreclosure.

7.  Plaintiffs were informed by C&O Property Solutions that due to their impaired credit score and the pending foreclosure, they would not be able to refinance their home.

8.  Carline Charles, a representative from C&O Property Solutions, explained to Plaintiffs that they would enter into a program where their home would be refinanced for six months, rebuild their credit, pay the monthly mortgage, and refinance the property again to get out the foreclosure program.

9.  Subsequently, certain individuals arrived at Plaintiffs home and provided documents for Plaintiffs to sign.

10. Sometime after this transaction, an individual arrived at Plaintiffs' home with a check in the amount of Twenty Thousand Dollar ($20,000.00).

11. After six months Plaintiffs wanted to refinance their home, but was informed by C&O Property Solution's representative, Carline Charles, that this was not the appropriate time for Plaintiffs to refinance.

3

12. Subsequently, Plaintiff Sara Lee received a call from Defendant Bell-Smith indicating that she owned the property and the mortgage payments should be paid to Ms. Bell-Smith or directly to the mortgage company.

13. Plaintiffs discovered through further investigation that Defendants took well over Two Hundred Thousand Dollars ($200,000.00) from their home. The incomplete documents include, but are not limited to, several of the following attached Exhibits:

> **Exhibit 1:** "Deed" between Plaintiffs and Defendants Jewel Bell-Smith and Darryl A. Smith dated December 28, 2005 in the District of Columbia, which fraudulently states that Defendants Jewell Bell-Smith and Darryl A. Smith paid the sum of $425,000.00 for the Plaintiffs' residence;
>
> **Exhibit 2:** HUD 1 Statement prepared by EK Settlements, dated December 28, 2005.
>
> **Exhibit 3:** "Deed of Trust" dated December 28, 2005.
>
> **Exhibit 4:** Plaintiffs' receipts of mortgage payments

14. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, willfully and intentionally concealed material facts and information from Plaintiffs herein, and these same Defendants refused to perform and failed to perform material parts of the contracts by and between the parties. As part of their fraudulent program scheme, these Defendants unlawfully induced Plaintiffs to transfer title to the property which is the subject of this proceeding, and these Defendants, jointly and severally, fraudulently and materially breached the terms and conditions of the contracts by and between the parties.

15. Defendants, jointly and severally, have a) committed acts of intentional misrepresentation (fraud) against the Plaintiffs; b) violated the D.C. Consumer Protection Act ("CPPA"), sections 28-

3901, *et seq.*, D.C. Code,  c) violated the D.C. Loan Shark Act, sections 26-901, *et seq.*, D.C. Code, d)

violated the D.C. Interest and Usury Law, sections 28-3301, *et seq.,* D.C. Code, e) violated the D.C.

Consumer Credit Services Amendment Act, sections 28-4601, *et seq.,* D.C. Code, f) and the Home

Ownership Equity Protection Act ("HOEPA") and Board Regulation Z, 12 C.F.R. section 226, g)

violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. sections 2601, *et seq.*, h)

breached their fiduciary duties, i) unlawfully converted Plaintiffs' property, j) committed injurious

falsehood, disparagement, and slander of title, k) were unjustly enrichment, l) breached their contract

with Plaintiffs, thereby also entitling Plaintiffs to m) a declaratory judgment and n) quiet title.

## PARTIES

16.  Plaintiff, Gavin Chen, is a citizen of the United States and is a current resident of the

District of Columbia.

17. Plaintiff, Sara J. Lee, is a citizen of the United States and is a current resident of the District

of Columbia.

18.  Defendant, Jewell Bell-Smith, on information and belief is a resident of the State of

Maryland. Her credit and name were used in the fraudulent transaction at issue in this claim.

19.  Defendant, Darryl A. Smith, on information and belief is a resident of the State of

Maryland. His credit and name were used in the fraudulent transaction at issue in this claim

20. Corporate Defendant EK Settlements, Inc., ("EK Settlements") is located at 10262

Baltimore National Park, Ellicot City, MD 21042. Upon information and belief, EK Settlements is not

licensed in the District of Columbia.

21.  Corporate Defendant, Mortgage Star, Inc. ("Mortgage Star"), is a mortgage brokerage

company with its principal place of business at 7735 Old Georgetown Road, Bethesda, MD 20814.

22. Corporate Defendant, Pinnacle Financial Corporation ("Pinnacle"), is a mortgage brokerage company with its principal place of business at 4102 S. 31st Street, Temple Texas 76542. Upon information and belief, Pinnacle is not licensed in the District of Columbia.

23. Corporate Defendant C&O Property Solutions, ("Property Solutions") is located at 14625 Baltimore Avenue #185, Laurel, Maryland 20707. Upon information and belief, Property Solutions is not licensed is the District of Columbia.

<u>**COUNT ONE**</u>

**(FRAUD—ALL Defendants)**

24. Defendant Property Solutions contacted Plaintiffs to discuss a way to prevent the foreclosure.

25. Defendant Property Solutions represented to Plaintiffs that it could obtain funds for Plaintiffs to improve their credit score and stop the pending foreclosure.

26. Defendant Property Solutions proposed a plan where Plaintiffs would refinance their home, improve their credit and have the ability to refinance after six months.

27. Defendant Property Solutions knew when it presented the plan to the Plaintiff that the arrangement proposed would place Plaintiffs in jeopardy of losing their home.

28. Defendant Property Solutions never informed Plaintiffs that transferring title to their home that there would be any difficulty re-gaining their home.

29. Plaintiffs never attended a settlement, but received a check for Twenty Thousand Dollars ($20,000.00).

30. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles and their

affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and fraud in preparing and recording the noted documents.

31. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles defrauded Plaintiffs by stealing their money, title, and equity in their residence.

32. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, at a minimum, received Two Hundred Thousand Dollars ($200,000.00), in cash to themselves from the Plaintiffs funds at the settlement.

33. The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants' willful, deceitful, and deliberate misrepresentations to their detriment.

34. Plaintiffs were injured as a result of Defendants' conduct and are entitled to actual and consequential damages.

35. Defendants' conduct was egregious, and was committed in wanton or willful disregard of Plaintiffs' rights, warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs respectfully request:

A. That the aforesaid "foreclosure reversal" documents all be declared null and void and of no further force and effect;

B. That the Deed dated December 28, 2005 be declared null and void and of no further effect;

C. That this Court award Plaintiffs punitive damages in the amount of $1,275.000.00 and $425,000.00 in actual damages; and

D. That this Court award all such other and further relief as, in the name of justice and in consideration of the nature of Plaintiffs' cause, it may deem just and proper.

## COUNT TWO

### (Violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code, sections 28-3901, et seq.—All Defendants)

36. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

37. The CPPA applies to all real estate transactions, including both the sale of real estate and credit transactions involving real estate.

38. Plaintiffs are "consumers" within the meaning of D.C. Code section 28-3901(a)(2).

39. The transaction between Plaintiffs Sara Lee and Gavin Chen and Defendants Jewel Bell-Smith and Darryl Smith and Pinnacle Financial is a "trade practice" within the meaning of D.C. Code section 28-3901 (a)(6).

40. Sections 28-3904(e) and (f) make it a violation for any person to misrepresent a material fact that has a tendency to mislead a consumer or fail to state a material fact if such failure tends to mislead.

