IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAVIN M. CHEN, et al. | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.:1:08-CV-00999-JR |
| | : |
| EK SETTLEMENTS, INC., et al. | : |
| | : |
| Defendant | : |

## **MOTION TO DISMISS**

COMES NOW, EK Settlements, Inc., through counsel, Erik H. Nyce and the law firm of DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, hereby requests the Court dismiss this Complaint under Fed. R. Civ. P. Rules 12(b) (6) & 56, as Gavin M. Chen and Sara J. Lee (hereinafter, "the Plaintiffs") has failed to state any claim against EK Settlements, Inc. upon which relief may be granted. The reasons for this motion are set forth in greater particularity in the accompanying Memorandum of Points and Authorities in Support of EK Settlements' Motion to Dismiss.

    Respectfully submitted,

    DeCARO, DORAN, SICILIANO,
    GALLAGHER & DeBLASIS, LLP

    ____/s/erik h. nyce_____
    Erik H. Nyce (DC Bar 422164)
    4601 Forbes Boulevard, Suite 200
    Lanham, Maryland 20706
    301/306-4300
    Fax:  301/306-4988
    enyce@decarodoran.com
    Attorneys for Defendant, EK Settlements, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 2nd day of July, 2008, a copy of the foregoing document was forwarded via e-filing, to:

Dawn R. Anderson-Jackson, Esquire
BAYLOR & JACKSON, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
*Counsel for Plaintiffs*

Heather S. Deane, Esquire
BONNER KIERNAN TREBACH &
 CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
*Counsel for Defendant, Mortgage Star, Inc.*

And via regular mail, postage prepaid to:

Jewell Bell-Smith
9403 Pineview Lane
Clinton, Maryland 20785

Darryl A. Smith
9403 Pineview Lane
Clinton, Maryland 20785

Pinnacle Financial Corporation
4102 S. 31st Street
Temple, Texas 76542

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, Maryland 20707

Caroline Charles
14625 Baltimore Avenue #185
Laurel, Maryland 20707

                                         /s/erik h. nyce
                                         Erik H. Nyce
                                         Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAVIN M. CHEN, et al. | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.:1:08-CV-00999-JR |
| | : |
| EK SETTLEMENTS, INC., et al. | : |
| | : |
| Defendant | : |

### EK SETTLEMENTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, EK Settlements, Inc., through counsel, Erik H. Nyce and the law firm of DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, hereby requests the Court dismiss this Complaint under Fed. R. Civ. P. Rules 12(b) (6) as plaintiffs have failed to state any claim against EK Settlements, Inc. (EK Settlements) upon which relief may be granted.

**I.     Preliminary Statement**

Plaintiffs Gavin M. Chen and Sara J. Lee filed the above captioned case alleging fraud, violation of the DC Consumer Protection Procedures Act, §28-3901, *et seq*., violation of the DC Loan Shark Act, §26-901, *et seq*., DC Interest and Usury Law, §28-3301, *et seq*., DC Consumer Credit Services Amendment Act §28-4601, Home Ownership Equity Protection Act and Board Regulation Z, 12 CFR 226 g, the Real Estate Settlement Procedures Act, 12 USC, §2601, *et seq*., breach of fiduciary duty, conversion, slander, unjust enrichment,  breach of contract, declaratory judgment, and quiet title.  For the following reasons, under Rule 9 (b) and Rule 12 (b)(6), this Defendant respectfully requests Plaintiff's claims be dismissed with prejudice or that summary judgment be granted pursuant to Rule 56.  An affidavit of Sandy Kim, EK Settlements, Inc. is

attached.

## II. Plaintiffs' Fraud Count (Count One) Fails to State a Claim Against EK Settlements, Inc.

The allegations against EK Settlements are conclusory and without specific details from which fraud may be established. It is alleged that EK Settlements conducted the settlement with respect to the real estate transactions. That settlement is then transmuted into a conspiracy or fraudulent scheme to deprive plaintiffs of the equity in their home.

> The components in this jurisdiction of a successful common law fraud claim are well-settled[.] Fraud is never presumed and must be particularly pleaded. It must be established by clear and convincing evidence, which is not equally consistent with either honesty or deceit. The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation.

*Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Services, Inc.,* 878 A.2d 1226, 1233 (D.C. 2005).

The plaintiffs failed to plea with any particularity the elements of fraud and how, if at all, EK Settlements was alleged to have committed fraud. To plead fraud, the Plaintiff must a comply with Rule 9. Rule 9 (b) states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Fed. R. Civ. P. 9(b).

