IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAVIN M. CHEN**, *et. al.* | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | : CIVIL ACTION NO:1:08-CV-00999-JR |
| | : |
| **JEWELL BELL-SMITH**, *et. al.* | : |
| | : |
| **Defendants.** | : |

## PLAINTIFFS' OPPOSITION TO DEFENDANT MORTGAGE STAR, INC.'S PETITION FOR REMOVAL

COMES NOW Plaintiff, Sara Lee, by and through her counsel, Dawn R. Jackson, and hereby opposes Defendant's Petition for Removal to the United States District Court for the District of Columbia. The grounds for this Opposition to Defendant's Petition for Removal are set forth below.

1. On or about May 13, 2008, Plaintiffs Gavin M. Chen and Sara J. Lee (hereinafter "Plaintiffs"), filed an action in the Superior Court for the District of Columbia, entitled CHEN *et. al.* v. BELL-SMITH, *et. al.*, Case No. 08-CA-3600. Defendant Mortgage Star, Inc. was served via U.S. Mail on or about May 21, 2008.

2. Plaintiffs' Complaint asserts a violation of a) the D.C. Consumer Protection Act ("CPPA"), sections 28-3901, *et seq.*, D.C. Code, b) the D.C. Loan Shark Act, sections 26-901, *et seq.*, D.C. Code, c) the D.C. Interest and Usury Law, sections 28-3301, *et seq.*, D.C. Code, d) the D.C. Consumer Credit Services Amendment Act, sections 28-4601, *et seq.*, D.C. Code, e) and the Home Ownership Equity Protection Act ("HOEPA"), Board Regulation Z, 12 C.F.R. section 226, as well as other claims under only D.C. statutory and common law.

3. Plaintiffs are individuals who reside in the District of Columbia.

4. Upon information and belief, Defendant Mortgage Star, Inc. conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

5. Upon information and belief, Defendants Jewell Bell-Smith and Darryl A. Smith conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

6. Upon information and belief, Defendant EK Settlements, Inc. conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

7. Upon information and belief, Defendant Pinnacle Financial Corp. conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

8. Upon information and belief, Defendant C & O Property Solutions conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

9. Upon information and belief, Defendant Caroline Charles conducted business in the District of Columbia, traveled to the District of Columbia, and the subject property at the center of this dispute, is located in the District of Columbia.

10. This civil action is not subject to the original jurisdiction of the District Court of the District of Columbia pursuant to 28 U.S.C. §§ 1332 and 1441.

11. Consequently, this civil action is subject to the original jurisdiction of the Superior Court for the District of Columbia pursuant to D.C. Code §13-423(a) (2008).

12. Pursuant to D.C. Code §13-423(a)(1) (2008), a Defendant is subject to personal jurisdiction in the District of Columbia if Defendant "transact[s] any business in the District of Columbia."

13. Pursuant to D.C. Code §13-423(a)(5), a Defendant is subject to personal jurisdiction in the District of Columbia if Defendant "ha[s] an interest in, using, or possessing real property in the District of Columbia."

14. Defendants have both transacted business in the District of Columbia and the central dispute of this case is the subject property that is located in the District of Columbia.

15. Further, Plaintiffs have withdrawn all Federal claims against Defendants, which reinforces procedurally, that this case should remain in the Superior Court for the District of Columbia.

16. Furthermore, Pursuant to Rule 12(i), to remove a case properly, all attorneys must be contacted and must consent before removal be proper.

17. Defendant MortgageStar, Inc. has failed to contact all attorneys to obtain consent, and therefore, has violated Rule 12(i).

18. As a result, this case should remain in the Superior Court not only because both the procedural and substantive issues of this civil action would be properly and efficiently litigated in this forum, but also since Defendant Mortgage Star, Inc. has not obtained consent from all of the attorneys.

WHEREFORE, Respondent prays this case be remanded back to the Superior Court for the District of Columbia.

Respectfully submitted,

*Dawn R. Jackson*

Dawn R. Jackson, Esq.
BAYLOR & JACKSON, PLLC
DC Bar No. 485118
1025 Connecticut Avenue, N.W.,
Suite 1202
Washington, DC 20036
(202) 332 – 7200 Tel
(202) 833 – 5033 Fax
djackson@baylorjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by first class mail, postage prepaid on this 7th day of July 2008 to the following persons:

Heather S. Deane, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Attorney for Mortgage Star, Inc.

Jewell Bell-Smith
9403 Pineview Lane
Clinton, MD 20735-3236
Defendant

Darryl A. Smith
9403 Pineview Ln.
Clinton, MD 20735-3236
Defendant

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano
Gallagher & Deblasis, LLP
4601 Forbes Blvd., PO Box 40
Lanham, MD 20703-0040
Attorney for EK Settlements, Inc.

Pinnacle Financial Corporation
4102 S. 31 St.
Temple, TX 76542
Defendant

C&O Property Solutions, LLC
14625 Baltimore Ave., #185
Laurel, MD 20707
Defendant

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707
Defendant

                                                                    _____
                                                                    Dawn R. Jackson, Esq.