IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAVIN M. CHEN,** *et. al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **CIVIL ACTION NO:1:08-CV-00999-JR** |
| : | |
| **JEWELL BELL-SMITH,** *et. al.* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT MORTGAGE STAR'S MOTION TO DISMISS

**COMES NOW**, Plaintiffs Gavin M. Chen and Sara Lee, by and through Counsel Dawn R. Jackson of Baylor & Jackson, PLLC, to respectfully request this Honorable Court to deny Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). In support of Plaintiff's position, the following is asserted:

### RELEVANT FACTS

Plaintiffs, Gavin M. Chen and Sara Lee, seek relief and damages in connection with the property located at 5011 14th Street NW, Washington, DC 20011. Plaintiffs needed money to stop their home from being foreclosed upon. As a result, C&O Property Solutions contacted Plaintiffs about a program to save the home from foreclosure. Plaintiffs were informed by C&O Property Solutions that due to their impaired credit score and the pending foreclosure, they would not be able to refinance their home. Carline Charles, a representative from C&O Property Solutions, explained to Plaintiffs that they could enter into a program where their home would be refinanced for six months, rebuild their credit, pay the monthly mortgage, and refinance the

1

property again to get out the foreclosure program. Subsequently, certain individuals arrived at Plaintiffs home and provided documents for Plaintiffs to sign.

Sometime after this transaction, an individual arrived at Plaintiffs' home with a check in the amount of Twenty Thousand Dollar ($20,000.00). After six months, Plaintiffs wanted to refinance their home, but were informed by C&O Property Solutions' representative, Carline Charles, that this was not the appropriate time for Plaintiffs to refinance. Subsequently, Plaintiff Sara Lee received a call from Defendant Bell-Smith indicating that she owned the property and the mortgage payments should be paid to Ms. Bell-Smith or directly to the mortgage company. Plaintiffs discovered through further investigation that Defendants took well over Two Hundred Thousand Dollars ($200,000.00) in equity from their home.

The Defendants fraudulently, knowingly, and maliciously induced Plaintiffs to transfer title to their home for little or no consideration under the guise of extending them a loan. Defendants promised to loan Plaintiffs money, and help Plaintiffs improve their credit score. Defendants also informed Plaintiffs that they were entering a program where it would hold title to the property for six months, then transfer it back to the Plaintiffs. Plaintiffs were informed that they could refinance their home. However, Plaintiffs were not informed that they would in effect be giving away their home for a mere Twenty Thousand Dollars ($20,000.00).

## **STANDARD OF REVIEW**

As noted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which relief rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007), see also *In re Estate of Curseen v. Ingersoll*, 890 A.2d 191 (2006). The *Bell Atlantic* opinion

further acknowledges that, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. *Bell Atlantic* 127 S.Ct at 1964. Instead, "factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that the allegations in the complaint are true (even if doubted in fact)." *Id.* At 1965.

A pleading should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Oparaugo v. Watts*, 884 A.2d 63 (D.C. 2005). Discovery should be granted where there is any possibility that information sought may be relevant to subject matter of an action. *Dunn v. Evening Star Newspaper Co.*, 232 A.2d 293 (D.C. 1967).

With these standards in mind, the Court should not grant Defendant Mortgage Star's Motion to Dismiss pursuant to rule 12(b)(6). Plaintiffs should be allowed to conduct discovery to help establish their case. Discovery will allow Plaintiffs to gather evidence to support their claim against Defendant Mortgage Star as well as to establish provable damages.

