## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN, *et. al.*                            :
                                                :
                                                :
      **Plaintiffs,**        :
                                                :
v.                                                  : **CIVIL ACTION NO:1:08-CV-00999-JR**
                                                :
JEWELL BELL-SMITH, *et. al.*                        :
                                                :
      **Defendants.**        :
                                                :

## PLAINTIFFS' OPPOSITION TO DEFENDANT EK SETTLEMENTS' MOTION TO DISMISS

**COMES NOW**, Plaintiffs Gavin M. Chen and Sara Lee, by and through Counsel Dawn R. Jackson of Baylor & Jackson, PLLC, to respectfully request this Honorable Court to deny Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) & 56. In support of Plaintiffs' position, the following is asserted:

### RELEVANT FACTS

Plaintiffs, Gavin M. Chen and Sara Lee, seek relief and damages in connection with the property located at 5011 14th Street NW, Washington, DC 20011. Plaintiffs needed money to stop their home from being foreclosed upon. As a result, C&O Property Solutions contacted Plaintiffs about a program to save the home from foreclosure. Plaintiffs were informed by C&O Property Solutions that due to their impaired credit score and the pending foreclosure, they would not be able to refinance their home. Carline Charles, a representative from C&O Property Solutions, explained to Plaintiffs that they could enter into a program where their home would be refinanced for six months, rebuild their credit, pay the monthly mortgage, and refinance the

property again to get out the foreclosure program. Subsequently, certain individuals arrived at Plaintiffs home and provided documents for Plaintiffs to sign.

Sometime after this transaction, an individual arrived at Plaintiffs' home with a check in the amount of Twenty Thousand Dollar ($20,000.00). After six months, Plaintiffs wanted to refinance their home, but were informed by C&O Property Solutions' representative, Carline Charles, that this was not the appropriate time for Plaintiffs to refinance. Subsequently, Plaintiff Sara Lee received a call from Defendant Bell-Smith indicating that she owned the property and the mortgage payments should be paid to Defendant Bell-Smith or directly to the mortgage company. Plaintiffs discovered through further investigation that Defendants took well over Two Hundred Thousand Dollars ($200,000.00) in equity from their home.

The Defendants fraudulently, knowingly, and maliciously induced Plaintiffs to transfer title to their home for little or no consideration under the guise of extending them a loan. Defendants promised to loan Plaintiffs money, and help Plaintiffs improve their credit score. Defendants also informed Plaintiffs that they were entering a program where it would hold title to the property for six months, then transfer it back to the Plaintiffs. Plaintiffs were informed that they could refinance their home. However, Plaintiffs were not informed that they would in effect be giving away their home for a mere Twenty Thousand Dollars ($20,000.00).

## STANDARD OF REVIEW

### Motion to Dismiss

As noted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which relief rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007);

see also *In re Estate of Curseen v. Ingersoll*, 890 A.2d 191 (2006). The *Bell Atlantic* opinion further explains that, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. *Bell Atlantic* 127 S.Ct at 1964. Instead, "factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that the allegations in the complaint are true (even if doubted in fact)." *Id.* At 1965.

A pleading should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Oparaugo v. Watts*, 884 A.2d 63 (D.C. 2005). Discovery should be granted where there is any possibility that information sought may be relevant to subject matter of an action. *Dunn v. Evening Star Newspaper Co.,* 232 A.2d 293 (D.C. 1967).

With these standards in mind, the Court should not grant Defendant EK Settlements's Motion to Dismiss pursuant to rule 12(b)(6). Plaintiffs should be allowed to conduct discovery to help establish their case. Discovery will allow Plaintiffs to gather evidence to support their claim against Defendant EK Settlements as well as to establish provable damages.

## Summary Judgment

Summary judgment is an extreme remedy which is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Willis v. Cheek*, 387 A.2d 716, 719 (D.C. 1978). Summary judgment is only proper if, "there is no genuine issue as to any material fact and …the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Disputes over material facts, or facts that might significantly affect the outcome of a suit under the governing law, preclude an entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). When considering a motion for summary judgment, the facts in the record are to be viewed in a light favorable to the

non-moving party. *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (enbanc). The

court must resolve any doubt as to the existence of a factual dispute against the movant. *Cooke*

*v. Griffiths-Garcia Corp.*, 612 A.2d 1251 (D.C. 1992) *citing Swan v. Waldman*, 465 A.2d 844

(D.C. 1983). To determine "whether a genuine issue of material fact exists and whether the

moving party is entitled to judgment as a matter of law, the court must consider 'pleadings,

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any.'"

