### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN,  et al.

       **Plaintiffs**              \*       **CIVIL ACTION NO. 1:08-CV-0999-JR**

v

JEWELL BELL-SMITH, et al

       **Defendants**       \*

### DEFENDANTS JEWELL BELL-SMITH AND DARRYL SMITH'S MOTION TO DISMISS VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Defendants Jewell Bell-Smith and Darryl A. Smith, by and through their attorneys, Mark W. Schweitzer, Christopher L. Hamlin and McNamee Hosea, et al., hereby request dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for cause state as follows:

    1.      Plaintiffs Gavin M. Chen and Sara Lee [the "Plaintiffs"] filed a Verified Complaint for Declaratory Judgment and Other Relief [the "Complaint"], against Defendants Jewell Bell-Smith and Darryl A. Smith [the "Defendants"] and certain other Co-Defendants, in the Superior Court for the District of Columbia. The action was removed to this Court by Notice dated June 10, 2008, filed  by Defendant Mortgage Star, Inc.

    2.      According to Plaintiff's Complaint, Plaintiff's conveyed certain real property located at 5011 14th Street, N.W., Washington, D.C. 20011 [the "Property"] to Defendant in or about December 28, 2005. Complaint at  ¶13.

    3.      Plaintiffs have asserted ten (10) Counts against Defendants, based upon, inter alia, allegations of fraud, conversion and related common law actions and violations of certain District of Columbia Code statutes.

4.      Defendants submit that the subject ten (10) Counts fail to state claims upon which relief may be granted against Defendants, and that the Counts should be dismissed accordingly.

5.      Defendants incorporate herein and make a part hereof the Memorandum in Support of  Defendants Jewell Bell-Smith and Darryl Smith's Motion to Dismiss Verified Complaint for Declaratory Judgment and Other Relief ,filed concurrently with this Motion.

**WHEREFORE**, Defendants Jewell Bell-Smith and Darryl A. Smith, respectfully request that this Honorable Court:

A.      **ORDER**, that Plaintiffs' Complaint for Declaratory Judgment and Other Relief be and is dismissed as to Defendants Jewell Bell-Smith and Darryl Smith; and

B.      **ORDER** such other and further relief as this action may require.

Respectfully submitted,

MCNAMEE HOSEA JERNIGAN KIM
GREENAN & WALKER, P.A.

**/s/ Christopher L. Hamlin**
Christopher L. Hamlin, Esquire (Fed. Bar. No. 04597 Md)
Mark W. Schweitzer, Esquire (Fed. Bar No. 14402 Md.)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
chamlin@mhlawyer.com

Attorneys for Defendants Jewell Bell-Smith, et al.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **4th day of August, 2008**, a copy of the foregoing

Defendants Jewell Bell-Smith and Darryl Smith's Motion to Dismiss Verified Complaint for

Declaratory Judgment and Other Relief, was mailed, by first class mail, postage prepaid, and

served electronically to those persons and entities entitled to receive Notice of Electronic Filing

in this case, including the following:

Dawn Anderson-Jackson, Esquire
Baylor and Jackson, P.L.L.C.
1025 Connecticut Avenue, Suite 1202
Washington, D.C. 20036

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano, Gallagher & Deblasis, L.L.P.
4601 Forbes Boulevard
P.O. Box 40
Lanham, Maryland 20703

Heather S. Deane, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036

**/s/ Christopher L. Hamlin**
Christopher L. Hamlin

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN,  et al.

|                        |   |                                   |
|------------------------|---|-----------------------------------|
| **Plaintiffs**         | * | **CIVIL ACTION NO. 1:08-CV-0999-JR** |
|                        | * |                                   |
| v                      | * |                                   |
|                        | * |                                   |
| JEWELL BELL-SMITH, et al | * |                                 |
|                        | * |                                   |
| **Defendants**         | * |                                   |

