# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GAVIN M. CHEN, *et al.*  :

Plaintiffs,  :

v.  :  **1:08cv00999**

:  **Judge James Robertson**

JEWELL BELL-SMITH, *et al.*  :

:

Defendants.  :

## DEFENDANT MORTGAGESTAR, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, MortgageStar, Inc. (hereinafter "Defendant" or "this Defendant"), by and through its counsel, Bonner Kiernan Trebach & Crociata, LLP, states as follows in response to Plaintiffs' Complaint:

In response to the specific allegations set forth in Plaintiffs' Complaint, Defendant states as follows:

## INTRODUCTION

1.      Paragraph 1 of Plaintiffs' Complaint sets forth the explanatory statements and/or legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

2.      Paragraph 2 of Plaintiffs' Complaint sets forth the explanatory statements and/or legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

3.      Defendant denies the allegations set forth in Paragraph 3 of Plaintiffs' Complaint as they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with

which to respond to the remaining allegations in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof

4.      Defendant denies the allegations set forth in Paragraph 4 of Plaintiffs' Complaint as they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof

5.      Defendant is without sufficient information or knowledge with which to respond to Paragraph 5 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

## FACTS

6.      Defendant is without sufficient information or knowledge with which to respond to Paragraph 6 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

7.      Defendant is without sufficient information or knowledge with which to respond to Paragraph 7 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

8.      Defendant is without sufficient information or knowledge with which to respond to Paragraph 8 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

9.      Defendant is without sufficient information or knowledge with which to respond to Paragraph 9 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

10.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 10 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

11.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 11 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

12.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 12 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

13.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 13 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

14.     Defendant denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15.     Paragraph 15 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

**PARTIES**

16.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 16 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

17.     Defendant is without sufficient information or knowledge with which to respond to Paragraph 17 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

18.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 18 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

19.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 19 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

20.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 20 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

21.    Defendant admits it is a mortgage brokerage company.  The remaining allegations set forth in Paragraph 21 are denied.

22.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 22 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

23.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 23 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

**COUNT ONE**

**(FRAUD – ALL DEFENDANTS)**

24.    The allegations set forth in Paragraph 24 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

25.    The allegations set forth in Paragraph 25 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof

26.    The allegations set forth in Paragraph 26 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof.

27.    The allegations set forth in Paragraph 27 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof.

28.    The allegations set forth in Paragraph 28 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof.

29.    Defendant is without sufficient information or knowledge with which to respond to Paragraph 29 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

30.    Paragraph 30 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

31.    Paragraph 31 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

32.    Defendant denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint as they apply to MortgageStar, Inc. Defendant is without sufficient information or knowledge with

which to respond to the remaining allegations in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

33.     Paragraph 33 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

34.     Paragraph 34 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

35.     Paragraph 35 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

The relief requested in Count One of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT TWO

### (Violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code, sections 28-3901, et seq. – All Defendants)

36.     Defendant adopts and incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

37.     Paragraph 37 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

38.    Paragraph 38 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

39.    Paragraph 39 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

40.    Paragraph 40 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

41.    Paragraph 41 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

42.    Further, Paragraph 42 of Plaintiffs' Complaint sets forth the explanatory statements and/or legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

43.    Paragraph 43 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

44.    Paragraph 44 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

45.     Paragraph 45 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

46.     Paragraph 46 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

The relief requested in Count Two of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

### COUNT THREE

**(Violation of the D.C. Loan Shark Act, D.C. Code, sections 28-901, *et seq.* – Defendants Jewell Bell-Smith, Darryl A. Smith, C&O Property Solutions, and Carline Charles)**

47.     Defendant adopts and incorporates its responses to Paragraphs 1 through 46 as if fully set forth herein.

48.     Paragraph 48 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

49.     Defendant denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint as they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 49 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

50.    The allegations set forth in Paragraph 50 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof.

51.    Paragraph 51 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

52.    Paragraph 52 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

53.    Paragraph 53 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

The relief requested in Count Three of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT FOUR

**(Violation of the D.C. Interest and Usury Law, D.C. Code, section 28-3301,– All Defendants)**

66.    Defendant adopts and incorporates its responses to Paragraphs 1 through 65 as if fully set forth herein.

67.     Paragraph 67 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

The relief requested in Count Four of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

### COUNT FIVE

**(Violation of the D.C. Consumer Credit Services Amendment Act, D.C. Code, sections 28-4601, *et seq*. – Defendants Jewell Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles)**

68.     Defendant adopts and incorporates its responses to Paragraphs 1 through 67 as if fully set forth herein.

69.     The allegations set forth in Paragraph 69 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

70.     The allegations set forth in Paragraph 70 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

71.     The allegations set forth in Paragraph 71 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

72.     The allegations set forth in Paragraph 72 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

The relief requested in Count Five of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

### COUNT SIX

**(Violation of the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. SECTION 2601 et seq. – All Defendants)**

73.     Defendant adopts and incorporates its responses to Paragraphs 1 through 72 as if fully set forth herein.

As Plaintiffs have withdrawn Count Six of the Complaint, Paragraphs 74 through 77 of Plaintiffs' Complaint require no response.  If a responses are required, Defendant deny the allegations set forth in Paragraphs 74-77, denies Plaintiffs' Prayer, and requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