41. Sections 28-3904(r) of the CPPA prohibits the making of unconscionable contracts.

42. The allegations of Count I are incorporated additionally and cumulatively as violations of the CPPA.

43. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code sections 28-3904 (e) and (f) by making misrepresentations of material facts or by failing to state material facts, as described in Count I. Defendants made these statements of fact with the knowledge that they were false or that their omission would create a false understanding.

44. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally

and through their agents, employees and affiliates, violated D.C. Code section 29-3904(r) by making

an unconscionable contract with Plaintiff in that they:

a) took ownership of Plaintiffs' home for inadequate consideration;

b) took advantage of Plaintiffs' inability to protect themselves by reason of financial infirmities;

c) transacted the said Exhibit 2 "Deed" with the knowledge that there was no reasonable probability that Plaintiffs would ever be able to repurchase their home;

45. Defendants' actions constitute unfair and deceptive practices within the meaning of the

CPPA. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and

have incurred substantial damages.

46. Defendants' said violations of the CPPA were intentional, wanton, and willful, and justify

the imposition of treble and punitive damages.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and

severally, for treble damages in the amount of $1,275,000.00, and punitive damages in the amount of

$425,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court

deems just and proper.

## COUNT THREE

**(Violation of the D.C. Loan Shark Act, D.C. Code, sections 26-901, *et seq.* – Defendants Jewel Bell-Smith, Darryl A. Smith, C&O Property Solutions, and Carline Charles)**

47. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made

again originally, and further state:

48. District of Columbia law makes it unlawful to engage in the business of loaning money at an

interest rate in excess of 6 percent without procuring a license. D.C. Code section 26-901, *et seq.*

49. Defendants Jewel Bell-Smith, Darryl A. Smith, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles made a loan or aided and abetted in making a loan to Plaintiffs and many others at rates well in excess of 6 percent.

50. At all times relevant hereto, Jewel Bell-Smith, Darryl A. Smith, C&O Property Solutions, and Carline Charles were not licensed to lend money.

51. Defendants' violations of the D.C. Loan Shark Act, D.C. Code, sections 26-901, *et seq.*, void the transaction entered into between Plaintiff and Defendants.

52. Defendants' said violations of the D.C. Loan Shark Act were intentional, wanton, and willful, and constitute unfair and deceptive practices within the meaning of the Act.

53. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and have incurred substantial damages.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT FOUR

### (Violation of the D.C. Interest and Usury Law, D.C. Code, section 28-3301 – All Defendants)

66. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

67. Defendants' failures to reveal and deliver material disclosures to Plaintiffs required in connection with the said subject transaction, as outlined in the aforesaid Count III, also violate D.C. Code section 28-3301(f)(3), thereby entitling Plaintiffs to actual and punitive damages, plus interest, costs, and attorney's fees.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT FIVE

**(Violation of the D.C. Consumer Credit Services Amendment Act, D.C. Code, sections 28-4601, *et seq.* – Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles)**

68. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and she further states:

69. The District of Columbia prohibits certain deceptive practices by those who represent that they can obtain an extension of credit by others for, or provide advice to, a consumer. D.C. Code, sections 28-4601, *et seq.*

70. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles acted as a "consumer credit service organization" by soliciting Plaintiffs, or by aiding and abetting said solicitation of Plaintiffs, to obtain an extension of credit from a third party.

71. That, as such, said Defendants violated D.C. Code, section 28-4601, *et seq.*, by, *inter alia*:

a) failing to register with the Mayor, in violation of D.C. Code, section 28-4602;

b) receiving money or other valuable consideration solely for referring Plaintiffs and others to Defendants in violation of D.C. Code section 4603(2); and

c) making and using false and misleading representations, failing to disclose material facts, and directly or indirectly engaging in acts and in a course of business designed to defraud and mislead Plaintiffs, in violation of D.C. Code, section 28-4603(4).

72.  Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles violations of the Consumer Credit Service Organizations Act entitles Plaintiffs to actual and punitive damages and reasonable attorney's fees, pursuant to section 28-4607(c).

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT SIX

### (Violation of the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. SECTION 2601 *et seq.* – All Defendants)

73.  Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

74.  The equitable mortgage transaction described above, in which Plaintiffs deeded their property to Defendant Jewel Bell-Smith and Darryl A. Smith in a loan in the amount of $425,000.00 (*Exhibit 1*) secured by a first lien on a single-family residential property, the proceeds of which should have been used (but, fraudulently, were not) to pay off Plaintiffs' mortgage.

75.  Upon information and belief, all said Defendants named herein are creditors who make or invest in (equitable) mortgage loans aggregating more than $1,000,000.00 per year.

76.  The subject equitable mortgage transaction described above is a "federally related mortgage loan" as defined in 12 U.S.C. Section 2602(1), and therefore is subject to the *Real Estate Settlement Procedures Act* ("*RESPA*"), 12 U.S.C. Section 2601 *et seq.*

77.  Each said Defendant violated *RESPA* with respect to Plaintiffs' loan transaction by: (a) giving or accepting kickbacks or other things of value to each Defendant and others in violation of 12

12

U.S.C. section 2607(a) and 24 C.F.R. section 3500.14(c); and (b) giving a portion, split, or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. Section 2607(a) and 24 C.F.R. Section 3500.14(c).

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT SEVEN

## (BREACH OF FIDUCIARY DUTY – DEFENDANTS EK SETTLEMENTS, INC., PINNACLE FINANCIAL CORPORATION, AND MORTGAGE STAR, INC.)

78. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

79. The Defendants EK Settlements, Inc., Pinnacle Financial Corporation, and Mortgage Star, Inc. owed fiduciary duties to the Plaintiffs. These duties include, but are not limited to, a duty to act in good faith for the benefit of Plaintiffs in faithfully executing duties required by the *Real Estate Settlement Procedures Act,* as well as to act in good faith and to disclose all material information.

80. All said Defendants breached their fiduciary duties to the Plaintiffs by converting Plaintiffs' money, real estate, title, and equity to their own use or to the use of their affiliates.

81. The Defendants breached their duties to Plaintiffs through self-dealing by fraudulently transferring the Plaintiffs' money, real estate, title, and equity to themselves or their affiliates.

82. As a direct and proximate result of the Defendants breach of their fiduciary duties, the Plaintiffs were damaged.

83. The Defendants breached their fiduciary duties and obligations owed to the Plaintiffs intentionally, maliciously, fraudulently and in conscious disregard of the rights of and likelihood of

economic injury to the Plaintiffs and at all times to further their own economic interest at the expense of the Plaintiffs.

84. By reason of the foregoing, the Plaintiffs have suffered damages in an amount to be determined at trial, but not less than $450,000.00 actual damages and $1,275,000.00 in punitive damages.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $450,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT EIGHT

### (Conversion – All Defendants)

84. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

85. Plaintiffs owned and had a right to possession of the proceeds of the December 2005 settlement, including the cash proceeds and closing costs associated with the mortgage. Upon information and belief, those proceeds were distributed to Defendants. The settlement funds were not disbursed for the benefit of the Plaintiffs and Defendants acted to exclude Plaintiffs' rights to the funds.

86. The assets and opportunities taken by the Defendants were intentionally taken without the agreement of Plaintiffs, without consent, permission, justification or consideration and constituted a conversion of the Plaintiffs' money, residential property and title.

87. The money, real property and title taken from the Plaintiffs by the Defendants were converted to the Defendants' use and the Defendants have made clear that they intend to sell and/or simply relinquish Plaintiffs' real property and title to third parties.