The Plaintiffs fail this requirement absolutely. Plaintiffs' charge makes insufficient attempts at general and conclusory allegations. Plaintiff alleges errors in settlement forms but fails to specify what information was incorrect. The few allegations in which facts are alleged

fail to specify what EK Settlements did which was unlawful.  The Complaint concludes that the actions of EK Settlements are *in pari materia* with those of other defendants without any support.  The Complaint fails to set forth the transactions of EK Settlements independent of the other defendants.  The allegations, ¶¶2-12, have nothing to do with EK Settlements.   Allegation ¶13 indicated that EK Settlements prepared a HUD-1,  which is a lawful act.   The Complaint seems to suggest that the duty of a settlement company encompasses the entire transaction and intent of the parties.  There is no such support under DC law for such an inference.  The only logical inference is that the contracts had been executed prior to settlement.  The fraud count does not specify with respect to EK Settlements who said what, when, where or how, if at all, that was relied upon by the plaintiffs.

The allegations that EK Settlements  "stole" equity from the plaintiffs, ¶¶31 & 32 are conclusory and should be stricken from the pleadings.  The HUD-1 at lines 1101, 1103, 1104, 1105, & 1106 shows that EK Settlements received ordinary reasonable and necessary fees of $1,130.00 from the settlement.  There is no suggestion that those fees were illegal, disproportionate, or improper.   There are no factual allegations, and there are no facts, that EK Settlements received any of the allegedly "stolen equity," nor does their role in the transaction support any factual allegations.

Because Plaintiff's charge fails to allege specific acts constituting fraud, as required under Rule 9 (b), it must be dismissed.

### III.  Count Two, Violation of the Consumer Protection Procedures Act should be dismissed as it fails to state a claim against EK Settlements, Inc.

The plaintiffs have failed to plead any acts of EK Settlements which would constitute a

violation of the DC Consumer Protection Procedures Act, §28-3901, *et seq*[1]. The arguments are similar to the arguments with respect to Count One, Fraud. The salient allegations with respect to EK Settlements, ¶¶43 & 44, do not state any factual basis for imposition of the act or violation of the act.

**IV.    Counts Three & Four should be dismissed against EK Settlements.**

EK Settlements is not named in Count Three but is included in Count Four which adopts the allegations in Count Three. While this may be an oversight, Count Four is not applicable as a matter of law to EK Settlements and should be dismissed. EK Settlements did not extend credit, enter into any contracts for credit and was not a lender under DC Interest and Usury Law, §28-3301(f)(3).

This claim also fails for specificity.

**V.    Count Five should be dismissed against EK Settlements.**

For the reasons stated with respect above and those which are apparent, the DC Consumer Credit Services Amendment Act §28-4601 does not apply to this defendant. There are no facts which are alleged, or which can be alleged, that transmute EK Settlements into a "Consumer Credit Service Organization."

**VI.    Plaintiff's RESPA Claim (Count Six) Fails to State a Claim Against EK Settlements, Inc.**

Plaintiffs' claims are riddled with factual and legal conclusions.

Again, the plaintiffs suggest that EK Settlements is a creditor (¶75) which is not accurate

---

[1] EK Settlements does not concede for the purposes of the litigation that the Act applies but only for the purposes of this Motion.

under the plaintiff's own allegations in the Complaint. The use of the qualifying phrase "Upon information and belief..." is a tacit acknowledgment of the inaccuracy of this unsupported statement. Paragraph 77 further suggests that EK Settlements received "kickbacks" with respect to this transaction. The HUD-1 which plaintiff attached and incorporated into its Complaint undermines this assertion. This allegation fails on the face of the complaint.

Further, these allegations fail for specificity. As to the particular allegations of the RESPA violations, the Defendant would need to know with reasonable specificity:

1. What document, identified by specificity, and or a copy attached, was given, and why that document is defective.

2. What was not given to the Plaintiff and specifically what statute, rule or regulation required it be given.

In this count, Plaintiff references RESPA § 8 (a), 12 U.S.C. § 2607 (a), which states:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

Plaintiff's allegation contains no factual support regarding kickbacks, improper fees or items of value exchanged for referral. Plaintiff's complaint against EK Settlements, Inc. for RESPA violations is entirely insufficient and fails to state a claim upon which relief can be granted and must be dismissed.