## ARGUMENT

### I.   THE FRAUD CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The essential elements of common law fraud are: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by the plaintiff in reliance upon the representation, (6) which consequently resulted in provable damages. *Railan v. Katyal*, 766 A.2d 998 (D.C. 2001). In their Verified Complaint for Declaratory Judgment and Other Relief, the Plaintiffs plead the alleged fraud in the matter as follows:

> 14. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc.,

3

**C&O Property Solutions, and Carline Charles, willfully and intentionally concealed material facts and information from Plaintiffs herein, and these same Defendants refused to perform and failed to perform material parts of the contracts by and between the parties. As part of their fraudulent program scheme, these Defendants unlawfully induced Plaintiffs to transfer title to the property which is the subject of this proceeding, and these Defendants, jointly and severally, fraudulently and materially breached the terms and conditions of the contracts by and between the parties.**

24. Defendant Property Solutions contacted Plaintiffs to discuss a way to prevent the foreclosure.

25. Defendant Property Solutions represented to Plaintiffs that it could obtain funds for Plaintiffs to improve their credit score and stop the pending foreclosure.

26. Defendant Property Solutions proposed a plan where Plaintiffs would refinance their home, improve their credit and have the ability to refinance after six months.

27. Defendant Property Solutions knew when it presented the plan to the Plaintiff that the arrangement proposed would place Plaintiffs in jeopardy of losing their home.

28. Defendant Property Solutions never informed Plaintiffs that in transferring title to their home there would be any difficulty regaining their home.

29. Plaintiffs never attended a settlement, but received a check

4

for Twenty Thousand Dollars ($20,000.00).

30. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles and their affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and fraud in preparing and recording the noted documents.

31. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles defrauded Plaintiffs by stealing their money, title, and equity in their residence.

32. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, at a minimum, received Two Hundred Thousand Dollars ($200,000.00), in cash for themselves from the Plaintiffs funds at the settlement.

33. The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants' willful, deceitful, and deliberate misrepresentations to their detriment.

> **34. Plaintiffs were injured as a result of Defendants' conduct and are entitled to actual and consequential damages.**
>
> **35. Defendants' conduct was egregious, and was committed in wanton or willful disregard of Plaintiffs' rights, warranting the imposition of punitive damages.**

In this matter, the Plaintiffs have stated with specificity the underlying supporting facts regarding their cause of action as is required under the law. In Paragraph 31, Plaintiffs assert that, "The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles defrauded Plaintiffs by stealing their money, title, and equity in their residence." Additionally, the Plaintiffs state in Paragraph 34 that, "The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants' willful, deceitful, and deliberate misrepresentations to their detriment." Further, Plaintiffs allege that "on or about December 2005 Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property." (Comp. ¶ 91). These statements denote activities that were taken by the Defendant that were in furtherance of the fraud alleged in the Verified Complaint. Taken as a whole, these statements sufficiently allege with the particularity required under D.C. law the claim of fraud against Defendant Mortgage Star.

6

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for fraud against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for fraud should not be dismissed.

## II. THE D.C. CONSUMER PROTECTION PROCEDURES ACT (CPPA) CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their CPPA claim against Defendant Mortgage Star and properly placed Defendants on notice. The claim was set forth in the Complaint as follows:

> **40. Sections 28-3904(e) and (f) make it a violation for any person to misrepresent a material fact that has a tendency to mislead a consumer or fail to state a material fact if such failure tends to mislead.**
> **41. Sections 28-3904(r) of the CPPA prohibits the making of unconscionable contracts.**
> **42. The allegations of Count I are incorporated additionally and cumulatively as violations of the CPPA.**
> **43. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code sections 28-3904 (e) and (f) by making misrepresentations of material facts or by failing to state material facts, as described in Count I. Defendants made these statements of fact with the knowledge that they were false or**

7

> that their omission would create a false understanding.
>
> 44. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code section 29-3904(r) by making an unconscionable contract with Plaintiff in that they: a) took ownership of Plaintiffs' home for inadequate consideration; b) took advantage of Plaintiffs' inability to protect themselves by reason of financial infirmities; c) transacted the said Exhibit 2 "Deed" with the knowledge that here was no reasonable probability that Plaintiffs would ever be able to repurchase their home;
>
> 45. Defendants' actions constitute unfair and deceptive practices within the meaning of the CPPA. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and have incurred substantial damages

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for the CPPA violation against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for the CPPA violation should not be dismissed.