*Id.*

## ARGUMENT

### I.    THE FRAUD CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The essential elements of common law fraud are: (1) a false representation, (2) in

reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive,

and (5) action taken by the plaintiff in reliance upon the representation, (6) which consequently

resulted in provable damages. *Railan v. Katyal*, 766 A.2d 998 (D.C. 2001). In their Verified

Complaint for Declaratory Judgment and Other Relief, the Plaintiffs plead the alleged fraud in

the matter as follows:

> **14. Defendants Jewel Bell-Smith,**
> **Darryl A. Smith, EK Settlements,**
> **Inc.,      Pinnacle      Financial**
> **Corporation, Mortgage Star, Inc.,**
> **C&O  Property  Solutions,  and**
> **Carline  Charles,  willfully  and**
> **intentionally concealed material**
> **facts   and   information   from**
> **Plaintiffs herein, and these same**
> **Defendants refused to perform and**
> **failed to perform material parts of**
> **the contracts by and between the**
> **parties.     As   part   of   their**
> **fraudulent program scheme, these**
> **Defendants   unlawfully   induced**
> **Plaintiffs to transfer title to the**

property which is the subject of this proceeding, and these Defendants, jointly and severally, fraudulently and materially breached the terms and conditions of the contracts by and between the parties.

24. Defendant Property Solutions contacted Plaintiffs to discuss a way to prevent the foreclosure.

25. Defendant Property Solutions represented to Plaintiffs that it could obtain funds for Plaintiffs to improve their credit score and stop the pending foreclosure.

26. Defendant Property Solutions proposed a plan where Plaintiffs would refinance their home, improve their credit and have the ability to refinance after six months.

27. Defendant Property Solutions knew when it presented the plan to the Plaintiff that the arrangement proposed would place Plaintiffs in jeopardy of losing their home.

28. Defendant Property Solutions never informed Plaintiffs that in transferring title to their home there would be any difficulty re-gaining their home.

29. Plaintiffs never attended a settlement, but received a check for Twenty Thousand Dollars ($20,000.00).

30. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles and their affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and

fraud in preparing and recording the noted documents.

31. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles defrauded Plaintiffs by stealing their money, title, and equity in their residence.

32. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, at a minimum, received Two Hundred Thousand Dollars ($200,000.00), in cash for themselves from the Plaintiffs funds at the settlement.

33. The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants' willful, deceitful, and deliberate misrepresentations to their detriment.

34. Plaintiffs were injured as a result of Defendants' conduct and are entitled to actual and consequential damages.

35. Defendants' conduct was egregious, and was committed in wanton or willful disregard of Plaintiffs' rights, warranting the imposition of punitive damages.

In this matter, the Plaintiffs have stated with specificity the underlying supporting facts regarding their cause of action as is required by Fed. R. Civ. P. 8, 9(b) and have specifically pled each element of the fraud claim. First, in Paragraph 14 Plaintiffs assert that EK Settlements along with other Defendants "concealed material facts and information from Plaintiffs…"; in Paragraph 19 Plaintiffs assert that EK Settlements is not licensed in the District of Columbia; and in Paragraph 13 Plaintiffs assert that the incomplete HUD 1 statement was prepared by EK Settlements. These statements together allege, with the required specificity, false representations which were made by the Defendant.

Second, the aforementioned statements allege material facts to which the false representations were made as the HUD 1 statement alone demonstrates the time place and content of the misrepresentations. Additionally, Plaintiffs allege material facts to which false representations were made in Paragraph 91 which states that "on or about December 2005…EK Settlements, Inc…published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property."

Third, Plaintiffs allege, in Paragraph 33 as well as throughout the Complaint, that Defendant EK Settlements had knowledge of its false representations. Fourth, in Paragraph 33 Plaintiffs also allege that EK Settlements intended to deceive Plaintiffs.