### MEMORANDUM IN SUPPORT OF DEFENDANTS JEWELL BELL-SMITH AND DARRYL SMITH'S MOTION TO DISMISS VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Defendants Jewell Bell-Smith and Darryl A. Smith, by and through their attorneys, Mark W. Schweitzer, Christopher L. Hamlin and McNamee Hosea, et al., hereby submits this Memorandum in Support of their Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and state as follows:

### I.    INTRODUCTION

Plaintiffs Gavin M. Chen and Sara Lee [the "Plaintiffs"] filed a Verified Complaint for Declaratory Judgment and Other Relief [the "Complaint"], against Defendants Jewell Bell-Smith and Darryl A. Smith [the "Defendants"] and certain other Co-Defendants, in the Superior Court for the District of Columbia. The action was removed to this Court by Notice dated June 10, 2008, filed by Defendant Mortgage Star, Inc.

Plaintiffs have asserted ten (10) Counts against Defendants, based upon, inter alia, allegations of fraud, conversion and other common law actions and violations of certain District of Columbia Code [the "Code"] statutes. As set forth more fully herein, Defendants submit that the subject Counts fail to state claims against Defendants, and that Plaintiffs' Complaint should be dismissed.

## II.    <u>FACTUAL BACKGROUND</u>

1.      According to the Complaint, Plaintiffs conveyed certain real property located at 5011 14th Street, N.W., Washington, D.C. 2011 [the "Property"] to Defendants on or about December 28, 2005. Complaint at ¶13, Exhibit No. 1.

2.      According to the Deed included as Plaintiffs' Exhibit No. 3, Defendants paid Four Hundred Twenty-Five Thousand Dollars ($425,000.00) to Plaintiffs for the Property.

3.      According to the HUD-1 Settlement Statement ["the "HUD-1], included as Plaintiffs' Exhibit No. 2, Defendants obtained two (2) loans, in the principal amounts of Three Hundred Forty Thousand Dollars ($340,000.00) and Eighty Thousand Dollars ($80,000.00) to fund their purchase of Plaintiffs' Property.

4.      The proceeds of Defendants' loans in the amount of approximately One Hundred Seventy Two Thousand Forty Dollars and Fifty-Nine Cents ($172,040.59) was paid to satisfy Plaintiffs' existing mortgage on the Property in full. <u>See</u> Plaintiffs' Exhibit No. 2.

5.      Plaintiffs received Twenty Thousand Dollars ($20,000.00) from the proceeds of the sale of the Property to Defendants. Complaint at ¶10.

6.      According to the Complaint, Defendant Carline Charles [Defendant Charles"], represented to Plaintiffs that, six (6) months after the December, 2005 closing, Plaintiffs would be able to "refinance the property again to get out of the foreclosure program." <u>Id</u>. at ¶8.

7.      According to the Complaint, Plaintiffs contacted Defendant Charles six months after the closing regarding the "refinance" of the Property. Defendant Charles advised Plaintiffs that this was not the "appropriate time for Plaintiffs to refinance." <u>Id</u>. at ¶11.

8.      Defendant Jewell Bell-Smith thereafter contacted Plaintiffs and advised them of Defendants' ownership of the Property and of the necessity to provide mortgage payments either to

the Defendants of "directly to the mortgage company." <u>Id</u>. at ¶12.

### III.    STANDARD OF REVIEW

In <u>Jackson v Wilkes Artis</u>, 2008 WL 2791686 at 2 (D.D.C. 2008), the District Court stated

that, "[A] complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim upon which relief can be granted if it fails to plead 'enough facts

to state a claim to relief that is plausible on its face.' <u>Bell Atlantic Corp. v. Twombly</u>, __ US___,

127 S.Ct. 1955, 1974 (2007). At this stage, all reasonable factual inferences must be construed in

plaintiffs favor, and all allegations in the complaint are presumed true. <u>Maljack Prods., Inc. v.</u>

<u>Motion Picture Assn of Am., Inc.</u>, 52 F.3d 373, 375 (D.C.Cir.1995). 'However, the court need not

accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the

complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.' <u>Kowal</u>

<u>v. MCI Comm'cns Corp.</u>, 16 F.3d 1271, 1276 (D.C.Cir.2004). To survive a motion to dismiss,

plaintiffs factual allegations 'must be enough to raise a right to relief above the speculative level.'"