### COUNT SEVEN

**(Breach of Fiduciary Duty – Defendants EK Settlements, Inc., Pinnacle Financial Corporation, and Mortgagestar, Inc.)**

78.     Defendant adopts and incorporates its responses to Paragraphs 1 through 77 as if fully set forth herein.

79.    Paragraph 79 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

80.    Paragraph 80 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

81.    Paragraph 81 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

82.    Paragraph 82 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

83.    Paragraph 83 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

84.    Paragraph 84 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

The relief requested in Count Seven of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## **COUNT EIGHT**

### **(Conversion – All Defendants)**

84.[1]    Defendant adopts and incorporates its responses to Paragraphs 1 through 84 as if fully set forth herein.

85.    Paragraph 85 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

86.    Paragraph 86 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

87.    Defendant denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc. Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 87 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

88.    Defendant denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc. Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 88 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

The relief requested in Count Eight of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment

---

[1] Plaintiffs' Complaint includes two Paragraphs numbered Paragraph 84; however, this Defendant's Answer corresponds Plaintiffs' original numbering.

13

entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT NINE

### (Injurious Falsehood, Disparagement, and Slander of Title– All Defendants)

89.     Defendant adopts and incorporates its responses to Paragraphs 1 through 88 as if fully set forth herein.

90.     Paragraph 90 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

91.     Defendant denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 91 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

92.     Defendant denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc..  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 92 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

93.     Defendant is without sufficient information or knowledge with which to respond to the allegations in Paragraph 93 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

The relief requested in Count Nine of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment

entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT TEN

### (Unjust Enrichment – All Defendants)

94.     Defendant adopts and incorporates its responses to Paragraphs 1 through 93 as if fully set forth herein.

95.     Defendant denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 95 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

96.     Defendant denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc.  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 96 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

97.     Defendant denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc..  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 97 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

98.     Paragraph 98 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

        The relief requested in Count Ten of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment

entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT ELEVEN

**(Breach of Contract – Defendants EK Settlements, Inc., Pinnacle Financial Corporation, Mortgagestar, Inc., C&O Property Solutions)**

99.     Defendant adopts and incorporates its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.    The allegations set forth in Paragraph 100 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant.  If a response is required, Defendant denies the allegations and demands strict proof thereof.

101.    Defendant admits that it did not provide any services to Plaintiff.  The remaining allegations set forth in Paragraph 101 are denied.

102.    Defendant denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc..  Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 102 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

103.    Paragraph 103 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the allegations.

        The relief requested in Count Eleven of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.  If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## **COUNT TWELVE**

### **(Negligence Against EK Settlements, Inc., and Mortgagestar, Inc.)**

104.    Defendant adopts and incorporates its responses to Paragraphs 1 through 103 as if fully set forth herein.

105.    Paragraph 105 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.    If a response is required, Defendant denies the allegations.

106.    Paragraph 106 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.    If a response is required, Defendant denies the allegations.

107.    Paragraph 107 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.    If a response is required, Defendant denies the allegations.

108.    Paragraph 108 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response.    If a response is required, Defendant denies the allegations.

The relief requested in Count Twelve of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response.    If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT THIRTEEN

### (Declaratory Judgment, D.C. SCR Civil Rule 57 – All Defendants)

109.    Defendant adopts and incorporates its responses to Paragraphs 1 through 108 as if fully set forth herein.

110.    Paragraph 108 of Plaintiffs' Complaint sets forth the explanatory statements and/or legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

111.    Paragraph 111 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

112.    The allegations set forth in Paragraph 112 of Plaintiffs' Complaint do not apply to MortgageStar, Inc. and therefore do not require a response by this Defendant. If a response is required, Defendant denies the allegations and demands strict proof thereof.

113.    Paragraph 113 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

114.    Paragraph 114 of Plaintiffs' Complaint are the explanatory statements and/or legal and/or factual conclusions of the pleaders and requires no response. legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

115.    Paragraph 115 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

The relief requested in Count Thirteen of Plaintiffs' Complaint constitutes the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and attorneys' fees.

## COUNT SEVENTEEN[2]

### (Quiet Title – All Defendants)

116.    Defendant adopts and incorporates its responses to Paragraphs 1 through 115 as if fully set forth herein.

117.    Paragraph 117 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

118.    Defendant denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc. Defendant is without sufficient information or knowledge with which to respond to the remaining allegations in Paragraph 118 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

119.    Paragraph 119 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions of the pleaders and requires no response. If a response is required, Defendant denies the allegations.

120.    Defendant denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint to the extent they apply to MortgageStar, Inc. Defendant is without sufficient information or

---

[2] Plaintiffs' Complaint does not include Counts numbered Fourteen, Fifteen or Sixteen, but proceeds directly to Count Seventeen. This Defendant's Answer corresponds to Plaintiffs' original numbering.

knowledge with which to respond to the remaining allegations in Paragraph 120 of Plaintiffs'
Complaint and, therefore, denies same and demands strict proof thereof.