14

88. The money, real property and title converted by the Defendants had significant value at the time of conversion.

WHEREFORE, Plaintiffs demands judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT NINE

### (Injurious Falsehood, Disparagement, and Slander of Title – All Defendants)

89. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

90. An action for injurious falsehood, also known as disparagement and slander of title, requires that (1) the Defendants published a falsehood which tended to disparage the quality, ownership or rights of the Plaintiffs' property; (2) the Defendants acted with actual malice or with reckless disregard for the truth; and (3) the falsehood played a material and substantial part in inducing others not to deal with the Plaintiffs, and that as a result the Plaintiffs suffered special damage.

91. On or about December 2005 Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property.

92. Defendants acted with malice and reckless disregard for the truth upon recording the said false deed in the name of Defendants Jewel Bell-Smith and Darryl A. Smith when Defendants knew the deed purported to remove Plaintiffs' name from the title for the subject property and Defendants knew the deed would operate to falsely attached liens on Plaintiffs' property.

93. As a result, Plaintiffs' lost title to their home and its value due to the false deed.

Wherefore, Plaintiff demands judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT TEN

### (Unjust Enrichment – All Defendants)

94. Plaintiffs, hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

95. The Defendants enjoy a benefit conferred upon them by the Plaintiffs in the form of real property, record title and/or money belonging to and/or provided by the Plaintiffs, but misappropriated by the Defendants.

96. The Defendants understood and knew that they were being unjustly enriched at the expense of Plaintiffs when they knowingly accepted the fraudulent benefit of the aforesaid real property, record title and/or money.

97. The Defendants accepted and retained the Plaintiffs' real property, record title and/or money despite having no legal or equitable claim thereto.

98. Under the circumstances, it would be inequitable for the Defendants to retain the benefit of the real property, record title and/or money they misappropriated.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

## COUNT ELEVEN

### (BREACH OF CONTRACT – DEFENDANTS EK SETTLEMENTS, INC., PINNACLE FINANCIAL CORPORATION, MORTGAGE STAR, INC., C&O PROPERTY SOLUTIONS )

99.  Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

100.  Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., did provide services to Plaintiffs and received Plaintiffs' funds at settlement.

101.  Defendants Pinnacle Financial Corporation and Mortgage Star, Inc. did not provide any services to Plaintiff, but upon information and belief received payment from Plaintiffs' funds at settlement.

102.  Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs HUD-1 Settlement Statement, and failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs as stated in the said recorded Deed.  Defendants transferred title to Plaintiffs' real property and equity to themselves or their affiliates pursuant to the said fraudulent Deed.

103.  The actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles constitute: a) a material breach of the said Deed (*Exhibit 1*), and as a direct and proximate result of Defendants' breach of these contracts Plaintiffs have suffered substantial damages.  As consideration for these said contracts, Plaintiffs paid Defendant Jewell Bell-Smith a total of $425,000.00 at settlement, as indicated by the plain wording of the parties' said Exhibit 1 Deed.

WHEREFORE, Plaintiffs respectfully request:

A.  That all said contracts be hereby declared null and void and with no further force and effect;

B. That the Deed referenced herein be declared null and void and of no
further force and effect; and.

C. That this Court hereby grant Plaintiffs judgment for actual damages in the amount of
$425,000.00, plus interest, costs, attorney's fees, and all such other and further relief
as this Court deems just and proper.

**COUNT TWELVE**
**NEGLIGENCE**
**(AGAINST EK SETTLEMENTS, INC. AND MORTGAGE STAR, INC.)**

104.  Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if
made again originally, and she further states:

105.  Defendants EK Settlements, Inc. and Mortgage Star, Inc., had a duty of due diligence to
ascertain that the transaction being performed by Defendants was not illegal or otherwise improper.
Defendants EK Settlements, Inc. and Mortgage Star, Inc. had a duty to inquire into the transaction
further because the property was occupied by the owner and could reasonably have been within the
provisions of the PHIFA.

106. Defendants EK Settlements, Inc. and Mortgage Star, Inc. owed a duty because of the fee
that the Plaintiffs paid at the settlement.

107. Defendants EK Settlements, Inc. and Mortgage Star, Inc. breached its duty because they
failed to conduct due diligence inquiries into the transactions of the Plaintiffs to determine the
legitimacy of the transaction.

108. Defendants EK Settlements, Inc. and Mortgage Star, Inc. breach of duty proximately
caused damages to the Plaintiffs that include loss of title to Plaintiffs' home, equity taken from the
Plaintiffs' home and other fees taken in the transaction.

WHEREFORE, Plaintiffs demand judgment from all said Defendants named herein, jointly and severally, for actual damages in the amount of $425,000.00, and punitive damages in the amount of $1,275,000.00, plus interest, costs, attorney's fees, and all such other and further relief as this Court deems just and proper.

### COUNT THIRTEEN
**(Declaratory Judgment, D.C. SCR Civil Rule 57 – All Defendants)**

109.  Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

110.  This declaratory judgment action is brought pursuant to D.C. SCR Civil Rule 57 for the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

111.  The aforesaid actions of the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles are unlawful in that the these Defendants have converted Plaintiffs' money, real property and title, breached contractual relations, and breached fiduciary duties.

112.  On the said December 2005 settlement date Defendant Jewel Bell-Smith fraudulently procured from Defendants a loan and first mortgage lien against Plaintiff's property in the amount of $425,000.00.

113.  There exists an actual controversy regarding a justiciable issue between the Plaintiffs and the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles within the jurisdiction of this Court, involving whether the aforesaid actions of these Defendants are unlawful, and involving the rights and responsibilities of all parties to the contracts between the Defendants and the Plaintiffs, and contracts between Defendants concerning the Plaintiffs' property.

114. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

115. Pursuant to D.C. SCR Civil Rule 57, Plaintiffs are entitled to a judgment declaring their rights and responsibilities under the contracts between the parties and further settling the legal relations of the parties.

WHEREFORE, Plaintiffs respectfully request:

A. That C&O Property Solutions' program be declared null and void and with no further force and effect;

B. That the Deed referenced herein be declared null and void and of no further force and effect;

C. That the said $425,000.00 Deed of Trust liens on the Plaintiffs' property be declared null and void and of no further force and effect;

D. Judgment vesting the subject real property title in the sole name of the Plaintiff Gavin M. Chen and Sara J. Lee;

E. Judgment declaring that Plaintiffs have absolute ownership and the right of disposition of the subject real property;

F. An injunction barring Defendants from asserting title to the subject real property by any action at law or otherwise; and

G. Award Plaintiff punitive damages in the amount of $1,275,000.00 and actual damages in the amount of $425,000.00.

## COUNT SEVENTEEN

### (Quiet Title – All Defendants)

116. Plaintiffs hereby recite and incorporate all of the aforegoing paragraphs, as fully as if made again originally, and further state:

117. Plaintiffs are in actual, constructive, peaceable physical possession of the subject real property under color of title. Defendants Jewel Bell-Smith and Darryl A. Smith deny and dispute Plaintiffs' claim of ownership and title to the subject property.

118. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles recorded or caused to be recorded a Deeds of Trust lien against the Plaintiffs' property in the amount of $425,000.00.

119. For the reasons stated above, including pursuant to the contract between the parties, the Plaintiffs claim and rightfully should have unencumbered equitable and legal title, and the right to possess the subject property.

120. Despite demand, Defendants Jewel Bell-Smith and Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles have failed and refused to tender the subject residential property, record title and money to the Plaintiffs as required by law.