## VII. The Complaint, Counts Seven, Eight, Nine, Ten, and Eleven, fail to State a Claim Against EK Settlements, Inc.

These counts are conclusory and fail to state claims upon which relief may be granted. The counts in turn mischaracterize the transactions and the legal duties of care of EK

Settlements.

**Count Seven** fails because there is no recognized "fiduciary duty" on behalf of EK Settlements as alleged in the Complaint. Plaintiffs' attempt to incorporate RESPA duties fail because there are no RESPA duties which have been alleged or factually demonstrated to have been violated by this defendant. The bold allegations of conversion and self-dealing have been previously addressed by this defendant.

**Count Eight** fails because there was no conversion by EK Settlements. This has been discussed above. The lack of conversion is demonstrated by the Complaint itself and further corroborated by the defendants's affidavit.

**Count Nine** theorized that the deed, which was entered into by the parties, effects a disparagement on the plaintiffs' title to the property. Besides the logical inconsistency of this argument is the fact that EK Settlements's role in this transaction was limited. EK Settlements does not claim any interest in the property nor does it make any representations as to title. This claim is conclusory, not actionable and fails to state a claim upon which relief may be granted.

**Count Ten** fails because there was no "enrichment" by EK Settlements nor is it alleged that the alleged enrichment was "unjust" or otherwise illegal. This claim speaks to the "equity" issue of which this defendant did not play a part. This has been discussed above and is demonstrated by the Complaint itself and further corroborated by the defendants's affidavit.

**Count Eleven** alleges breach of contract. Since EK Settlements was not a contracting party with respect to the transactions, this claim fails.

**VIII.   Count Twelve (Negligence) fails to state a claim upon relief may be granted.**

This claim suggests a duty of care which does not exist. Plaintiff alleges that EK

Settlements had a duty of due diligence to ascertain that the transactions being performed were not "illegal or improper" (¶105.) This duty of care does not exist. It should be noted that there is no allegation that EK Settlements was negligent in its performance of settlement services, only that it should have delved in the transactions to determine the if they were in the best interest of the parties.

A settlement agent has a duty to deal fairly with all parties involved in the transaction. Aronoff v. Lenkin Co., 618 A.2d 669, 687 (D.C. Ct. App. 1992) (referencing Keith v. Berry, 64 A.2d 300, 302-03 (D.C. 1949). Defendant can find no law of the District of Columbia that imposes an enhanced duty upon closing agents to investigate the underlying motivations of the parties involved in the transaction and EK Settlements, Inc. undertook no such task. At no time was EK Settlements, Inc. employed to analyze or approve the transaction or make subjective recommendations to the parties involved.

**IX.    Counts Thirteen and Fourteen should be dismissed as they are not justiciable as to EK Settlements nor is there any controversy.**

Those counts are not actionable because EK Settlements has no interest in the transactions or the real estate. The defendant adopts its arguments above to the extent that they apply to these allegations.

**X.    Conclusion and Request for Relief**

Plaintiff has failed to state a claim against EK Settlements, Inc. upon which relief may be granted and therefore the Complaint should be dismissed with prejudice or summary judgment should be granted.

          Respectfully submitted,
          DeCARO, DORAN, SICILIANO,
          GALLAGHER & DeBLASIS, LLP


          /s/erik h. nyce
          Erik H. Nyce (DC Bar 422164)
          4601 Forbes Boulevard, Suite 200
          Lanham, Maryland 20706
          301/306-4300
          Fax:  301/306-4988
          enyce@decarodoran.com
          Attorneys for Defendant, EK Settlements, Inc.


## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this <u>2nd</u> day of July, 2008, a copy of the foregoing document was forwarded via e-filing, to:

Dawn R. Anderson-Jackson, Esquire
BAYLOR & JACKSON, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
***Counsel for Plaintiffs***

Heather S. Deane, Esquire
BONNER KIERNAN TREBACH &
 CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
***Counsel for Defendant, Mortgage Star, Inc.***

And via regular mail, postage prepaid to:

Jewell Bell-Smith
9403 Pineview Lane
Clinton, Maryland 20785

Darryl A. Smith
9403 Pineview Lane
Clinton, Maryland 20785

Pinnacle Financial Corporation
4102 S. 31st Street
Temple, Texas 76542

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, Maryland 20707

Caroline Charles
14625 Baltimore Avenue #185
Laurel, Maryland 20707



                                            /s/erik h. nyce
                                            Erik H. Nyce
                                            Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN, et al.            :
                                 :
            Plaintiffs           :
                                 :
v.                               : CIVIL ACTION NO.: 1:08-CV-00999-JR
                                 :
EK SETTLEMENTS, INC., et al.     :
                                 :
            Defendants           :