### III. D.C. LOAN SHARK ACT NOT PLED AGAINST MORTGAGE STAR.

### IV. THE D.C. INTEREST AND USURY LAW CLAIM WAS WELL PLED AND SHALL BE MAINTAINED.

Plaintiffs have properly pled their D.C. Interest and Usury Law claim against Defendant Mortgage Star and properly placed Defendants on notice. The claim was set forth in the Complaint as follows:

> 67. Defendants' failures to reveal and deliver material disclosures to Plaintiffs required in connection with the said subject transaction, as outlined in the aforesaid Count III, also violate D.C. Code section 28-3301(f)(3), thereby entitling Plaintiffs to actual and punitive damages, plus interest, costs, and attorney's fees.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for the D.C. Interest and Usury Law violation against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for the D.C. Interest and Usury Law violation should not be dismissed.

### V. THE D.C. CONSUMER CREDIT SERVICES AMENDMENT ACT CLAIMS WERE NOT PLED AGAINST MORTGAGE STAR.

### VI. THE SEPARATE RESPA CLAIM IS HEREBY DISMISSED BY PLAINTIFFS AGAINST ALL DEFENDANTS.

### VII. THE BREACH OF FIDUCIARY DUTY CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED

In a breach of fiduciary duty claim, a Plaintiff must merely establish the existence of a fiduciary duty and allege its breach. See e.g. *Bresnahan v. Bresnahan*, 115 Md. App 226, 238 (1997). The Plaintiffs' asserted the following in their Complaint:

> 79. The Defendants EK Settlements, Inc., Pinnacle Financial Corporation, and

9

> Mortgage Star, Inc. owed fiduciary duties to the Plaintiffs. These duties include, but are not limited to, a duty to act in good faith for the benefit of Plaintiffs in faithfully executing duties required by the *Real Estate Settlement Procedures Act*, as well as to act in good faith and to disclose all material information.
>
> 80. All said Defendants breached their fiduciary duties to the Plaintiffs by converting Plaintiffs' money, real estate, title, and equity to their own use or to the use of their affiliates.
>
> 81. The Defendants breached their duties to Plaintiffs through self-dealing by fraudulently transferring the Plaintiffs' money, real estate, title, and equity to themselves or their affiliates.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for breach of fiduciary duty against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for breach of fiduciary duty should not be dismissed.

VIII. **THE CONVERSION CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.**

Plaintiffs clearly set forth a viable claim of conversion against Defendant Mortgage Star, Inc. The claim was plead in the Complaint as follows:

> 85. Plaintiffs owned and had a right to possession of the proceeds of the December 2005 settlement, including the cash proceeds and closing costs associated with the mortgage. Upon information

> and belief, those proceeds were distributed to Defendants. The settlement funds were not disbursed for the benefit of the Plaintiffs and Defendants acted to exclude Plaintiffs' rights to the funds.
>
> 86. The assets and opportunities taken by the Defendants were intentionally taken without the agreement of Plaintiffs, without consent, permission, justification or consideration and constituted a conversion of the Plaintiffs' money, residential property and title.
>
> 87. The money, real property and title taken from the Plaintiffs by the Defendants were converted to the Defendants' use and the Defendants have made clear that they intend to sell and/or simply relinquish Plaintiffs' real property and title to third parties.
>
> 88. The money, real property and title converted by the Defendants had significant value at the time of conversion.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for conversion against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for conversion should not be dismissed.

### IX. THE INJURIOUS FALSEHOOD, DISPARGEMENT, AND SLANDER OF TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of injurious falsehood, disparagement and slander of title against Defendant Mortgage Star, Inc. An action for injurious falsehood, also known as disparagement and slander of title, requires that (1) the Defendants published a falsehood which tended to disparage the quality, ownership or rights of the Plaintiffs' property; (2) the Defendants acted with actual malice or with reckless disregard for the truth; and (3) the falsehood played a material and substantial part in inducing others not to deal with the Plaintiffs,

11

and that as a result the Plaintiffs suffered special damage. See *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155 n *6 (C.A.D.C. 1985). The claim was plead in the Complaint as follows:

> 91. On or about December 2005 Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property.
> 92. Defendants acted with malice and reckless disregard for the truth upon recording the said false deed in the name of Defendants Jewel Bell-Smith and Darryl A. Smith when Defendants knew the deed purported to remove Plaintiffs' name from the title for the subject property and Defendants knew the deed would operate to falsely attached liens on Plaintiffs' property.
> 93. As a result, Plaintiffs' lost title to their home and its value due to the false deed.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for injurious falsehood, disparagement, and slander of title against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for injurious falsehood, disparagement, and slander of title should not be dismissed.