Lastly, Plaintiffs have sufficiently alleged that they acted in reliance on EK Settlements' misrepresentations as Plaintiffs reliance on Defendants misrepresentations is the basis for this legal action and is demonstrated throughout the entire Complaint. In Paragraph 13, Plaintiffs allege that they lost over Two Hundred Thousand Dollars ($200,000) in equity from their home. In Paragraph 14, Plaintiffs allege that the

Defendants' actions induced Plaintiffs to transfer title to their property which is the subject of this litigation. Furthermore, all of the previously mentioned sections of the Complaint, taken as a whole, demonstrate Plaintiffs' reliance upon and loss due to EK Settlements' misrepresentations.

It is also important to note that Rule 9(b) is intended to prevent the filing of complaints as a pretext for the discovery of unknown wrongs. *In re U.S. Office Products Co. Sec. Lit.*, 251 F.Supp.2d 77, 100 (D.C.C. 2003). In this case it is clear that Plaintiffs were defrauded by EK Settlements and these statements denote activities that were taken by the Defendant that were in furtherance of the fraud alleged in the Verified Complaint. Taken as a whole, these statements sufficiently allege with the particularity required, the claim of fraud against Defendant EK Settlements. The Complaint gives fair notice of what the claim is and the grounds upon which relief rests. Furthermore, through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for fraud should be maintained and summary judgment should be denied.

## II.    THE D.C. CONSUMER PROTECTION PROCEDURES ACT (CPPA) CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their CPPA claim against Defendant EK Settlements and properly placed Defendants on notice. The claim was set forth in the Complaint as follows:

> **40.    Sections 28-3904(e) and (f) make it a violation for any person to misrepresent a material fact that has a tendency to mislead a consumer or fail to state a material fact if such failure tends to mislead.**

41. Sections 28-3904(r) of the CPPA prohibits the making of unconscionable contracts.

42. The allegations of Count I are incorporated additionally and cumulatively as violations of the CPPA.

43. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code sections 28-3904 (e) and (f) by making misrepresentations of material facts or by failing to state material facts, as described in Count I. Defendants made these statements of fact with the knowledge that they were false or that their omission would create a false understanding.

44. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code section 29-3904(r) by making an unconscionable contract with Plaintiff in that they: a) took ownership of Plaintiffs' home for inadequate consideration; b) took advantage of Plaintiffs' inability to protect themselves by reason of financial infirmities; c) transacted the said Exhibit 2 "Deed" with the knowledge that here was no reasonable probability that Plaintiffs would ever be able to repurchase their home;

> **45. Defendants' actions constitute unfair and deceptive practices within the meaning of the CPPA. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and have incurred substantial damages**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for the CPPA violation against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for the CPPA violation should be maintained and summary judgment should be denied.

**III.    D.C. LOAN SHARK ACT NOT PLED AGAINST EK SETTLEMENTS.**

**IV.    THE SEPARATE D.C. INTEREST AND USURY LAW CLAIM IS HEREBY DISMISSED BY PLAINTIFFS AGAINST DEFENDANT EK SETTLEMENTS.**

**V.    THE D.C. CONSUMER CREDIT SERVICES AMENDMENT ACT CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.**

Plaintiffs have properly pled their D.C. Consumer Credit Services Amendment Act claim against Defendant EK Settlements and properly placed Defendants on notice. The claim was set forth in the Complaint as follows:

> **69. The District of Columbia prohibits certain deceptive practices by those who represent that they can obtain an extension of credit by others for, or provide advice to, a consumer. D.C. Code, sections 28-4601, *et seq.***
> **70. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and**

**Carline Charles acted as a "consumer credit service organization" by soliciting Plaintiffs, or by aiding and abetting said solicitation of Plaintiffs, to obtain an extension of credit from a third party.**

**71. That, as such, said Defendants violated D.C. Code, section 28-4601, *et seq.,* by, *inter alia*:**

**a) failing to register with the Mayor, in violation of D.C. Code, section 28-4602;**

**b) receiving money or other valuable consideration solely for referring Plaintiffs and others to Defendants in violation of D.C. Code section 4603(2); and**

**c) making and using false and misleading representations, failing to disclose material facts, and directly or indirectly engaging in acts and in a course of business designed to defraud and mislead Plaintiffs, in violation of D.C. Code, section 28-4603(4).**

**72. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles violations of the Consumer Credit Service Organizations Act entitles Plaintiffs to actual and punitive damages and reasonable attorney's fees, pursuant to section 28-4607(c).**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action under the D.C. Consumer Credit Services Amendment Act against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim.