<u>Bell Atl.</u>, 127 S.Ct. at 1965.

### IV.    ARGUMENTS

### A.    PLAINTIFFS' COUNT ONE FAILS TO STATE A CLAIM FOR FRAUD

Pursuant to Count One of the Complaint, Plaintiffs attempt to assert a claim for "fraud

against all Defendants. It is established that, "[F]raud claims are subject to strict pleading

requirements." <u>Atraqchi v GUMC United Billing Services</u>, 788 A.3d 559, 562 (D.C. 2002). The

District of Columbia Court of Appeals stated that,

> Fraud is never presumed and must be particularly pleaded. It must
> be established by clear and convincing evidence, which is not
> equally consistent with either honesty or deceit. The essential
> elements of common law fraud are: (1) a false representation (2) in
> reference to material fact; (3) made with knowledge of its falsity,
> (4) with the intent to deceive, and (5) action is taken in reliance

> upon the representation. One pleading fraud must allege such facts
> as will reveal the existence of all the requisite elements of fraud.
> **Facts which will enable the court to draw an inference of
> fraud must be alleged, and allegations in the form of
> conclusions on the part of the pleader as to the existence of
> fraud are insufficient.**

<u>Atraqchi v GUMC United Billing Services</u>, 788 A.3d 559, 562 (Additional citations omitted). (Emphasis supplied.)

In addition, Rule 9(c) of the Federal Rules of Civil Procedure [the "Rules"], states in pertinent that "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Plaintiffs' Count One fails to satisfy this fundamental requirement that the factual basis for a claim of fraud must be stated with particularity. Plaintiffs' Count One contains nothing more than generalized conclusions regarding Defendants' alleged "fraud."  Specifically, Plaintiffs allege that Defendants "aided and abetted" each other and committed "fraud in preparing and recording the noted documents."  Complaint at ¶30.  Plaintiffs further assert that Defendants and the Co-Defendants defrauded Plaintiffs by "stealing their money title and equity in their residence." <u>Id</u>. at ¶31.

Plaintiffs' sole specific allegation against Defendants is that Defendant Jewell Bell-Smith contacted Plaintiffs and advised them that she was the owner of the Property. <u>Id</u>. at ¶12. Based upon Plaintiffs' sale of the Property and the Deed executed by Plaintiffs conveying the Property to Defendants, the  statement was accurate.

The gravaman of Count One is that Defendant C& O Property Solutions ["Defendant Property Solutions"] represented to Plaintiffs that their Property would be placed in a program whereby Plaintiffs would reacquire the Property after six (6) months by refinancing. <u>Id</u>. at ¶¶25-28.

The foregoing allegations contain no specific facts to establish that Defendants made any representations to Plaintiffs regarding the sale of the Property or a subsequent refinance by Plaintiffs.

In particular, Plaintiffs fail to identify a single specific act whereby Defendants "aided or abetted" any of the Co-Defendants in making false representations to Plaintiffs. Defendants submit that Plaintiffs' Count One is devoid of such specific assertions against Defendants because no such conduct occurred.

In the same manner, Plaintiffs have provided no basis for their claim that Defendants "prepared and recorded" the "noted documents." It is manifest that Defendants, as purchasers of the Property would neither prepare nor record the transaction documents. This is particularly evident in this case, where a settlement company, Defendant EK settlements, Inc. is a party defendant.

Plaintiffs' Count One contains precisely the type of conclusory allegations that have been consistently rejected by Courts as insufficient to state a claim for fraud. Plaintiffs' general assertions against Defendants also fail to meet the express terms of Rule 9(c), which requires that the "circumstances constituting fraud" must be stated with particularity.