121.    Paragraph 121 of Plaintiffs' Complaint sets forth the legal and/or factual conclusions
of the pleaders and requires no response.  If a response is required, Defendant denies the
allegations.

The relief requested in Count Thirteen of Plaintiffs' Complaint constitutes the legal
and/or factual conclusions of the pleaders and requires no response.  If a response is required,
Defendant denies the Prayer, requests that the Complaint be dismissed and/or judgment
entered in favor of Defendant, and that Defendant be awarded all costs, expenses, and
attorneys' fees.

All allegations not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant pleads the following Affirmative Defenses to Plaintiffs' Complaint:

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims may be barred or diminished by Plaintiffs' own sole or contributory
negligence, which negligence was the proximate cause of all or part of their damages.

### THIRD DEFENSE

If Plaintiffs sustained any damages as alleged, such were caused or contributed to by the
knowing assumption of the risk by Plaintiffs.

## FOURTH DEFENSE

Plaintiffs have failed to take due and appropriate care in the mitigation of their alleged damages and recovery therefore is barred in whole or in part.

## FIFTH DEFENSE

Plaintiffs' alleged damages were directly and proximately caused by the acts and conduct of other persons, entities, defendants and/or third parties over which Defendant exercised no control or right of control.

## SIXTH DEFENSE

Some or all of the claimed damages are attributable to intervening an/or superseding acts of negligence, breaches and/or the acts of others.

## SEVENTH DEFENSE

Defendant states that the causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the applicable statute of limitations and/or statute of repose.

## EIGHTH DEFENSE

The recovery of all or part of Plaintiffs' alleged damages may be barred by the statute of frauds and/or the applicable doctrines of estoppel, equitable estoppel, lack of privity, truth, economic loss rule, release, payment, lack of malice, misjoinder, nonjoinder, waiver, release, bad faith, and/or unclean hands.

## NINTH DEFENSE

Plaintiff has failed to join all necessary and indispensable parties.

### TENTH DEFENSE

Defendant states that the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the doctrine of laches.

### ELEVENTH DEFENSE

Defendant asserts the defense of accord and satisfaction.

### TWELFTH DEFENSE

Defendant asserts the defense of insufficiency of service and/or insufficiency of service of process.

### THIRTEENTH DEFENSE

Defendant states that the cause or causes of action allegedly set forth in the Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

### FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by applicable statutes set forth in the relevant portions of the District of Columbia Code.

### FIFTEENTH DEFENSE

Defendant met all applicable standards of care.

### SIXTEENTH DEFENSE

Plaintiffs' claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiffs.

## SEVENTEENTH DEFENSE

Defendant denies all allegations of violation D.C. Code §28-3901, *et seq.*

## EIGHTEENTH DEFENSE

Defendant denies all allegations of violation of D.C. Code §28-3301, *et seq.*

## NINETEENTH DEFENSE

Plaintiffs' recovery is barred as they lack standing and/or privity of contract to bring some or all of their claims.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred because no contract existed between the Plaintiffs and Defendant.

## TWENTY-FIRST DEFENSE

Plaintiffs' recovery is barred as they are not successors in interest or appropriate parties to any contract with Defendant.

## TWENTY-SECOND DEFENSE

Defendant denies that it is liable to the Plaintiffs for damages in any amount.

## TWENTY-THIRD DEFENSE

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, these premises considered, Defendant MortgageStar, Inc. prays that the Court:

1.      Dismiss with prejudice the Complaint; or alternatively:

2.    Enter judgment for the Defendant MortgageStar, Inc.;

3.    Grant Defendant MortgageStar, Inc. its attorney's fees and costs; and

4.    Grant such other and further relief that this Court deems just and proper.

Dated: August 6, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/S/ Heather S. Deane
Alan S. Block, Esq., D.C. Bar No. 431010
Heather S. Deane, Esq. D.C. Bar No. 471834
Attorney for Defendant Mortgage Star, Inc.
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
**hdeane@bktc.net**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant MortgageStar, Inc.'s

Answer to Plaintiff's Complaint was served electronically, and via first-class mail, postage

prepaid, this 6th day of August, 2008 on:

Brynee K. Baylor, Esq.
Dawn P. Jackson, Esq.
Baylor & Jackson, PLLC
1025 Connecticut Avenue, N.W.
Suite 1202
Washington, D.C. 20036
Counsel for Plaintiffs

Erik H. Nyce, Esq.
DeCaro, Doran, Siciliano, Gallagher, & DeBlasis, LLP
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
Counsel for Defendant EK Settlements, Inc.

Christopher L. Hamlin, Esq.
Mark W. Schweitzer, Esq.
McNamee Hosea Jernigan Kim Greenan & Walker, PA
6411 Ivy Lane, Suite 200
Greebelt, MD 20770
Counsel for Defendans Jewell Bell-Smith and Darryl A. Smith

Pinnacle Financial Corporation
4102 S. 31st St.
Temple, TX 76542

C&O Property Solutions, LLC
14625 Baltimore Ave. #185
Laurel, MD 20707

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707

/S/ Heather S. Deane_____
Heather S. Deane