121. As a direct and proximate result of the actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff respectfully requests:

A. Judgment vesting the subject real property title in the sole name of Plaintiffs Gavin M. Chen and Sara Lee

B. Judgment declaring that the said Plaintiffs have absolute ownership and the right of disposition of the subject property; and

C. A permanent injunction barring the Defendants from asserting title to the subject property by any action at law or otherwise.


**VERIFICATION BY PLAINTIFF**

I, Gavin M. Chen, verify under penalty of perjury that the allegations contained in the foregoing *Complaint for Declaratory Judgment & Other Relief* are true and correct to the best of my knowledge, information and belief:

_____

Gavin M. Chen

_____

Sarah J. Lee

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts and claims in this cause of action.

Respectfully submitted, May 5, 2008:

_____

Dawn R. Jackson
DC Bar # 485118
BAYLOR & JACKSON, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1202
Washington, D.C. 20036
Tel. (202) 332-7200
Fax (202) 833- 5033
**Counsel for Plaintiff**

# EXHIBIT 1

```
LT3-5-2006031783-1
```

D E E D

AFTER RECORDING RETURN TO:
EK SETTLEMENTS, INC.
10252 BALTIMORE NATIONAL PIKE
ELLICOTT CITY, MD 21042

This Deed, Made this 28TH day of December, 2005, by and between Gavin M. Chen and Sara

J. Lee, Grantor(s), party(ies) of the first part, and Jewell Bell-Smith and Darryl A. Smith,

Grantee(s), party(ies) of the second part.

W I T N E S S E T H :

That for and in consideration of the sum of FOUR HUNDRED TWENTY-FIVE THOUSAND

AND NO/100 ($425,000.00) Dollars, the party(ies) of the first part do hereby grant unto the

party(ies) of the second part, in fee simple, as tenants by the entirety unto the survivor of them,

his or her heirs and assigns, all that piece or parcel of land, together with the improvements,

rights, privileges and appurtenances to the same belonging, situate in the District of Columbia,

described as follows, to wit:

```
LT2-8-6-2
```

LOT NUMBERED TWENTY-SEVEN (27) IN SQUARE NUMBERED TWENTY-EIGHT
HUNDRED SIX (2806) IN A SUBDIVISION MADE BY LYNCHBURG INVESTMENT
CORPORATION OF LAND KNOWN AS "FOUTEENTH STREET TERRACE", AS PER
PLAT RECORDED IN LIBER 36 AS FOLIO 2, LESS AND EXCEPT THAT PART OF SAID
LOT NUMBERED TWENTY-SEVEN (27) CONVEYED TO THE DISTRICT OF
COLUMBIA BY DEED DATED OCTOBER 11, 1974 RECORDED OCTOBER 23, 1974 AS
INSTRUMENT NO. 24554, BEING A TRIANGLE OF THE SOUTHEAST CORNER OF
SAID LOT, MEASURING 5 FEET BY 7.07 FEET AS SHOWN ON A PLAT DATED
MARCH 14, 1974 AND RECORDED IN THE SURVEYOR'S OFFICE IN SURVEY BOOK
NUMBER 197 AT PAGE 44 IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF
COLUMBIA.
SAID PROPERTY BEING NOW KNOWN FOR ASSESSMENT AND TAXATION
PURPOSES AS LOT(S) NUBMERED 813 IN SQUARE NUMBERED 2806.

BEING the same property which, by Deed dated August 17, 1988, and recorded among the Land
Records of the District of Columbia, in Instrument No. 8800047317, was granted and conveyed
by Roger E. Johnson and Robert N. Vale unto Gavin M. Chen and Sara J. Lee.


AND the said Grantor(s) of the first part does hereby covenant to warrant specially the property
hereby conveyed and to execute such further assurances of said land as may be requisite.

WITNESS their/his/her hand and seal on the _28_ day of December, 2005 hereinbefore written.

Signed, sealed and delivered in the presence of:

_____                    _____
Witness                                     Gavin M. Chen, as attorney in fact, not a se        (seal)

_____                    _____
Witness                                     Sara J. Lee
(seal)

STATE OF _District of Columbia_
COUNTY OF _____, to wit:

I, _Ryan Andrew Iacopa_, a Notary Public in and for the State of _Maryland_, County of _Baltimore City_, do hereby certify that Gavin M. Chen, as attorney in fact, Sara J. Lee and Sara J. Lee, who is personally well known to me as a party to and who executed the foregoing and annexed Deed bearing date the _28_ day of _December_, 200_5_ personally appeared before me in said jurisdiction and acknowledged the same to be his act and deed.

WITNESS my hand and official seal this 28th day of December, 2005.

My commission Expires: 3/41 0i.

_____
Notary Public

Return to:      FK Settlements, Inc
                10262 Baltimore National Pike
                Ellicott City, MD 21042

Deed 2005026783 Fees:$5378.58
03/21/2006    11:63AM Pages 2
.Filed & Recorded in Official Records
WASH DC RECORDER OF DEEDS LARRY TODD

RECORDING              $        28.00
SURCHARGE              $         6.50
RECORDATION TAX FEE    $     4,676.06
TRANSFER TAX FEE       $     4,676.06

# EXHIBIT 2

form HUD-1 (3/86) ref Handbook 4305.2

revious editions are obsolete

## A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265 (expires 9/30/2006)    **FINAL**

B. Type of Loan

| 1. ☐FHA | 2. ☐FmHA | 3. ☒Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | 05-2434COP | 132034190 | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

TitleExpress Settlement System

| | |
|---|---|
| D. NAME OF BORROWER: | Jewel Bell-Smith |
| ADDRESS: | 5011 14th Street, Washington, DC 20011 |
| E. NAME OF SELLER: | Gavin M. Chen and Sara J. Lee |
| ADDRESS: | 5011 14th Street, Washington, DC 20011 |
| F. NAME OF LENDER: | Pinnacle Financial Corporation |
| ADDRESS: | d/b/a Tri-Star Lending Group, 2811 Technology Drive, Orlando, FL 32804 |
| G. PROPERTY ADDRESS: | 5011 14th Street, Washington, DC 20011 |
| H. SETTLEMENT AGENT: | EK Settlements, Inc., Telephone: 410-750-6062 Fax: 410-750-6091 |
| PLACE OF SETTLEMENT: | 10262 Baltimore National Pike, Ellicott City, MD 21042 |
| I. SETTLEMENT DATE: | 12/28/2005 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 425,000.00 | 401. Contract sales price | 425,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 5,724.44 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 430,724.44 | **420. GROSS AMOUNT DUE TO SELLER** | 425,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 340,000.00 | 502. Settlement charges to seller (line 1400) | 23,063.69 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff:0001137207 | 172,040.59 |
| | | Select Portfolio Servicing | |
| 205. | | 505. Payoff:5011 14st stree | 65,224.09 |
| | | Purdue, LLC | |
| 206. Amount from 2nd Loan | 80,501.38 | 506. | |
| 207. Seller Contribution | 5,945.50 | 507. Seller Contribution | 5,945.50 |
| 208. | | 508. | |
| 209. | | 509. Procurement of Release | 300.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes   10/01/05 to 12/28/05 | 306.37 | 510. City/town taxes   10/01/05 to 12/28/05 | 306.37 |
| 213. | | 513. | |
| 214. | | 514. Security Escrow | 40,004.00 |
| 215. | | 515. Property Management | 45,996.00 |
| 216. | | 516. Consultant Fee | 40,000.00 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 426,753.25 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 392,880.24 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 430,724.44 | 601. Gross amount due to seller (line 420) | 425,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 426,753.25 | 602. Less reduction amount due seller (line 520) | 392,880.24 |
| **303. CASH FROM BORROWER** | 3,971.19 | **603. CASH TO SELLER** | 32,119.76 |