## AFFIDAVIT OF SANDY KIM

SANDY KIM, Affiant, being duly deposed, states as follows:

1. That I am over 18 and have personal knowledge of the facts herein.

2. That I am president of EK Settlements, Inc. and am authorized to make this Affidavit.

3. That EK Settlements conducted the settlement with respect to the purchase and sale of the real estate herein.

4. That EK Settlements made no representations to the Plaintiffs with respect to the transactions.

5. That EK Settlements was not involved in the negotiation, execution or drafting of the agreements between the parties.

6. That EK Settlements received the title fees as set forth in lines 100 through 106 and lines 1111 and 1113. Those fees are ordinary, reasonable and necessary and standard in all real estate settlement transactions.

7. That EK Settlements received no further income, money or remuneration from any of the parties with respect to the transaction.

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
LANHAM, MD 20706
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

8. That EK Settlements did not extend credit, enter into any contracts for credit and is not a lender with respect to these transactions or generally.

9. That EK Settlements is not a consumer credit services organization and does not provide consumer credit services as alleged or generally.

10. That EK Settlements has no interest in the title or property which is the subject of the suit. EK Settlements has no interest in the various contracts or agreements between the parties.

I SOLEMNLY AFFIRM UNDER THE PENALTIES AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FORGOING AFFIDAVIT IS TRUE.

*Sandy Kim*

STATE OF MARYLAND          :
COUNTY OF __Carroll__     :   ss:

Sworn to and subscribed before me this __2__ day of __July__, 20 __08__

*Natalie E Preston*
Notary Public

My Commission Expires: __1/19/12__

DeCARO, DORAN,
SICILIANO, GALLAGHER,
& DeBLASIS, LLP

WASHINGTON BUSINESS PARK
4601 FORBES BOULEVARD
SUITE 200
LANHAM, MD 20706
TELEPHONE: (301) 306-4300
FAX: (301) 306-4988

3930 WALNUT STREET
SUITE 250
FAIRFAX, VIRGINIA 22030
TELEPHONE: (703) 255-6667
FAX: (703) 299-8548

I:\Common\WP\L3\EHN\Chen v. EK Settlements\Pleadings\Affidavit of Sandy Kim.wpd

NATALIE E PRESTON
NOTARY PUBLIC
CARROLL COUNTY
MARYLAND
MY COMMISSION EXPIRES JANUARY 19, 2012

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAVIN M. CHEN, et al. | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION NO.:1:08-CV-00999-JR |
| | : |
| EK SETTLEMENTS, INC., et al. | : |
| | : |
| Defendant | : |

**<u>ORDER OF DISMISSAL</u>**

UPON CONSIDERATIONS OF Defendant EK Settlements, Inc.'s Motion to Dismiss and for Summary Judgment pursuant to Fed. R. Civ. P. Rules 12(b)(6) & 56, Memorandum of Points and Authorities in Support thereof, the pleadings and any response of the plaintiff, it is thereupon, this ____ day of _____, 2008, by the United States District Court:

ORDERED, that the Motion be and hereby is, GRANTED, and that summary judgment is entered for the Defendant EK Settlements, Inc.

_____
Hon. James Robertson
United States District Court

Chen v. EK Settlements, CIVIL ACTION NO.:1:08-CV-00999-JR
Page 2.

Copies to:

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP
Erik H. Nyce (DC Bar 422164)
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706
Attorneys for Defendant, EK Settlements, Inc.

Dawn R. Anderson-Jackson, Esquire
BAYLOR & JACKSON, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
*Counsel for Plaintiffs*

Heather S. Deane, Esquire
BONNER KIERNAN TREBACH &
 CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
*Counsel for Defendant, Mortgage Star, Inc.*

Jewell Bell-Smith
9403 Pineview Lane
Clinton, Maryland 20785

Darryl A. Smith
9403 Pineview Lane
Clinton, Maryland 20785

Pinnacle Financial Corporation
4102 S. 31st Street
Temple, Texas 76542

C&O Property Solutions
14625 Baltimore Avenue #185
Laurel, Maryland 20707

Caroline Charles
14625 Baltimore Avenue #185
Laurel, Maryland 20707