12

X. **THE UNJUST ENRICHMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.**

Plaintiffs clearly set forth a viable claim of unjust enrichment against Defendant Mortgage Star. The claim was set fort in the Complaint as follows:

> **95. The Defendants enjoy a benefit conferred upon them by the Plaintiffs in the form of real property, record title and/or money belonging to and/or provided by the Plaintiffs, but misappropriated by the Defendants.**
> **96. The Defendants understood and knew that they were being unjustly enriched at the expense of Plaintiffs when they knowingly accepted the fraudulent benefit of the aforesaid real property, record title and/or money.**
> **97. The Defendants accepted and retained the Plaintiffs' real property, record title and/or money despite having no legal or equitable claim thereto.**
> **98. Under the circumstances, it would be inequitable for the Defendants to retain the benefit of the real property, record title and/or money they misappropriated.**

As set forth in the Complaint, Defendant Mortgage Star was unjustly enriched by the fraudulent transactions that were committed against the Plaintiffs. Plaintiffs would have never given the real property, record title, or money to Defendant Mortgage Star if Plaintiffs had known that Defendant Mortgage Star had no intention of performing material parts of the contract between the Plaintiffs and Defendant Mortgage Star. As a result of Defendant Mortgage Star's actions, there was an unjust enrichment of Plaintiffs' property, equity, and money.

Based on the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for unjust enrichment against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for unjust enrichment should not be dismissed.

### XI. THE BREACH OF CONTRACT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The Complaint clearly sets forth a viable claim of breach of contract against Defendant Mortgage Star. The Complaint states what contractual obligations were breached by Defendant Mortgage Star as follows:

> 102. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs HUD-1 Settlement Statement, and failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs as stated in the said recorded Deed. Defendants transferred title to Plaintiffs' real property and equity to themselves or their affiliates pursuant to the said fraudulent Deed.
> 103. The actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles constitute: a) a material breach of the said Deed (*Exhibit 1*), and as a direct and proximate result of Defendants' breach of these contracts Plaintiffs have suffered

> substantial damages. As consideration for these said contracts, Plaintiffs paid Defendant Jewell Bell-Smith a total of $425,000.00 at settlement, as indicated by the plain wording of the parties' said Exhibit 1 Deed.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for breach of contract against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for breach of contract should not be dismissed.

## XII. THE NEGLIGENCE CLAIM WAS WELL PLED AND SHOULD BE MAINTIANED.

Plaintiffs have properly pled their claim of negligence against Defendant Mortgage Star and properly put Defendants on notice. The Complaint states in pertinent part:

> 105. Defendants EK Settlements, Inc. and Mortgage Star, Inc., had a duty of due diligence to ascertain that the transaction being performed by Defendants was not illegal or otherwise improper. Defendants EK Settlements, Inc. and Mortgage Star, Inc. had a duty to inquire into the transaction further because the property was occupied by the owner and could reasonably have been within the provisions of the PHIFA.
> 106. Defendants EK Settlements, Inc. and Mortgage Star, Inc. owed a duty because of the fee that the Plaintiffs paid at the settlement.
> 107. Defendants EK Settlements, Inc. and Mortgage Star, Inc. breached its duty because they failed to conduct due diligence inquiries into the transactions of

15

> the Plaintiffs to determine the legitimacy of the transaction.
> 108. Defendants EK Settlements, Inc. and Mortgage Star, Inc. breach of duty proximately caused damages to the Plaintiffs that include loss of title to Plaintiffs' home, equity taken from the Plaintiffs' home and other fees taken in the transaction.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for negligence against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for negligence should not be dismissed.