Therefore the action under the D.C. Consumer Credit Services Amendment Act should be

maintained and summary judgment should be denied.

**VI.    THE SEPARATE RESPA CLAIM IS HEREBY DISMISSED BY PLAINTIFFS AGAINST ALL DEFENDANTS.**

**VII.    THE BREACH OF FIDUCIARY DUTY CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED**

In a breach of fiduciary duty claim, a Plaintiff must merely establish the existence of a

fiduciary duty and allege its breach. See e.g. *Bresnahan v. Bresnahan*, 115 Md. App 226, 238

(1997). The Plaintiffs' asserted the following in their Complaint:

> **79.    The Defendants EK Settlements, Inc., Pinnacle Financial Corporation, and Mortgage Star, Inc. owed fiduciary duties to the Plaintiffs.    These duties include, but are not limited to, a duty to act in good faith for the benefit of Plaintiffs in faithfully executing duties required by the *Real Estate Settlement Procedures Act*, as well as to act in good faith and to disclose all material information.**
> **80.    All said Defendants breached their fiduciary duties to the Plaintiffs by converting Plaintiffs' money, real estate, title, and equity to their own use or to the use of their affiliates.**
> **81.    The Defendants breached their duties to Plaintiffs through self-dealing by fraudulently transferring the Plaintiffs' money, real estate, title, and equity to themselves or their affiliates.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient

facts, all elements necessary for maintaining an action for breach of fiduciary duty against

Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to

supplement additional facts to support this claim. Therefore the action for breach of

fiduciary duty should be maintained and summary judgment should be denied.

## VIII. THE CONVERSION CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of conversion against Defendant EK

Settlements, Inc. The claim was plead in the Complaint as follows:

> **85. Plaintiffs owned and had a right to possession of the proceeds of the December 2005 settlement, including the cash proceeds and closing costs associated with the mortgage. Upon information and belief, those proceeds were distributed to Defendants. The settlement funds were not disbursed for the benefit of the Plaintiffs and Defendants acted to exclude Plaintiffs' rights to the funds.**
> **86. The assets and opportunities taken by the Defendants were intentionally taken without the agreement of Plaintiffs, without consent, permission, justification or consideration and constituted a conversion of the Plaintiffs' money, residential property and title.**
> **87. The money, real property and title taken from the Plaintiffs by the Defendants were converted to the Defendants' use and the Defendants have made clear that they intend to sell and/or simply relinquish Plaintiffs' real property and title to third parties.**
> **88. The money, real property and title converted by the Defendants**

**had significant value at the time of
conversion.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts,

all elements necessary for maintaining an action for conversion against Defendant EK

Settlements. This claim is further supported by the HUD-1 Settlement Agreement which clearly

shows that the aforementioned Defendant received monetary gain from this settlement. It is

undisputed that Defendant EK Settlements received the following amounts from this transaction:

$350.00 in settlement and closing fees; $485.00 for title examination; $50.00 for title insurance;

$150.00 for document preparation; $95.00 in notary fees; 75-80% of $1,844.00, the cost for title

insurance; $95.00 for overnight/courier fees, and $40.00 for judgment/bring to date. (*See* Exhibit

2, Page 2, Lines 1101-1113.) Through the discovery process, Plaintiffs will be able to

supplement additional facts to support this claim. Therefore the action for conversion should be

maintained and summary judgment should be denied.

### IX.    THE INJURIOUS FALSEHOOD, DISPARGEMENT, AND SLANDER OF TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of injurious falsehood, disparagement and

slander of title against Defendant EK Settlements, Inc. An action for injurious falsehood, also

known as disparagement and slander of title, requires that (1) the Defendants published a

falsehood which tended to disparage the quality, ownership or rights of the Plaintiffs' property;

(2) the Defendants acted with actual malice or with reckless disregard for the truth; and (3) the

falsehood played a material and substantial part in inducing others not to deal with the Plaintiffs,

and that as a result the Plaintiffs suffered special damage. See *Art Metal-U.S.A., Inc. v. United

States*, 753 F.2d 1151, 1155 n *6 (C.A.D.C. 1985). The claim was plead in the Complaint as

follows:

**91. On or about December 2005 Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property.**

**92. Defendants acted with malice and reckless disregard for the truth upon recording the said false deed in the name of Defendants Jewel Bell-Smith and Darryl A. Smith when Defendants knew the deed purported to remove Plaintiffs' name from the title for the subject property and Defendants knew the deed would operate to falsely attached liens on Plaintiffs' property.**

**93. As a result, Plaintiffs' lost title to their home and its value due to the false deed.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for injurious falsehood, disparagement, and slander of title against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for injurious falsehood, disparagement, and slander of title should be maintained and summary judgment should be denied.