It is manifest that Plaintiffs' Count One contains no specific facts or circumstances which support their claim that Defendants made misrepresentations to Plaintiffs or assisted other Co-Defendants in such conduct. Plaintiffs' Count One fails to claim upon which relief may be granted against Defendants, and should be dismissed.

**B.    PLAINTIFFS' COUNT TWO FAILS TO STATE A CLAIM FOR VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT**

Plaintiffs' Count Two attempts to assert a cause of action against Defendants for an alleged

violation of the District of Columbia Consumer Procedures Act ["CPPA"], Code Sec. 283901, et seq. Plaintiffs' claim is based upon Code §28-3904(e) and (f), which prohibits misrepresentations of material facts or a failure to state material facts, if such "failures tends to mislead." Complaint at ¶40.

Plaintiffs' Count Two is a restatement of Count One, and is based upon exactly the same generalized allegations of fraud. Specifically, Plaintiffs allege as follows:

> 42.    The allegation of Count I are incorporated additionally and cumulatively as violations of the CPPA.

> 43.    Defendants Jewel Bell-Smith, Darryl A. Smith EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc. C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code sections 28-3904(e) and (f) by making misrepresentations of material facts or by failing to state material facts, as described in Count I. Defendants made these statements of fact with the knowledge that they were false or that their omission would create a false understanding.

Complaint at ¶¶42-43.

As discussed in Section IV(A), above, Plaintiffs have failed to identify any specific intentional misrepresentation of a material fact by Defendants to Plaintiffs regarding the sale of the Property. Plaintiffs have also failed to provide any specific act or conduct whereby Defendants may have "aided and abetted" the Co-Defendants in such alleged "fraud." Plaintiffs' Count Two is therefore deficient, and fails to state a claim for violation of the CCCP.

### C.    COUNTS THREE AND FOUR FAIL TO STATE A CLAIM AGAINST DEFENDANTS

Plaintiffs' Count Three attempts to assert a claim for violation of the District of Columbia Loan Shark Act, Code § 26-901. et seq. [the "Act"]. The Act prohibits the "business of loaning money in excess of a certain rate." Plaintiffs have alleged no facts that state or suggest that Defendants were engaged in the business of lending money, at any time. Moreover, Plaintiffs'

Exhibit Nos. 2 and 3 establish that Defendants were **borrowers** pursuant to Plaintiffs' sale of the Property.  Plaintiffs' Count Three therefore fails to state a claim against Defendants and should be dismissed.

Similarly, Plaintiffs' Count Four is apparently premised upon Defendants' alleged failure to provide "material disclosures" regarding the loans referenced in Count III.  As stated above, nothing in the Complaint establishes that Defendants were lenders or were otherwise involved in providing loans pursuant to Plaintiffs' sale of the Property. Plaintiffs' Count Four therefore to state a claim upon which relief may be granted against Defendants.

**D.    COUNT FIVE FAILS TO STATE A CLAIM FOR VIOLATION OF THE DC CONSUMER CREDIT SERVICES ACT**

Plaintiffs' Count Five attempts to allege a cause of action against Defendants for violation of the DC Consumer Credit Services Act, D.C. Code § 28-4601, et seq. As previously stated, Defendants were the purchasers of the Property.  Plaintiffs have provided no basis to support their allegation that Defendants somehow conducted business as a consumer credit service organization or in any way provided services as such an organization "credit organization."

Specifically, the "basis" of Plaintiffs' claim is that Defendants "acted as a 'consumer credit organization' by soliciting Plaintiffs or aiding and abetting said solicitation of Plaintiff…" Complaint at ¶70. Despite this generalized claim, Plaintiffs' sole specific allegation of any contact between Plaintiffs and Defendants occurred more than six months subsequent to the closing of the sale of the Property to Defendants. Id. at ¶¶11 and 12. As a result, Plaintiffs cannot demonstrate that Defendants somehow solicited them in an effort to "extend credit" to Plaintiffs.