revious editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

File Number: 05-2434

**FINAL    PAGE 2**

## SETTLEMENT STATEMENT

TitleExpress Settlement System

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $425,000.00 = | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $                           to | | | |
| 702. $                           to | | | |
| 703. Commission paid at Settlement | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee              % to Mortgage Star, Inc | | | 7,300.00 |
| 802. Loan Discount          0.250 % Pinnacle Financial Corporation | | | 850.00 |
| 803. Appraisal Fee         to Certifield General Appraisal         (P.O.C.) 350.00 Buyer | | | |
| 804. Credit Report         to First American Credo | | 20.00 | |
| 805. Processing Fee         to Mortgage Star, Inc | | | 595.00 |
| 806. Administration Fee         to Pinnacle Financial Corporation | | | 895.00 |
| 807. Flood Certification         to FDSI | | | 16.50 |
| 808. Wire Fee         to Pinnacle Financial Corporation | | | 35.00 |
| 809. Escrow Setup Fee         to Pinnacle Financial Corporation | | | 350.00 |
| 810. | | | |
| 811. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From    12/28/2005 to 01/01/2006      @$      69.8630 /day            4 Days | | 279.45 | |
| 902. Mortgage Insurance Premium for            to | | | |
| 903. Hazard Insurance Premium for    Annual to Nachault Agency | | 1,185.00 | |
| 904. 2nd Half 2004 Property Taxes   to Office of Tax & Revenue | | | 799.46 |
| 905. 2005 Property Taxes         to Office of Tax & Revenue | | | 1,525.23 |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | |
| 1001. Hazard Insurance         2 mo. @ $        98.75 /mo | | 197.50 | |
| 1002. Mortgage Insurance         mo. @ $          /mo | | | |
| 1003. City Property Tax         4 mo. @ $       127.10 /mo | | 508.40 | |
| 1004. County Property Tax         mo. @ $          /mo | | | |
| 1005. Annual Assessments         mo. @ $          /mo | | | |
| 1006. Aggregate Analysis Adjustment  to Pinnacle Financial Corporation | | -28.41 | 0.00 |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or closing fee         to EK Settlements, Inc. | | 350.00 | 350.00 |
| 1102. Abstract or title search         to Ifavor Abstracts & Recordings | | 203.50 | |
| 1103. Title examination         to EK Settlements, Inc. | | 485.00 | |
| 1104. Title Insurance binder         to EK Settlements, Inc. | | 50.00 | |
| 1105. Document Preparation         to EK Settlements, Inc. | | 150.00 | |
| 1106. Notary Fees         to EK Settlements, Inc. | | 95.00 | 55.00 |
| 1107. Attorney's fees | | | |
| (includes above items No:                                    ) | | | |
| 1108. Title Insurance         to Stewart Title Guaranty Company | | 1,844.00 | |
| (includes above items No:                                    ) | | | |
| 1109. Lender's Policy         340,000.00  - 866.00 | | | |
| 1110. Owner's Policy         425,000.00  - 978.00 | | | |
| 111. Procurement of Release         to EK Settlements, Inc. | | | 225.00 |
| 112. Overnight/Courier Fees         to UPS | | 95.00 | 70.00 |
| 113. Judgment/Bring to Date         to EK Settlements, Inc. | | 40.00 | 300.00 |
| **200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 201. Recording Fees Deed $47.50        ; Mortgage $ 152.50   ; Release $  100.00 | | | 300.00 |
| 202. City Transfer Tax         Deed $4,675.00   ; Mortgage $ | | | 4,675.00 |
| 203. City Recordation Tax         Deed $4,675.00   ; Mortgage $ | | | 4,675.00 |
| 204. Construction Tax         Deed $        ; Mortgage $ | | | |
| 205. Record POA         to Clerk of the Circuit Court | | | 47.50 |
| **300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 301. Survey         to Duley and Associates, Inc. | | 250.00 | |
| 302. Pest Inspection | | | |
| 303. | | | |
| 304. | | | |
| 305. | | | |
| 306. | | | |
| 307. | | | |
| 308. | | | |
| **400. TOTAL SETTLEMENT CHARGES    (enter on lines 103, Section J and 502, Section K)** | | 5,724.44 | 23,063.69 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

ARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE NITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION AN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: .S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

# EXHIBIT 3

03/27/2008 03:53 FAX                     EXECUTIVE ABSTRACTING                          ☑ 006/013

LT1-5-2005036785-1

After Recording Return To:
PINNACLE FINANCIAL
CORPORATION
2611 TECHNOLOGY DRIVE
ORLANDO, FL 32804

Prepared By:
RENEE PRICE
PINNACLE FINANCIAL
CORPORATION
2611 TECHNOLOGY DRIVE
ORLANDO, FL 32804
(407) 578-2000

Title Insurer:  Stewart Title
File #: 05-2434
Tax ID No: Square 2806, Lot 813
After Recording Return To:
EK Settlements Inc
10262 Baltimore National Pike
Ellicott City MD 21042

[Space Above This Line For Recording Data]

## DEED OF TRUST

BELL-SMITH
Loan #: 1720034195
PIN: 3344-0113
MIN 100042701320341557

THIS DEED OF TRUST is made this 28TH day of DECEMBER, 2005, among the Grantor, JEWEL BELL-SMITH JOINED BY HER SPOUSE DARRYL A. SMITH (herein "Borrower"), EK Settlements Inc. (herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. PINNACLE FINANCIAL CORPORATION D/B/A TRI-STAR LENDING GROUP, ("Lender") is organized and existing under the laws of FLORIDA, and has an address of 2611 TECHNOLOGY DRIVE, ORLANDO, FL 32804.

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the District of Columbia:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.
which has the address of 5011 16TH STREET NW, WASHINGTON, Washington, D.C. 20011 (herein "Property Address"):

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated DECEMBER 28, 2005 and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $85,000.00, with interest thereon providing  or monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on JANUARY 1, 2021: the payment of all

DISTRICT OF COLUMBIA SECOND MORTGAGE-1/80-FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
      474.22                                     Page 1 of 8

LT2-0-8-13

2/21

## Exhibit A

LOT NUMBERED TWENTY-SEVEN (27) IN SQUARE NUMBERED TWENTY-EIGHT HUNDRED SIX (2806) IN A SUBDIVISION MADE BY LYNCHBURG INVESTMENT CORPORATION OF LAND KNOWN AS "FOURTEENTH STREET TERRACE", AS PER PLAT RECORDED IN LIBER 36 AS FOLIO 2, LESS AND EXCEPT THAT PART OF SAID LOT NUMBERED TWENTY-SEVEN (27) CONVEYED TO THE DISTRICT OF COLUMBIA BY DEED DATED OCTOBER 11, 1974 RECORDED OCTOBER 23, 1974 AS INSTRUMENT NO. 24554, BEING A TRIANGLE OF THE SOUTHEAST CORNER OF SAID LOT, MEASURING 5 FEET BY 7.07 FEET AS SHOWN ON A PLAT DATED MARCH 14, 1974 AND RECORDED IN THE SURVEYOR'S OFFICE IN SURVEY BOOK NUMBER 197 AT PAGE 44 IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA.
SAID PROPERTY BEING NOW KNOWN FOR ASSESSMENT AND TAXATION PURPOSES AS LOT(S) NUBMERED 813 IN SQUARE NUMBERED 2806.