### XIII. THE DECLARATORY JUDGMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim of declaratory judgment against Defendant Mortgage Star and properly placed Defendants on notice. The Complaint states in pertinent part:

> 110. This declaratory judgment action is brought pursuant to D.C. SCR Civil Rule 57 for the purpose of determining questions of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.
> 111. The aforesaid actions of the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles are unlawful in that the these Defendants have converted Plaintiffs' money, real property and title, breached contractual relations, and breached fiduciary duties.

16

> 112. On the said December 2005 settlement date Defendant Jewel Bell-Smith fraudulently procured from Defendants a loan and first mortgage lien against Plaintiff's property in the amount of $425,000.00.
>
> 113. There exists an actual controversy regarding a justiciable issue between the Plaintiffs and the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles within the jurisdiction of this Court, involving whether the aforesaid actions of these Defendants are unlawful, and involving the rights and responsibilities of all parties to the contracts between the Defendants and the Plaintiffs, and contracts between Defendants concerning the Plaintiffs' property.
>
> 114. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.
>
> 115. Pursuant to D.C. SCR Civil Rule 57, Plaintiffs are entitled to a judgment declaring their rights and responsibilities under the contracts between the parties and further settling the legal relations of the parties.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for declaratory judgment against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional

facts to support this claim. Therefore the action for declaratory judgment should not be dismissed.

### XIV. THE QUIET TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim for quiet title against Defendant Mortgage Star and properly placed Defendants on notice. "An action to quiet title may not be dismissed for failure to state a claim when the complaint alleges…that the plaintiffs are the owners of the land in fee simple." *In re Tyree*, 493 A.2d 314, 317 (App.D.C. 1985). The Complaint states in pertinent part:

> 117. Plaintiffs are in actual, constructive, peaceable physical possession of the subject real property under color of title. Defendants Jewel Bell-Smith and Darryl A. Smith deny and dispute Plaintiffs' claim of ownership and title to the subject property.
> 118. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles recorded or caused to be recorded a Deeds of Trust lien against the Plaintiffs' property in the amount of $425,000.00.
> 119. For the reasons stated above, including pursuant to the contract between the parties, the Plaintiffs claim and rightfully should have unencumbered equitable and legal title, and the right to possess the subject property.
> 120. Despite demand, Defendants Jewel Bell-Smith and Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation,

> **Mortgage Star, Inc., C&O Property Solutions, and Carline Charles have failed and refused to tender the subject residential property, record title and money to the Plaintiffs as required by law. 121. As a direct and proximate result of the actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, Plaintiff has suffered substantial damages.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for quite title against Defendant Mortgage Star. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for quiet title should not be dismissed.

## CONCLUSION

WHEREFORE, for all of the reasons stated aforesaid, Plaintiffs, Gavin M. Chen and Sara J. Lee, moves that this Honorable Court hereby deny Defendant Mortgage Star's Motion to Dismiss.

Respectfully Submitted,

*/s/ Dawn R. Jackson*
Dawn R. Jackson
DC Bar # 485118
BAYLOR & JACKSON, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1202
Washington, D.C. 20036
Tel. (202) 332-7200
Fax (202) 833- 5033
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was sent via first class mail on this 16th day of July 2008 to:

Heather S. Deane, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Attorney for Mortgage Star, Inc.

Jewell Bell-Smith
9403 Pineview Lane
Clinton, MD 20735-3236
Defendant

Darryl A. Smith
9403 Pineview Ln.
Clinton, MD 20735-3236
Defendant

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano
Gallagher & Deblasis, LLP
4601 Forbes Blvd., PO Box 40
Lanham, MD 20703-0040
Attorney for EK Settlements, Inc.

Pinnacle Financial Corporation
4102 S. 31 St.
Temple, TX 76542
Defendant

C&O Property Solutions, LLC
14625 Baltimore Ave., #185
Laurel, MD 20707
Defendant

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707
Defendant

_____
Dawn R. Jackson, Esquire

21