## X.  THE UNJUST ENRICHMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of unjust enrichment against Defendant

EK Settlements.  The claim was set fort in the Complaint as follows:

> **95. The Defendants enjoy a benefit conferred upon them by the Plaintiffs in the form of real property, record title and/or money belonging to and/or provided by the Plaintiffs, but misappropriated by the Defendants.**
>
> **96.    The Defendants understood and knew that they were being unjustly enriched at the expense of Plaintiffs when they knowingly accepted the fraudulent benefit of the aforesaid real property, record title and/or money.**
>
> **97. The Defendants accepted and retained the Plaintiffs' real property, record title and/or money despite having no legal or equitable claim thereto.**
>
> **98.    Under the circumstances, it would be inequitable for the Defendants to retain the benefit of the real property, record title and/or money they misappropriated.**

As set forth in the Complaint, Defendant EK Settlements was unjustly enriched by the

fraudulent transactions that were committed against the Plaintiffs.  Plaintiffs would have never

given the real property, record title, or money to Defendant EK Settlements if Plaintiffs had

known that Defendant EK Settlements had no intention of performing material parts of the

contract between the Plaintiffs and Defendant EK Settlements.  Additionally, the HUD-1

Settlement Agreement clearly shows that the aforementioned Defendant received monetary gain

from this settlement.  It is undisputed that Defendant EK Settlements received the following

amounts from this transaction:  $350.00 in settlement and closing fees; $485.00 for title

examination; $50.00 for title insurance; $150.00 for document preparation; $95.00 in notary fees;

75-80% of $1,844.00, the cost for title insurance; $95.00 for overnight/courier fees, and $40.00 for judgment/bring to date. (*See* Exhibit 2, Page 2, Lines 1101-1113.) As a result of Defendant EK Settlements' actions, there was an unjust enrichment of Plaintiffs' property, equity, and money.

Based on the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for unjust enrichment against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for unjust enrichment should be maintained and summary judgment should be denied.

## XI.    THE BREACH OF CONTRACT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The Complaint clearly sets forth a viable claim of breach of contract against Defendant EK Settlements. The Complaint states what contractual obligations were breached by Defendant EK Settlements as follows:

> **102. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs HUD-1 Settlement Statement, and failed to credit, pay, or tender the required consideration of $425,000.00 to the Plaintiffs as stated in the said recorded Deed. Defendants transferred title to Plaintiffs' real property and equity to themselves or their affiliates pursuant to the said fraudulent Deed.**

> 103. The actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles constitute: a) a material breach of the said Deed (*Exhibit 1*), and as a direct and proximate result of Defendants' breach of these contracts Plaintiffs have suffered substantial damages. As consideration for these said contracts, Plaintiffs paid Defendant Jewell Bell-Smith a total of $425,000.00 at settlement, as indicated by the plain wording of the parties' said Exhibit 1 Deed.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for breach of contract against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for breach of contract should be maintained and summary judgment should be denied.

## XII.    THE NEGLIGENCE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim of negligence against Defendant EK Settlements and properly put Defendants on notice. The Complaint states in pertinent part:

> 105. Defendants EK Settlements, Inc. and Mortgage Star, Inc., had a duty of due diligence to ascertain that the transaction being performed by Defendants was not illegal or otherwise improper. Defendants EK Settlements, Inc. and Mortgage Star, Inc. had a duty to inquire into the transaction further because the property was

> occupied by the owner and could
> reasonably have been within the
> provisions of the PHIFA.
> 106. Defendants EK Settlements,
> Inc. and Mortgage Star, Inc. owed
> a duty because of the fee that the
> Plaintiffs paid at the settlement.
> 107. Defendants EK Settlements,
> Inc. and Mortgage Star, Inc.
> breached its duty because they
> failed to conduct due diligence
> inquiries into the transactions of
> the Plaintiffs to determine the
> legitimacy of the transaction.
> 108. Defendants EK Settlements,
> Inc. and Mortgage Star, Inc.
> breach of duty proximately caused
> damages to the Plaintiffs that
> include loss of title to Plaintiffs'
> home, equity taken from the
> Plaintiffs' home and other fees
> taken in the transaction.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts,

all elements necessary for maintaining an action for negligence against Defendant EK

Settlements. Through the discovery process, Plaintiffs will be able to supplement additional

facts to support this claim. Therefore the action for negligence should be maintained and

summary judgment should be denied.