In the same manner, Plaintiffs have stated no specific facts as to any conduct whereby Defendants "aided and abetted" certain Co-Defendants in soliciting the Plaintiffs. Count Five contains no representations that Defendants discussed any "extensions of credit" with Plaintiffs.

The generalized allegations regarding aiding and abetting are therefore insufficient to establish a claim for violation of the DC Consumer Credit Services Act.

Plaintiffs' Count Five fails to set forth any specific acts which may establish that the Defendants acted as a credit service organization, at any time, regarding Plaintiffs' sale of the Property.  Count Five therefore fails to state a claim against Defendants and should be dismissed.

### E.    COUNT EIGHT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs' attempt to assert a claim for conversion under Count Eight, based upon their allegations that they had a right to the cash proceeds and closing costs from the sale of the Property. Plaintiffs allege that  "[T]he settlement funds were not disbursed for the benefit of the Plaintiffs and Defendants acted to exclude Plaintiffs' rights to the funds." Complaint at ¶85. Plaintiffs also include a general allegation regarding the Property and assert, in pertinent part, that the Plaintiffs' "residential property and title" were "intentionally taken with the agreement of the Plaintiffs," and without consent, permission, justification, and consideration…" Id. at ¶86. Defendants maintain that Plaintiffs' allegations fail to state a claim for conversion of both the proceeds of the sale or the "residential property".

It is established that "[T]he tort of conversion involves "an unlawful exercise of ownership, dominion and control over the personalty of another in denial or repudiation of his rights to such property." Dennis v. Edwards, 831 A.2d 1006, 1013 (D.C. 2003) (Additional citation omitted). Further, "[A] conversion may be said to relate to the moment of taking." Id.  (Additional citation omitted.)

In this case, Plaintiffs have admitted that they executed a Deed conveying the Property to Defendants.  Complaint at ¶13, Exhibit No. 1.  Plaintiffs have not disputed that Defendants paid Four Hundred Twenty-Five Thousand Dollars ($425,000.00) for the Property and that a Deed of

Trust securing Defendant's payment of the second loan was recorded against the Property. Id.,

Exhibit No. 3.  Plaintiffs have also not denied that the  proceeds of the loans obtained by

Defendants were used, in part, to satisfy Plaintiffs' existing indebtedness against the Property.

As noted, conversion requires an unlawful exercise of ownership over the personalty of

another in denial or repudiation of his rights to such property.  Dennis v. Edwards, 831 A.2d 1006,

1013 (D.C. 2003).  Plaintiffs have not disputed that they executed the Deed and, presumably, the

HUD 1 Settlement Statement pursuant to their sale of the Property to Defendants.  As a result,

Plaintiffs cannot claim that the conveyance of the Property was unlawful.  Plaintiffs consented to

and permitted the conveyance.

Based upon Plaintiff's admissions regarding their December 2005 transfer of the Property,

Plaintiffs have failed to state a claim for conversion.  Defendants submit that this Count should be

dismissed as to Defendants accordingly.

F.    **PLAINTIFFS FAIL TO STATE A CLAIM FOR INJURIOUS
        FALSEHOOD DISPARAGEMENT AND SLANDER OF TITLE**

Plaintiffs attempt to assert a cause of action for "Injurious Falsehood, Disparagement and

Slander of Title" against all Defendants under Count Nine. The apparent basis of Plaintiffs' claim

is that Defendants "published and recorded a Deed" in the name of Defendant Jewell Bell-Smith

and Darryl A. Smith."  Complaint at ¶91.  Plaintiffs allege that the Deed was "false" and that

Defendants acted with malice and reckless disregard for the truth in recording the Deed.  Id.  at

¶92.

As a preliminary matter, Defendants note again that the purported "false Deed" was

executed by Plaintiffs, apparently without objection, pursuant to Defendants' purchase of the

Property for the sum of Four Hundred Twenty-Five Thousand Dollars ($425,000.00). Plaintiffs

also accepted the HUD-1 Settlement Statement as accurate, as part of the sale. Plaintiffs also admit

that they received Twenty Thousand Dollars ($20,000.00) from the sale proceeds. Complaint at ¶10.