133034195

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon
Rider.

‾ BORROWER - JEWEL DEAN SMITH - DATE -

12-28-05

DARRYL X. SMITH - DATE -

BALLOON RIDER-MULTISTATE (01/97)
WE?    1210.21                          Page 2 of 2

Date: DECEMBER 28, 2005

Borrower(s): JEWEL BELL-SMITH

Property Address: 5011 14TH STREET NW, WASHINGTON, DC 20011

## PREPAYMENT PENALTY RIDER

BELL-SMITH
Loan #: 132034193
MIN: 100063701310341957

(Do not sign this rider before you read it. This security instrument rider provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.)

THIS PREPAYMENT PENALTY RIDER IS MADE THIS 28TH day of DECEMBER, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to PINNACLE FINANCIAL CORPORATION D/B/A TRI-STAR LENDING GROUP.

ADDITIONAL COVENANTS: Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment". When I make a Prepayment, I will tell the Note Holder in writing that I am doing so.

Subject to the Prepayment Penalty specified below, I may make a full Prepayment or partial Prepayment of my obligation. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Before the expiration of the 24-month period ("Penalty Period") a penalty in an amount equal to 2

D: Prepayment Penalty Rider 2nd
     4107 13                                    Page 1 of 2

 

File:    LT1-5-2006003876-1                      LT2-6-8-2

## ASSIGNMENT OF TAX CERTIFICATE

KNOW ALL MEN BY THESE PRESENTS that:

MASON DIXIE TAX SALE, the undersigned tax sale purchaser, for value received does hereby assign unto:

| Assignee: | DC Tax Services, LLC |
|-----------|----------------------|
| Address: | 3723 Old Conn Road, Ste 206 |
| | Baltimore, MD 21208 |
| Tel. No.: | 410-580-0100 |

all of its right, title and interest in and to the attached Certificate of Tax Sale, the interest in the payment

of other taxes and liabilities (subsequent to us), purchased at the District of Columbia Tax Sale on July

15, 2006, for the property located at SQUARE 2806, LOT 0813, otherwise known as: 5011 14TH ST,

NW with the following legal description:

Lot numbered Twenty-Eight Hundred Six (2806) in a subdivision made by Lynchburg Investment Corporation of land known as "Fourteenth Street Terrace", as per plat recorded in Liber 36 at folio 2... Less and except that part of said Lot numbered Twenty-Seven (27) conveyed to the District of Columbia by deed dated October 11, 1974 recorded October 25, 1974 as Instrument No. 24334, being a triangle of the Southeast corner of said Lot, measuring 5 feet by 7.07 feet as shown on a plat dated March 14, 1974 and recorded in the Surveyor's Office in Survey Book numbered 197 at page 44 int eh Office of the Surveyor for the District of Columbia.

WITNESS the due execution of this Assignment this 3rd day of January, 2006.

Witness                                      By:

                                             Name: Steve Berman

                                             Title: Member

                                             For: Mason Dixie Tax Sale

                                             By:

                                             Name: Richard Berman

                                             Title: Member

                                             For: DC Tax Services, LLC

STATE OF MARYLAND              )

COUNTY OF BALTIMORE           )

The foregoing instrument was acknowledged, subscribed and sworn to by Steve Berman on behalf of Mason Dixie Tax Sale and Richard Berman, on behalf of DC Tax Services, LLC, before me Samantha Davis a notary public, on this 3rd day of January, 2006.

                                             Print Name: Samantha Davis

                                             NOTARY PUBLIC

                                             My Commission Expires: 8/11/2009

Notary Seal:

03/27/2008 03:55 FAX                    EXECUTIVE ABSTRACTING                         @012/013

GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF THE CHIEF FINANCIAL OFFICER - OFFICE OF TAX AND REVENUE

941 NORTH CAPITOL STREET, NE, WASHINGTON, DC 20002

*121*

CERTIFICATE OF SALE FOR TAXES

I, Nancy E.Tucker , acting under authority of the Chief Financial Officer (CFO) of the District of Columbia, certify that on July 15, 2005 , the real property described as Square 2806 , Suffix _____ , Lot 0813 , and assessed to GAVIN CHEN was offered at public tax sale for the sum of Seven Hundred Nine Dollars and 14/100 for the periods and amounts of taxes and costs, to wit:

| | |
|---|---|
| | 567.31 |
| Taxes due for the tax year ended September 30, 2004 | 141.83 |
| Penalties and interest thereon | 0.00 |
| Penalties for Defective Checks | 0.00 |
| Advertising | 0.00 |
| Water and Sewer | 0.00 |
| Public Space          RECORDING SURCHARGE   $  20.00 | 0.00 |
| Clean City Fee                            $   6.50 | 0.00 |
| Special Assessment | 0.00 |
| Mental Health | 0.00 |
| DCRA | 0.00 |
| New York Avenue          Doc# 2008053578 Fees:$26.50 04/24/2006  12:31PM Pages 2 | 0.00 |
| MTB          Filed & Recorded in Official Records WASH DC RECORDER OF DEEDS LARRY TODD | 0.00 |
| Vacant & Abandoned | 0.00 |
| Title Search Fee and Recording Fee | 709.14 |
| Amount for which sold, less surplus | 14,000.00 |
| Surplus | 14,709.14 |
| Total amount for which sold | 14,709.14 |

I further certify that on July 15, 2005 , with the amounts specified above totaling $ 14709.14 (including surplus) , I sold to MASON DIXIE TAX SALE the said real property for the sum of Seven Hundred Nine Dollars and 14/100 . plus surplus in the amount of Fourteen Thousand Dollars and 00/100 The real property described in this certificate is subject to redemption.

On redemption, the purchaser will be refunded the sums paid on account of the purchase price, together with interest thereon at the rate of 18% per annum (1½% per month) from the date the real property was sold to the date of redemption; provided, that the purchaser shall not receive interest on any surplus. On redemption, the purchaser shall also receive expenses permitted by Chapter 13A of Title 47 of the D.C. Code, 2001 Ed., that may have been collected by the CFO. Before a deed can be delivered to the purchaser, all taxes as defined in Chapter 13A with interest thereon, and including taxes with interest thereon for years for which the District or a third party purchased the real property at any tax sale and expenses reimbursable under Chapter 13A, shall be paid to the D.C. Treasurer except as provided in D.C. Code, 2001 Ed. § 47-1361(b).

After January 15, 2006 , an action can be brought to foreclose the right of redemption in the real property. This certificate will be void unless such an action is brought and diligently pursued within one year from the date of this certificate. If this certificate becomes void as provided in D.C. Code, 2001 Ed. § 47-1355, all monies paid for the real property will be forfeited to the District. An assignee of this certificate shall notify the CFO within 30 days of the assignment and provide to the CFO the assignee's name, address, and telephone number.

Given under my hand and official seal, this 10th day of August, 2005.