## XIII.  THE DECLARATORY JUDGMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim of declaratory judgment against Defendant EK

Settlements and properly placed Defendants on notice. The Complaint states in pertinent part:

> 110. This declaratory judgment
> action is brought pursuant to D.C.
> SCR Civil Rule 57 for the purpose
> of determining questions of actual
> controversy between the parties
> and terminating uncertainty and

19

> judgment declaring their rights
> and responsibilities under the
> contracts between the parties and
> further settling the legal relations
> of the parties.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts,

all elements necessary for maintaining an action for declaratory judgment against Defendant EK

Settlements. Through the discovery process, Plaintiffs will be able to supplement additional

facts to support this claim. Therefore the action for declaratory judgment should be maintained

and summary judgment should be denied.

## XIV.   THE QUIET TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim for quiet title against Defendant EK

Settlements and properly placed Defendants on notice. "An action to quiet title may not be

dismissed for failure to state a claim when the complaint alleges...that the plaintiffs are the

owners of the land in fee simple." *In re Tyree*, 493 A.2d 314, 317 (App.D.C. 1985). The

Complaint states in pertinent part:

> 117. Plaintiffs are in actual,
> constructive, peaceable physical
> possession of the subject real
> property under color of title.
> Defendants Jewel Bell-Smith and
> Darryl A. Smith deny and dispute
> Plaintiffs' claim of ownership and
> title to the subject property.
> 118. Defendants Jewel Bell-Smith,
> Darryl A. Smith, EK Settlements,
> Inc.,     Pinnacle     Financial
> Corporation, Mortgage Star, Inc.,
> C&O Property Solutions, and
> Carline Charles recorded or
> caused to be recorded a Deeds of
> Trust lien against the Plaintiffs'

**property in the amount of $425,000.00.**

**119. For the reasons stated above, including pursuant to the contract between the parties, the Plaintiffs claim and rightfully should have unencumbered equitable and legal title, and the right to possess the subject property.**

**120. Despite demand, Defendants Jewel Bell-Smith and Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles have failed and refused to tender the subject residential property, record title and money to the Plaintiffs as required by law.**

**121. As a direct and proximate result of the actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, Plaintiff has suffered substantial damages.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for quite title against Defendant EK Settlements. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for quiet title should be maintained and summary judgment should be denied.

## CONCLUSION

WHEREFORE, for all of the reasons stated aforesaid, Plaintiffs, Gavin M. Chen and Sara J. Lee, moves that this Honorable Court hereby deny Defendant EK Settlements' Motion to Dismiss and Motion for Summary Judgment.

Respectfully Submitted,

 /s/ Dawn R. Jackson_____
Dawn R. Jackson
DC Bar # 485118
BAYLOR & JACKSON, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1202
Washington, D.C. 20036
Tel. (202) 332-7200
Fax (202) 833- 5033
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  22nd  day of July 2008 a true copy of the foregoing

Plaintiff's Opposition to Defendant's Motion to Dismiss was forwarded via e-filing to: via first

class mail to:

Heather S. Deane, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Attorney for Mortgage Star, Inc.

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano
Gallagher & Deblasis, LLP
4601 Forbes Blvd., PO Box 40
Lanham, MD 20703-0040
Attorney for EK Settlements, Inc.

And via first class mail to:

Jewell Bell-Smith
9403 Pineview
Clinton, MD 20735-3236
Defendant

Darryl A. Smith
Lane9403 Pineview Ln.
Clinton, MD 20735-3236
Defendant

Pinnacle Financial Corporation
4102 S. 31 St.
Temple, TX 76542
Defendant

C&O Property Solutions, LLC
14625 Baltimore Ave., #185
Laurel, MD 20707
Defendant

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707
Defendant

    /s/ Dawn R. Jackson
Dawn R. Jackson, Esquire