Despite the foregoing, Plaintiffs attempt to assert an action styled as "Injurious Falsehood Disparagement and Slander of Title." Complaint at ¶90. Plaintiffs primary allegation, and according to Plaintiffs, a necessary element for this claim, is that "Defendants published a falsehood" which disparaged the quality ownership or rights of Plaintiffs' property. Id.

Defendants submit that the Deed, a valid and fully executed public document, recorded in the Land Records of the District of Columbia, is neither false nor disparaging of the rights of Plaintiffs regarding the Property. Plaintiffs do not dispute that they signed the Deed, accepted the benefit of having their existing mortgage against the Property fully satisfied and received payment of Twenty Thousand Dollars ($20,000.00).

The Deed conveying the Property to Defendants was therefore valid and truthful, and accurately described the ownership and rights of the Property. The Deed disclosed correctly that the Property conveyed to the Defendants pursuant to the December 2005 sale. Nothing in the Deed or in the recordation of the Deed "disparaged" or misrepresented the status of Plaintiffs' rights of ownership after December 28, 2005.

Plaintiffs' claim that other Co-Defendants had represented that Plaintiffs could "refinance" and acquire title to the Property does not affect the legitimacy of the Deed dated December 28, 2005. Plaintiffs' claims that the Deed was in any manner false is therefore baseless and should be rejected.

Finally, Plaintiffs' allegation that Defendants acted with "actual malice or reckless disregard for the truth" is also unsupported by any specific factual allegation against Defendants.

Based upon the foregoing, Count Nine fails to state a claim against Defendants and should be dismissed.

### G.    COUNT TEN FAILS TO STATE A CLAIM
####    FOR UNJUST ENRICHMENT

In Count Ten of their Complaint, Plaintiffs attempt to allege a cause of action for Unjust Enrichment.  Plaintiffs' Count Ten consists of general claims that certain Defendants "misappropriated" their "real, property, record title and/or money" and knowingly accepted the fraudulent benefit of such items.  Complaint at ¶¶95-96.  Plaintiffs further assert that Defendants have retained Plaintiff's property "despite having no legal or equitable claim thereto," and that it would be "inequitable" to permit the Defendants submit that Plaintiff's overbroad allegations do not establish a claim for unjust enrichment.  In general,

> "Unjust enrichment occurs when a person retains a benefit
> (usually money) which in justice and equity belongs to another."
> 4934, Inc. 605 A.2d at 55.  The party who retains the benefit is
> obliged to make restitution to the person who conferred the benefit
> " 'if the circumstances of its receipt of retention are such that, as
> between the two persons, it is unjust for [the recipient] to retain it.' "
> Id.  at 56 quoting RESTATEMENT OF RESTITUTION §1 cmt. C (1937).

Kramer Associates, Inc. v. Ikam, Ltd., 888 A. 2d 247, 254 (D.C. 2005).

In this case, the undisputed facts, as alleged by Plaintiffs, demonstrate that Defendants paid approximately Four Hundred Twenty-Five Thousand Dollars ($425,000.00) for the Property, and that a portion of the proceeds of the sale price were applied to pay Plaintiff's existing mortgage against the Property.  Further, according to the Deed of Trust, Defendants incurred substantial debt obligations as a result of their purchase of the Property.

The critical element of a claim for unjust enrichment is that a person confers a benefit which is then retained unjustly by the recipient. In this case, Plaintiffs have failed to demonstrate that they conferred a "benefit" on the Defendants. There is no dispute that Defendants purchased

the Property for Four Hundred Twenty-Five Thousand Dollars ($425,000.00) and obtained title to

the Property accordingly. Plaintiffs do not allege or suggest that the sale price was inadequate, or

that they somehow otherwise conferred any type of "benefit" upon the Defendants as purchasers.