Nancy E.Tucker

Chief, Assessment Services Division



File:

## CORRECTIVE ASSIGNMENT OF TAX CERTIFICATE

KNOW ALL MEN BY THESE PRESENTS that:

WHEREAS, MASON DIXIE TAX SALE, the undersigned tax sale purchaser and hereinafter referred to as "assignor", assigned unto:

| Assignee: | District Tax Services, LLC |
|-----------|----------------------------|
| Address: | 3723 Old Court Road, Ste 206, Baltimore, MD 21208 |
| Tel. No.: | 410-580-0100 |
| EIN No.: | 20-3283259 |

all of its right, title and interest in and to the attached Certificate of Tax Sale, the interest in the payment of other taxes and liabilities (subsequent taxes), purchased at the District of Columbia Tax Sale on July 15, 2006, for the property located at SQUARE 2806, LOT 0813, otherwise known as: 5011 14TH ST, NW with the following legal description:

Lot numbered Twenty-Eight Hundred Six (2806) in a subdivision made by Lynchburg Investment Corporation of land known as "Fourteenth Street Terrace", as per plat recorded in Liber 36 at folio 2... Less and except that part of said Lot numbered Twenty-Seven (27) conveyed to the District of Columbia by deed dated October 11, 1974 recorded October 25, 1974 as Instrument No. 24334, being a triangle of the Southeast corner of said Lot, measuring 5 feet by 7.07 feet as shown on a plat dated March 14, 1974 and recorded in the Surveyor's Office in Survey Book numbered 197 at page 44 in the Office of the Surveyor for the District of Columbia.

WHEREAS, District Tax Services, LLC was the correct assignee as of __January 3, 2006;__ and

WHEREAS, Assignor filed an Assignment of Tax Sale with the Recorder of Deeds as Instrument No. 2006053576; and

WHEREAS, Assignor incorrectly identified the assignee as "DC Tax Services, LLC"; and

WHEREAS, Assignor desires to correct Instrument No. 2006053576, to reflect the correct assignee District Tax Services, LLC.

WITNESS the due execution of this Corrective Assignment this ___ day of __January__, 2007.

Witness: _____

By: _____

Name: __Steve Berman__

Title: __Member__

For: Mason Dixie Tax Sale

By: _____

Name: __Richard Berman__

Title: __Member__

For: District Tax Services, LLC

Doc# 2007010000 Fees:$26.50
02/05/2007   3:55PM Pages 1
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD

RECORDING          $      20.00
SURCHARGE          $       6.50

STATE OF MARYLAND          )

COUNTY OF BALTIMORE        )

The foregoing instrument was acknowledged, subscribed and sworn to by __Steve Berman__ on behalf of Mason Dixie Tax Sale and __Richard Berman__, on behalf of District Tax Services, LLC, before me __Chantell Thomas__ a notary public, on this ___ day of __January__, 2007.

Chantell M. Thomas

Print Name: __Chantell M. Thomas__

NOTARY PUBLIC

My Commission Expires: 9/15/09

Notary Seal:

CHANTELL M. THOMAS
Notary Public
State of Maryland
Baltimore County
My Commission Expires September 15, 2009

# EXHIBIT 4



2028335033

03-27-08:13:44

# 3/ 13

945

DO NOT USE
FOR REORDERING

NOT NEGOTIABLE

DO NOT USE FOR REORDERING

920

1/12/06

a.a. Property Solutions

One Thousand Nine Hundred 00

1900.00

NOT NEGOTIABLE

THIS NOT NEGOTIABLE



NOT NEGOTIABLE





NOT NEGOTIABLE

NOT NEGOTIABLE

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Sara J. Lee, et al.

vs

Jewell Bell-Smith, et al

Case Number: _____

Date: 5/12/08

| | |
|---|---|
| Name: *(please print)* Dawn R. Jackson, Esq. | Relationship to Lawsuit<br>☒ Attorney for Plaintiff |
| Firm Name: Baylor & Jackson, P.L.L.C. | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.: (202) 332-7200    Six digit Unified Bar No.: A85118 | |

TYPE OF CASE:  ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury
Demand:$ _____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

**NATURE OF SUIT:**  *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☒ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury – (Not
   Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

# INFORMATION SHEET,     Continued

| D. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien |     Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act (OEA) |     Over $25,000 |
|     Under $25,000 Pltf. |     (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
|     Grants Consent | ☐ 18 Product Liability |     Award (Collection Cases Only) |
| ☐ 08 Quite Title | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants |     Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
|     DC Code § 11 -941 |     (D.C. Co  de § 16-4315) | |
| II. | | |
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as |     [Rule 28 -I (b)] |
| ☐ 13 Correction of Birth Certificate |     Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage |     2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
|     Certificate | ☐ 20 Master Meter (D.C. Code § |     (Perpetuate Testimony) |
| |     42 -3301, et seq.) | |

_D. Jackson_
Attorney's Signature

_5/12/08_
Date





U.S. POSTAGE
PAID
WASHINGTON,DC
20035
MAY 19 08
AMOUNT
**$7.26**
00054237-16

20005

0000

7006 2150 0002 3904 4296

# Baylor & Jackson, P.L.L.C.

1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036

Tel: (202) 332-7200
Fax: (202) 833-5033

Mortgage Star, Inc.
**SERVE ON:**
Business Filing Corporation
1015 15th Street, NW, Suite 1000
Washington, DC 20005

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GAVIN M. CHEN                  :
5011 14th St. N.W.            :
Washington, D.C. 20011      :
                                :
and                              :
                                :
SARA J. LEE                   :
5011 14th St. N.W.            :
Washington, D.C. 20011      :
                                :

         **Plaintiffs**          :

                                : Civil Action No. 2008-3600
v.                              : Calendar No. 7
                                : Hon. Natalia Combs Green
JEWELL BELL-SMITH       : Next Date: September 5, 2008
9403 Pineview Ln.           : Initial Conference
Clinton, MD 20785          :
                                :
and                              :
                                :
DARRYL A. SMITH         :
9403 Pineview Ln.           :
Clinton, MD 20785          :
                                :
and                              :
                                :
EK SETTLEMENTS, INC.     :
10262 Baltimore National Park    :
Ellicott City, MD 21042       :
                                :
and                              :
                                :
PINNACLE FINANCIAL CORP.   :
4102 S. 31ST St.             :
Temple, TX 76542           :
                                :
and                              :
                                :
MORTGAGE STAR, INC.      :
9901 Belward Campus Dr., Suite 125   :
Rockville, MD 20850        :
                                :
and                              :

**EXHIBIT**
*B*

C & O PROPERTY SOLUTIONS      :
1465 Baltimore Ave., Suite 185      :
Laurel, MD 20707      :
     :
and      :
     :
CAROLINE CHARLES      :
14625 Baltimore Ave., Suite 185      :
Laurel, MD 20707      :
     :
        Defendants.      :

## NOTICE OF FILING OF NOTICE OF REMOVAL

     **PLEASE TAKE** notice that on June 10, 2008, MortgageStar, Inc., a Defendant in the above-entitled action, filed a Notice of Removal, copies of which are attached hereto, of the above-entitled action to the United States District Court for the District of Columbia.

     You are also advised that Defendant, on filing such Notice of Removal in the office of the Clerk of the United States District Court for the District of Columbia, also filed copies of it with the Clerk of this Court to effect removal pursuant to 28 U.S.C. § 1446(e).