The Defendants' "receipt" of title to the Property was appropriate based upon their

payment of the purchase price for the Property.  Plaintiff conferred no "benefit" upon Defendants

by conveying the Property to Defendants for the full purchase price. In the absence of any such

"benefit" Plaintiffs cannot state a claim for unjust enrichment against Defendants.

### H.    PLAINTIFFS HAVE FAILED TO STATE A SUFFICIENT FACTUAL BASIS FOR DECLARATORY JUDGMENT. COUNT THIRTEEN SHOULD THEREFORE BE DISMISSED

Plaintiff's Count Thirteen attempts to assert a cause of action against all Defendants for

Declaratory Judgment. The gravaman of Plaintiff's Count Thirteen is that Defendants Jewell Bell-

Smith "fraudulently procured" from Defendants a loan and first mortgage lien against Plaintiff's

Property…" Complaint at ¶112.  Plaintiffs further allege that Defendants converted money, real

property and title, breached contractual relations.  Id. at ¶111.  Defendants incorporate by reference

herein Sections IV(A) through (G), above, and IV(I), below and submit that, based upon Plaintiffs'

failure to state causes of action under Counts One, Two, Three, Four, Five, Eight, Nine, Ten and

(misnumbered) Seventeen, there exists no "actual controversy" or justiciable issue" between

Plaintiffs and Defendants.  As a result, Plaintiffs are entitled to no relief under Count Thirteen.

### I.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM TO QUIET TITLE

Plaintiff's final Count (misnumbered "Seventeen") seeks to "quiet title" to the Property.

Defendants incorporate by reference herein Sections IV(A) through (H), above, and, maintain that

because Plaintiffs have failed to establish causes of action against Defendants, Plaintiffs therefore

are entitled to no relief under a claim to quiet title.  Plaintiffs' final Count should be dismissed accordingly.

### V.    <u>CONCLUSION</u>

Pursuant to the Complaint, Plaintiffs attempt to allege that the sale of the Property to Defendants was fraudulent, and violated several DC Code statutes. At the same time, Plaintiffs admit that Defendants purchased the Property  for the sum of Four Hundred Twenty-Five Thousand Dollars ($425,000.00) and that the proceeds of the sale were applied, in part to satisfy the Plaintiffs' existing indebtedness against the Property. Plaintiffs further acknowledge that they received Twenty Thousand Dollars ($20,000.00) from the proceeds of the sale and that they executed a Deed conveying all right title and interest in the Property to Defendants.

Plaintiffs also allege that Defendant Charles represented that they would "enter a program" to "refinance" the Property after six months, and "get out of the foreclosure program." Complaint at ¶8. After six months, Plaintiffs state that they contacted Defendant Charles who advised them that a refinance was "not appropriate" at that time. <u>Id</u>. at ¶8. The sole communication from Defendants to Plaintiffs occurred when Defendant Jewell Bell-Smith contacted Plaintiff, after the six month period, and advised Plaintiffs that Defendants were the owners of the Property. <u>Id</u>. at ¶12.

Based upon the foregoing, Defendants maintain that Plaintiffs' Count One and Two fail to state claims for fraud or violation of the District of Columbia Code, CPPA. Plaintiffs' Complaint contains no specific allegations regarding the purported misrepresentations or actual conduct committed by Defendants which Plaintiff claim as fraudulent. Plaintiffs' failure to support Counts One and Two with specific factual assertions, demonstrates that Plaintiffs cannot state a claim for fraud against Defendants.

13

Defendants also submit that Plaintiffs fail to state claims under Counts Three, Four and Five. Plaintiffs have alleged no facts that Defendants were lenders or offered Plaintiffs loans as part of the sale. Plaintiffs' actions for violation of consumer lending and usury laws are therefore without merit.