Dated: June 10, 2008                 Respectfully submitted,

                                 **BONNER KIERNAN TREBACH & CROCIATA, LLP**

                                 _____
                                 Alan S. Block, Esq., D.C. Bar No. 431010
                                 Heather S. Deane, Esq. D.C. Bar No. 471834
                                 Attorney for Defendant Mortgage Star, Inc.
                                 1233 20th Street, N.W., Suite 800
                                 Washington, DC 20036
                                 Telephone (202) 712-7000
                                 Facsimile (202) 712-7100
                                 hdeane@bktc.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Filing of Notice of Removal, was served via first-class mail, postage prepaid, this 10th day of June, 2008 on:

Brynee K. Baylor, Esq.
Dawn P. Jackson, Esq.
Baylor & Jackson, PLLC
1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036
Counsel for Plaintiffs

Jewell Bell-Smith
9403 Pineview Ln.
Clinton, MD

Darryl A. Smith
9403 Pineview Ln.
Clinton, MD

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

Pinnacle Financial Corporation
4102 S. 31st St.
Temple, TX 76542

C&O Property Solutions, LLC
14625 Baltimore Ave. #185
Laurel, MD 20707

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707

_____
Heather S. Deane

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAVIN M. CHEN and | : |
| SARA J. LEE, | : |
| | : |
| **Plaintiffs,** | : |
| v. | : |
| | : |
| JEWELL BELL-SMITH, DARRYL A. | : |
| SMITH, EK SETTLEMENTS, INC., | : |
| PINNACLE FINANCIAL CORP., | : |
| MORTGAGE STAR, INC., C&O | : |
| PROPERTY SOLUTIONS, and | : |
| CAROLINE CHARLES | : |
| | : |
| **Defendants.** | : |

## PETITION FOR REMOVAL

COMES NOW Petitioner, MortgageStar, Inc. (hereinafter "Defendant MortgageStar, Inc." or "Petitioner"), by and through its counsel, Bonner Kiernan Trebach & Crociata, LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes to this Court an action pending in the Superior Court for the District of Columbia. The grounds for this Removal are set forth below.

1.     On or about May 13, 2008, Plaintiffs Gavin M. Chen and Sara J. Lee (hereinafter "Plaintiffs"), filed an action in the Superior Court for the District of Columbia, entitled CHEN, et al. v. BELL-SMITH, et al., Case No. 08-CA-3600. Defendant was served via U.S. Mail on or about May 21, 2008. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Notice of Service of, as well as all other papers served on Defendant with the Complaint, are attached hereto and incorporated herein as Exhibit "A".

2.     Plaintiff's Complaint alleges a violation of the Real Estate Settlement and Procedures Act, 12 U.S., § 2601, et seq., as well as claims under D.C. statutory and common law.

3.     Plaintiffs are individuals who reside in the District of Columbia. *See,* Complaint at ¶¶ 16-17.

4.     Defendant MortgageStar, Inc. is a Maryland corporation with its principal place of business in Rockville, Maryland.

5.     Upon information and belief, Defendants Jewell Bell-Smith and Darryl A. Smith are individuals who reside in the State of Maryland.

6.     Upon information and belief, Defendant EK Settlements, Inc. is a Maryland corporation with its principal place of business in Ellicott City, Maryland.

7.     Upon information and belief, Defendant Pinnacle Financial Corp. is a Florida corporation with its principal place of business in Orlando, Florida.

8.     Upon information and belief, Defendant C & O Property Solutions is a Maryland limited liability company.

9.     Upon information and belief, Defendant Caroline Charles is an individual who resides in the state of Maryland.

10.    This civil action involves a dispute between parties of diverse jurisdictions and the amount in controversy exceeds $75,000.

11.    This civil action is subject to the original jurisdiction of the District Court of the United States pursuant to 28 U.S.C. §§ 1332 and 1441.

12.    According to the Affidavits of Service and Summons filed by the Plaintiff, three Defendants – EK Settlements, Inc., MortgageStar, Inc. and C&O Property Solutions – have been served with a copy of the Summons and Complaint in this matter.

13.    However, upon information and belief, the addresses for Defendants EK Settlements, Inc. and C&O Property Solutions identified in Plaintiffs' Complaint are incorrect.

14.    Further, upon information and belief, Defendants EK Settlements, Inc. and C&O Property Solutions no longer conduct any business and may, in fact, be defunct entities.

15.    Defendant MortgageStar, Inc. has exercised due diligence in attempting to contact Defendants EK Settlements, Inc. and C&O Property Solutions in order to obtain their consent for removal of this matter.  Defendant tried to contact these parties at the addresses listed, utilized address and phone directories, and searched for updated information through the Maryland Department of Assessments and Taxation Taxpayer Services Data Search website. Despite these attempts, Defendant has been unable to contact and obtain the consent of Defendants.

16.    Defendant MortgageStar, Inc. will continue its efforts to obtain the unanimous consent of all of the served Defendants and will supplement this Petition when information becomes available.

17.    The Clerk of the Superior Court of the District of Columbia has been notified of this removal by contemporaneously filing a Notice of Filing a Notice of Removal to the Clerk of the Court.  A copy of the Notice of Removal to the Clerk is attached hereto as Exhibit B.

18.    No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendant.

WHEREFORE, Petitioner prays this case be removed to the United States District Court for the District of Columbia.

Dated:  June 10, 2008

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

Alan S. Block, Esq., D.C. Bar No. 431010
Heather S. Deane, Esq. D.C. Bar No. 471834
Attorney for Defendant Mortgage Star, Inc.
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
hdeane@bktc.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Petition for Removal, was served via first-class mail, postage prepaid, this 10th day of June, 2008 on:


Brynee K. Baylor, Esq.
Dawn P. Jackson, Esq.
Baylor & Jackson, PLLC
1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036
Counsel for Plaintiffs

Jewell Bell-Smith
9403 Pineview Ln.
Clinton, MD

Darryl A. Smith
9403 Pineview Ln.
Clinton, MD

EK Settlements, Inc.
10262 Baltimore National Pike
Ellicott City, MD 21042

Pinnacle Financial Corporation
4102 S. 31st St.
Temple, TX 76542

C&O Property Solutions, LLC
14625 Baltimore Ave. #185
Laurel, MD 20707

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707



_____
Heather S. Deane

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

Case 1:08-cv-00999-JR     Document 1-5     Filed 06/11/2008     Page 1 of 2

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gavin M. Chen, et al. | Mortgagestar, Inc., et al |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF <u>Washington, DC</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT <u>Clinton, Maryland</u><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Brynee K. Baylor, Esq., Dawn P. Jackson, Esq.; Baylor & Jackson; 1025 Connecticut Avenue, NW, Suite 1202, Washington, DC 20036 | Alan S. Block, Esq.; Heather S. Deane, Esq.; Bonner Kiernan Trebach & Crociata, LLP; 1233 20th Street, NW, Suite 800; Washington, DC 20036 (202) 712-7000 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

- ☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights<br>Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-<br>Employment<br>☐ **446** Americans w/Disabilities-<br>Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of<br>Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ **1** Original
Proceeding  ◉ **2** Removed
from State
Court  ○ **3** Remanded from
Appellate Court  ○ **4** Reinstated
or Reopened  ○ **5** Transferred from
another district
(specify)  ○ **6** Multi district
Litigation  ○ **7** Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 1332

**VII. REQUESTED IN
COMPLAINT**    CHECK IF THIS IS A **CLASS
ACTION** UNDER F.R.C.P. 23     **DEMAND $** [_____]    Check YES only if demanded in complain

**JURY DEMAND:**    YES ☒    NO ☐

**VIII. RELATED CASE(S)
IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

**DATE** June 10, 2008    **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II.**

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.