Plaintiffs' Count Eight, Nine and Ten are also deficient. Plaintiffs claim that Defendants wrongfully obtained title to the Property. At the same time, Plaintiffs do not dispute that Defendants paid Four Hundred Twenty-Five Thousand Dollars ($425,000.00) for the Property, or that Plaintiffs received Twenty Thousand Dollars ($20,000.00) from the sale. Any assertion by Plaintiffs that Defendants "wrongfully" acquired the Property or were unjustly enriched is precluded by Plaintiff' own allegations. Moreover, Counts Eight, Nine and Ten are, in effect, based upon Plaintiffs' claims of fraud. As discussed above, Plaintiffs have failed to set forth cognizable actions against Defendants for any purported fraud. Plaintiffs' Counts Eight, Nine and Ten therefore fail to state claims against Defendants and should be dismissed.

Finally, because Plaintiffs have failed to state causes of action against Defendants, their request for declaratory relief must also fail. Plaintiffs have not set forth a justiciable issue between Plaintiffs and Defendants. Plaintiffs' request for a declaratory judgment is therefore without basis.

In the same manner, Plaintiffs' final Count fails to provide a basis for any relief regarding "quieting title." Plaintiffs have not established a valid basis for a challenge to their conveyance of all right, title and interest in the Property by the Deed they executed on or about December 28, 2005. Plaintiff's Counts Thirteen and "Seventeen" should be dismissed accordingly.

Respectfully submitted,

MCNAMEE HOSEA JERNIGAN KIM
GREENAN & WALKER, P.A.

**/s/ Christopher L. Hamlin**
Christopher L. Hamlin, Esquire (Fed. Bar. No. 04597 Md)
Mark W. Schweitzer, Esquire (Fed. Bar No. 14402 Md.)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
chamlin@mhlawyer.com

Attorneys for Defendants Jewell Bell-Smith, et al.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **4th day of August, 2008**, a copy of the foregoing

Memorandum in Support of Defendants Jewell Bell-Smith and Darryl Smith's Motion to

Dismiss Verified Complaint for Declaratory Judgment and Other Relief, was mailed, by first

class mail, postage prepaid, and served electronically to those persons and entities entitled to

receive Notice of Electronic Filing in this case, including the following:

Dawn Anderson-Jackson, Esquire
Baylor and Jackson, P.L.L.C.
1025 Connecticut Avenue, Suite 1202
Washington, D.C. 20036

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano, Gallagher & Deblasis, L.L.P.
4601 Forbes Boulevard
P.O. Box 40
Lanham, Maryland 20703

Heather S. Deane, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036

**/s/ Christopher L. Hamlin**
Christopher L. Hamlin

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**GAVIN M. CHEN,  et al.**

|                    |       |                                   |
|--------------------|-------|-----------------------------------|
| **Plaintiffs**     | *     | **CIVIL ACTION NO. 1:08-CV-0999-JR** |
|                    | *     |                                   |
| **v**              | *     |                                   |
|                    | *     |                                   |
| **JEWELL BELL-SMITH, et al** | * |                               |
|                    | *     |                                   |
| **Defendants**     | *     |                                   |

**ORDER DISMISSING VERIFIED COMPLAINT FOR
DECLARATORY JUDGMENT AND OTHER RELIEF**

**UPON CONSIDERATION** of Defendants Jewell Bell-Smith and Darryl A. Smith's Motion

to Dismiss Verified Complaint for Declaratory Judgment and Other Relief, and any response thereto,

and this Court having found that just and sufficient cause exists for granting the relief requested, it is

by the United States District Court for the District of Columbia hereby,

**ORDERED,** that Plaintiffs' Verified Complaint for Declaratory Judgment and Other Relief

be and is dismissed as to Defendants Jewell Bell-Smith and Darryl A. Smith.


_____
Judge James Robertson
United States District Judge

Copies to :

Christopher L. Hamlin, Esquire
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Dawn Anderson-Jackson, Esquire
Baylor and Jackson, P.L.L.C.
1025 Connecticut Avenue, Suite 1202
Washington, D.C. 20036

1

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano, Gallagher & Deblasis, L.L.P.
4601 Forbes Boulevard
P.O. Box 40
Lanham, Maryland 20703

Heather S. Deane, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036