**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GAVIN M. CHEN, *et. al.*                    :
                                            :
                                            :
            **Plaintiffs,**                 :
                                            :
v.                                          : **CIVIL ACTION NO:1:08-CV-00999-JR**
                                            :
JEWELL BELL-SMITH, *et. al.*                :
                                            :
            **Defendants.**                 :
_____            :

**PLAINTIFFS' OPPOSITION TO DEFENDANTS JEWELL BELL-SMITH AND
DARRYL SMITH'S MOTION TO DISMISS**

**COMES NOW**, Plaintiffs Gavin M. Chen and Sara Lee, by and through Counsel Dawn

R. Jackson of Baylor & Jackson, PLLC, to respectfully request this Honorable Court to deny

Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). In support of Plaintiffs'

position, the following is asserted:

**RELEVANT FACTS**

Plaintiffs, Gavin M. Chen and Sara Lee, seek relief and damages in connection with the

property located at 5011 14th Street NW, Washington, DC 20011. Plaintiffs needed money to

stop their home from being foreclosed upon. As a result, C&O Property Solutions contacted

Plaintiffs about a program to save the home from foreclosure. Plaintiffs were informed by C&O

Property Solutions that due to their impaired credit score and the pending foreclosure, they

would not be able to refinance their home. Carline Charles, a representative from C&O Property

Solutions, explained to Plaintiffs that they could enter into a program where their home would be

refinanced for six months, rebuild their credit, pay the monthly mortgage, and refinance the

1

property again to get out the foreclosure program. Subsequently, certain individuals arrived at Plaintiffs home and provided documents for Plaintiffs to sign.

Sometime after this transaction, an individual arrived at Plaintiffs' home with a check in the amount of Twenty Thousand Dollar ($20,000.00). After six months, Plaintiffs wanted to refinance their home, but were informed by C&O Property Solutions' representative, Carline Charles, that this was not the appropriate time for Plaintiffs to refinance. Subsequently, Plaintiff Sara Lee received a call from Defendant Bell-Smith indicating that she owned the property and the mortgage payments should be paid to Defendant Bell-Smith or directly to the mortgage company. Plaintiffs discovered through further investigation that Defendants took well over Two Hundred Thousand Dollars ($200,000.00) in equity from their home.

The Defendants fraudulently, knowingly, and maliciously induced Plaintiffs to transfer title to their home for little or no consideration under the guise of extending them a loan. Defendants promised to loan Plaintiffs money, and help Plaintiffs improve their credit score. Defendants also informed Plaintiffs that they were entering a program where it would hold title to the property for six months, then transfer it back to the Plaintiffs. Plaintiffs were informed that they could refinance their home. However, Plaintiffs were not informed that they would in effect be giving away their home for a mere Twenty Thousand Dollars ($20,000.00).

## STANDARD OF REVIEW

### Motion to Dismiss

As noted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which relief rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007);

see also *In re Estate of Curseen v. Ingersoll*, 890 A.2d 191 (2006). The *Bell Atlantic* opinion further explains that, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. *Bell Atlantic* 127 S.Ct at 1964. Instead, "factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that the allegations in the complaint are true (even if doubted in fact)." *Id.* At 1965.

A pleading should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Oparaugo v. Watts*, 884 A.2d 63 (D.C. 2005). Discovery should be granted where there is any possibility that information sought may be relevant to subject matter of an action. *Dunn v. Evening Star Newspaper Co.*, 232 A.2d 293 (D.C. 1967).

With these standards in mind, the Court should not grant Defendants Jewel Bell-Smith and Darryl Smith's Motion to Dismiss pursuant to rule 12(b)(6). Plaintiffs should be allowed to conduct discovery to help establish their case. Discovery will allow Plaintiffs to gather evidence to support their claim against Defendants Jewel Bell-Smith and Darryl Smith as well as to establish provable damages.

## ARGUMENT

## I.    THE FRAUD CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The essential elements of common law fraud are: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken by the plaintiff in reliance upon the representation, (6) which consequently resulted in provable damages. *Railan v. Katyal*, 766 A.2d 998 (D.C. 2001). In their Verified Complaint for Declaratory Judgment and Other Relief, the Plaintiffs plead the alleged fraud in the matter as follows:

14. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, willfully and intentionally concealed material facts and information from Plaintiffs herein, and these same Defendants refused to perform and failed to perform material parts of the contracts by and between the parties. As part of their fraudulent program scheme, these Defendants unlawfully induced Plaintiffs to transfer title to the property which is the subject of this proceeding, and these Defendants, jointly and severally, fraudulently and materially breached the terms and conditions of the contracts by and between the parties.

24. Defendant Property Solutions contacted Plaintiffs to discuss a way to prevent the foreclosure.

25. Defendant Property Solutions represented to Plaintiffs that it could obtain funds for Plaintiffs to improve their credit score and stop the pending foreclosure.

26. Defendant Property Solutions proposed a plan where Plaintiffs would refinance their home, improve their credit and have the ability to refinance after six months.

27. Defendant Property Solutions knew when it presented the plan to the Plaintiff that the arrangement proposed would place Plaintiffs in jeopardy of losing their home.

28. Defendant Property Solutions never informed Plaintiffs that in transferring title to their home

there would be any difficulty re-gaining their home.

29. Plaintiffs never attended a settlement, but received a check for Twenty Thousand Dollars ($20,000.00).

30. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles and their affiliates aided and abetted each other and have committed acts of intentional misrepresentation, deceit and fraud in preparing and recording the noted documents.

31. The Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles defrauded Plaintiffs by stealing their money, title, and equity in their residence.

32. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, at a minimum, received Two Hundred Thousand Dollars ($200,000.00), in cash for themselves from the Plaintiffs funds at the settlement.

33. The Defendants, jointly and severally, and their employees and affiliates willfully, intentionally, and deceitfully misrepresented and concealed facts regarding their intentions with respect to the Plaintiffs' money, residential property, and title, and Plaintiffs justifiably relied upon Defendants'

**willful, deceitful, and deliberate misrepresentations to their detriment.**

**34.    Plaintiffs were injured as a result of Defendants' conduct and are entitled to actual and consequential damages.**

**35.    Defendants' conduct was egregious, and was committed in wanton or willful disregard of Plaintiffs' rights, warranting the imposition of punitive damages.**

In this matter, the Plaintiffs have stated with specificity the underlying supporting facts regarding their cause of action as is required by Fed. R. Civ. P. 8, 9(b) and have specifically pled each element of the fraud claim. First, in Paragraph 14 Plaintiffs assert that Jewel Bell-Smith and Darryl Smith along with other Defendants "concealed material facts and information from Plaintiffs..."; in Paragraph 18 Plaintiffs assert that Defendant, Jewell Bell-Smith and Darryl Smith's credit and name were used in the fraudulent transaction at issue; and in Paragraph 29 Plaintiffs stated that they never attended a settlement. These statements together allege, with the required specificity, false representations which were made by the Defendants.

Second, the aforementioned statements allege material facts to which the false representations were made as the HUD 1 statement alone demonstrates the time, place and content of the misrepresentations. Additionally, Plaintiffs allege material facts to which false representations were made in Paragraph 91 which states that "on or about December 2005...Jewel Bell-Smith and Darryl Smith...published and recorded or caused to be published and recorded a Deed in the name of Defendants Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property."

Third, Plaintiffs allege, in Paragraph 33 as well as throughout the Complaint, that Defendants Jewel Bell-Smith and Darryl Smith had knowledge of the false representations. Fourth, in Paragraph 33 Plaintiffs also allege that Jewel Bell-Smith and Darryl Smith intended to deceive Plaintiffs.

Lastly, Plaintiffs have sufficiently alleged that they acted in reliance on Jewel Bell-Smith and Darryl Smith's misrepresentations. Plaintiffs' reliance on Defendants' misrepresentations is the basis for this legal action and is demonstrated throughout the entire Complaint. In Paragraph 13, Plaintiffs allege that they lost over Two Hundred Thousand Dollars ($200,000) in equity from their home. In Paragraph 14, Plaintiffs allege that the Defendants' actions induced Plaintiffs to transfer title to their property which is the subject of this litigation. Furthermore, all of the previously mentioned sections of the Complaint, taken as a whole, demonstrate Plaintiffs' reliance upon and loss due to the misrepresentations, in which Jewel Bell-Smith and Darryl Smith were involved and/or participated.

It is also important to note that Rule 9(b) is intended to prevent the filing of complaints as a pretext for the discovery of unknown wrongs. *In re U.S. Office Products Co. Sec. Lit.*, 251 F.Supp.2d 77, 100 (D.C.C. 2003). In this case it is clear that Plaintiffs were defrauded by Jewel Bell-Smith and Darryl Smith and these statements denote activities that were taken by the Defendants that were in furtherance of the fraud alleged in the Verified Complaint. Taken as a whole, these allegations sufficiently allege with the particularity required, the claim of fraud against Defendants Jewel Bell-Smith and Darryl Smith. The Complaint gives fair notice of what the claim is and the grounds upon which

relief rests. Furthermore, through the discovery process, Plaintiffs will be able to supplement

additional facts to support this claim.  Therefore the action for fraud should be maintained.

**II.    THE D.C. CONSUMER PROTECTION PROCEDURES ACT (CPPA)
CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.**

Plaintiffs have properly pled their CPPA claim against Defendants Jewel Bell-Smith

and Darryl Smith and properly placed Defendants on notice.  The claim was set forth in the

Complaint as follows:

> **40.    Sections 28-3904(e) and (f)
> make it a violation for any person
> to misrepresent a material fact
> that has a tendency to mislead a
> consumer or fail to state a material
> fact if such failure tends to
> mislead.**
> **41.    Section 28-3904(r) of the
> CPPA prohibits the making of
> unconscionable contracts.**
> **42.  The allegations of Count I are
> incorporated additionally and
> cumulatively as violations of the
> CPPA.**
> **43.  Defendants Jewel Bell-Smith,
> Darryl A. Smith, EK Settlements,
> Inc.,    Pinnacle    Financial
> Corporation, Mortgage Star, Inc.,
> C&O Property Solutions, and
> Carline Charles jointly and
> severally and through their agents,
> employees and affiliates, violated
> D.C. Code sections 28-3904 (e) and
> (f) by making misrepresentations
> of material facts or by failing to
> state material facts, as described in
> Count I.  Defendants made these
> statements of fact with the
> knowledge that they were false or
> that their omission would create a
> false understanding.**
> **44.  Defendants Jewel Bell-Smith,
> Darryl A. Smith, EK Settlements,**

> Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles jointly and severally and through their agents, employees and affiliates, violated D.C. Code section 29-3904(r) by making an unconscionable contract with Plaintiff in that they: a) took ownership of Plaintiffs' home for inadequate consideration; b) took advantage of Plaintiffs' inability to protect themselves by reason of financial infirmities; c) transacted the said Exhibit 2 "Deed" with the knowledge that here was no reasonable probability that Plaintiffs would ever be able to repurchase their home;
> 45. Defendants' actions constitute unfair and deceptive practices within the meaning of the CPPA. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and have incurred substantial damages

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for the CPPA violation against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for the CPPA violation should be maintained.

### III.    THE D.C. LOAN SHARK ACT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

The law prohibiting loan sharking is clear, and provides as follows:

> (a) It shall be unlawful and illegal to engage in the District of Columbia in the business of loaning money upon which a rate of interest greater than 6% per annum is

charged on any security of any kind, direct or collateral, tangible or intangible, without procuring license. D.C. Code § 26-901

District of Columbia courts have consistently ruled that

> the question whether usury and loan sharking laws, civil or criminal, apply to a particular transaction depends on the substance of that transaction and not on its form. Accordingly, the Loan Sharking Act may not be avoided by attempting to disguise the character of the arrangement, or by denominating what is really a loan as something else.

*Browner v. District of Columbia*, 549 A.2d 1107, 1114 (D.C. 1988).  Here, the Complaint

clearly asserts sufficient facts to support a cause of action under this Act.  More specifically, the

Complaint asserts the following facts in support of Plaintiffs' claim of a violation of the Loan

Shark Act:

> **6. Plaintiffs needed money to stop their home from being foreclosed upon. As a result, C&O Property Solutions contacted Plaintiffs about a program to save the home from foreclosure.**
> **7. Plaintiffs were informed by C&O Property Solutions that due to their impaired credit score and the pending foreclosure, they would not be able to refinance their home.**
> **8. Carline Charles, a representative from C&O Property Solutions, explained to Plaintiffs that they would enter into a program where their home would be refinanced for six months, rebuild their credit, pay the monthly mortgage, and refinance the property again to get out the foreclosure program.**
> **9. Subsequently, certain individuals arrived at Plaintiffs home and provided documents for Plaintiffs to sign.**
> **10. Sometime after this transaction, an individual arrived at Plaintiffs' home with a check in the amount of Twenty Thousand Dollar ($20,000).**
> **32. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle**

> **Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, at a minimum, received Two Hundred Thousand Dollars ($200,000.00), in cash to themselves from the Plaintiffs funds at the settlement.**
>
> **49. Defendants Jewel Bell-Smith, Darryl A. Smith, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles made a loan or aided and abetted in making a loan to Plaintiffs and many others at rates well in excess of 6 percent.**
>
> **50. At all times relevant hereto, Jewel Bell-Smith, Darryl A. Smith, C&O Property Solutions, and Carline Charles were not licensed to lend money.**
>
> **53. As a direct and proximate result of Defendants' actions, Plaintiffs lost title to their home and have incurred substantial damages.**

Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action asserting a violation under the District of Columbia Loan Shark Act should be maintained.

IV. **THE CAUSE OF ACTION UNDER THE DISTRICT OF COLUMBIA'S INTEREST AND USURY LAW WAS WELL PLED AND SHOULD BE MAINTAINED.**

Plaintiffs have properly pled a cause of action under D.C. Code 28-3301. Subsection (f)(3) of that law reads as follows:

> (f) A loan or financial transaction which is secured by a mortgage or deed of trust on residential real property, or a security interest in stock or a membership certificate issued to a tenant stockholder or resident member by a cooperative housing organization, or the assignment by the way of security of the borrower's interest in the proprietary lease or right of tenancy in property covered by such organization shall meet all of the following requirements:
>
> * * *
>
> (3) prior to the execution of the loan or financial transaction, the lender shall furnish the borrower a separate statement, in writing, which complies with the disclosure provisions of the Truth-In-Lending Act, as heretofore and hereafter amended, effective May 29,

11

1968 (82 Stat. 146; 15 U.S.C.S. § 1601 et seq.), and the regulations and interpretations thereunder and, where applicable, a separate statement, in writing, which complies with the disclosure provisions of the Alternative Mortgage Transaction Parity Act of 1982, approved October 15, 1982 (96 Stat. 1545; 12 U.S.C.S. § 3801 et seq.), and the regulations and interpretations thereunder.

In their Complaint, Plaintiffs' allege the following:

> 3. **Defendants promised to loan Plaintiffs money, and help Plaintiffs improve their credit score.**
> 4. **Defendants informed Plaintiffs that they were entering a program where it would hold title to the property for six months, then transfer it back to the Plaintiffs.**
> 5. **Plaintiffs were informed that they would refinance their home. However, Plaintiffs were not informed that they would in effect be giving away their home for a mere Twenty Thousand Dollars ($20,000.00).**
> 25. **Defendant Property Solutions represented to Plaintiffs that it could obtain funds for Plaintiffs to improve their credit score and stop the pending foreclosure.**
> 26. **Defendant Property Solutions proposed a plan where Plaintiffs would refinance their home, improve their credit and have the ability to refinance after six months.**
> 27. **Defendant Property Solutions knew when it presented the plan to the Plaintiff that the arrangement proposed would place Plaintiffs in jeopardy of losing their home.**
> 28. **Defendant Property Solutions never informed Plaintiffs that transferring title to their home that there would be any difficulty re-gaining their home.**
> 29. **Plaintiffs never attended a settlement, but received a check for Twenty Thousand Dollars ($20,000.00).**
> 67. **Defendants' failures to reveal and deliver material disclosures to Plaintiffs**

> required in connection with the said
> subject transaction, as outlined in the
> aforesaid Count III, also violate D.C.
> Code section 28-3301(f)(3), thereby
> entitling Plaintiffs to actual and punitive
> damages, plus interest, costs, and
> attorney's fees.

The facts set forth in the Complaint sufficiently establish Defendants' affiliation with other Defendants and involvement from the onset in the fraudulent transfer of Plaintiffs' home. Moreover, the allegations, which Defendants do not deny, that Plaintiffs were not provided with a separate statement that complied with applicable disclosure requirements clearly place Defendants on notice of the basis of the claim under Count 4.

## V.    THE D.C. CONSUMER CREDIT SERVICES AMENDMENT ACT CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their D.C. Consumer Credit Services Amendment Act claim against Defendants Jewel Bell-Smith and Darryl Smith and properly placed Defendants on notice. The claim was set forth in the Complaint as follows:

> 69. The District of Columbia
> prohibits certain deceptive
> practices by those who represent
> that they can obtain an extension
> of credit by others for, or provide
> advice to, a consumer. D.C. Code,
> sections 28-4601, *et seq.*
> 70. Defendants Jewel Bell-Smith,
> Darryl A. Smith, EK Settlements,
> Inc., C&O Property Solutions, and
> Carline Charles acted as a
> "consumer credit service
> organization" by soliciting

Plaintiffs, or by aiding and abetting said solicitation of Plaintiffs, to obtain an extension of credit from a third party.

71. That, as such, said Defendants violated D.C. Code, section 28-4601, *et seq.*, by, *inter alia*:

a) failing to register with the Mayor, in violation of D.C. Code, section 28-4602;

b) receiving money or other valuable consideration solely for referring Plaintiffs and others to Defendants in violation of D.C. Code section 4603(2); and

c) making and using false and misleading representations, failing to disclose material facts, and directly or indirectly engaging in acts and in a course of business designed to defraud and mislead Plaintiffs, in violation of D.C. Code, section 28-4603(4).

72. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., C&O Property Solutions, and Carline Charles violations of the Consumer Credit Service Organizations Act entitles Plaintiffs to actual and punitive damages and reasonable attorney's fees, pursuant to section 28-4607(c).

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action under the D.C. Consumer Credit Services Amendment Act against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action under the D.C. Consumer Credit Services Amendment Act should be maintained.

## VI.    THE SEPARATE RESPA CLAIM IS HEREBY DISMISSED BY PLAINTIFFS AGAINST ALL DEFENDANTS.

## VII.    THE CONVERSION CLAIMS WERE WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of conversion against Defendants Jewel Bell-Smith and Darryl Smith.   The claim was plead in the Complaint as follows:

> **85. Plaintiffs owned and had a right to possession of the proceeds of the December 2005 settlement, including the cash proceeds and closing costs associated with the mortgage. Upon information and belief, those proceeds were distributed to Defendants. The settlement funds were not disbursed for the benefit of the Plaintiffs and Defendants acted to exclude Plaintiffs' rights to the funds.**
>
> **86. The assets and opportunities taken by the Defendants were intentionally taken without the agreement of Plaintiffs, without consent, permission, justification or consideration and constituted a conversion of the Plaintiffs' money, residential property and title.**
>
> **87. The money, real property and title taken from the Plaintiffs by the Defendants were converted to the Defendants' use and the Defendants have made clear that they intend to sell and/or simply relinquish Plaintiffs' real property and title to third parties.**
>
> **88. The money, real property and title converted by the Defendants had significant value at the time of conversion.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for conversion against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for conversion should be maintained.

## VIII.    THE INJURIOUS FALSEHOOD, DISPARGEMENT, AND SLANDER OF TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of injurious falsehood, disparagement and slander of title against Defendants Jewel Bell-Smith and Darryl Smith. An action for injurious falsehood, also known as disparagement and slander of title, requires that (1) the Defendants published a falsehood which tended to disparage the quality, ownership or rights of the Plaintiffs' property; (2) the Defendants acted with actual malice or with reckless disregard for the truth; and (3) the falsehood played a material and substantial part in inducing others not to deal with the Plaintiffs, and that as a result the Plaintiffs suffered special damage. See *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1155 n *6 (C.A.D.C. 1985). The claim was plead in the Complaint as follows:

> **91. On or about December 2005 Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, published and recorded or caused to be published and recorded a Deed in the name of Defendant Jewel Bell-Smith and Darryl A. Smith and such deed was false and encumbered Plaintiffs' property.**
> **92. Defendants acted with malice and reckless disregard for the truth upon recording the said false deed in the name of Defendants**

> Jewel Bell-Smith and Darryl A.
> Smith when Defendants knew the
> deed purported to remove
> Plaintiffs' name from the title for
> the subject property and
> Defendants knew the deed would
> operate to falsely attached liens on
> Plaintiffs' property.
> 93. As a result, Plaintiffs' lost title
> to their home and its value due to
> the false deed.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts,

all elements necessary for maintaining an action for injurious falsehood, disparagement, and

slander of title against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery

process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the

action for injurious falsehood, disparagement, and slander of title should be maintained.

## IX. THE UNJUST ENRICHMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs clearly set forth a viable claim of unjust enrichment against Defendants

Jewel Bell-Smith and Darryl Smith. The claim was set fort in the Complaint as follows:

> 95. The Defendants enjoy a benefit
> conferred upon them by the
> Plaintiffs in the form of real
> property, record title and/or
> money belonging to and/or
> provided by the Plaintiffs, but
> misappropriated by the
> Defendants.
> 96. The Defendants understood
> and knew that they were being
> unjustly enriched at the expense of
> Plaintiffs when they knowingly
> accepted the fraudulent benefit of
> the aforesaid real property, record
> title and/or money.
> 97. The Defendants accepted and
> retained the Plaintiffs' real

> **property, record title and/or money despite having no legal or equitable claim thereto.**
>
> **98. Under the circumstances, it would be inequitable for the Defendants to retain the benefit of the real property, record title and/or money they misappropriated.**

As set forth in the Complaint, Defendants Jewel Bell-Smith and Darryl Smith were unjustly enriched by the fraudulent transactions that were committed against the Plaintiffs. Plaintiffs would have never given the real property, record title, or money to Defendants Jewel Bell-Smith and Darryl Smith if Plaintiffs had known that Defendants Jewel Bell-Smith and Darryl Smith had no intention of performing material parts of the contract between the Plaintiffs and Defendants Jewel Bell-Smith and Darryl Smith.

Based on the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for unjust enrichment against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for unjust enrichment should be maintained.

## X. THE DECLARATORY JUDGMENT CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim of declaratory judgment against Defendants Jewel Bell-Smith and Darryl Smith and properly placed Defendants on notice. The Complaint states in pertinent part:

> **110. This declaratory judgment action is brought pursuant to D.C. SCR Civil Rule 57 for the purpose of determining questions of actual controversy between the parties**

and terminating uncertainty and controversy giving rise to this proceeding.

111. The aforesaid actions of the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles are unlawful in that the these Defendants have converted Plaintiffs' money, real property and title, breached contractual relations, and breached fiduciary duties.

112. On the said December 2005 settlement date Defendant Jewel Bell-Smith fraudulently procured from Defendants a loan and first mortgage lien against Plaintiff's property in the amount of $425,000.00.

113. There exists an actual controversy regarding a justiciable issue between the Plaintiffs and the Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles within the jurisdiction of this Court, involving whether the aforesaid actions of these Defendants are unlawful, and involving the rights and responsibilities of all parties to the contracts between the Defendants and the Plaintiffs, and contracts between Defendants concerning the Plaintiffs' property.

114. Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

> **115. Pursuant to D.C. SCR Civil Rule 57, Plaintiffs are entitled to a judgment declaring their rights and responsibilities under the contracts between the parties and further settling the legal relations of the parties.**

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for declaratory judgment against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for declaratory judgment should be maintained.

## XI.    THE QUIET TITLE CLAIM WAS WELL PLED AND SHOULD BE MAINTAINED.

Plaintiffs have properly pled their claim for quiet title against Defendants Jewel Bell-Smith and Darryl Smith and properly placed Defendants on notice. "An action to quiet title may not be dismissed for failure to state a claim when the complaint alleges...that the plaintiffs are the owners of the land in fee simple." *In re Tyree*, 493 A.2d 314, 317 (App.D.C. 1985). The Complaint states in pertinent part:

> **117. Plaintiffs are in actual, constructive, peaceable physical possession of the subject real property under color of title. Defendants Jewel Bell-Smith and Darryl A. Smith deny and dispute Plaintiffs' claim of ownership and title to the subject property.**
> **118. Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles recorded or caused to be recorded a Deeds of**

Trust lien against the Plaintiffs' property in the amount of $425,000.00.

119. For the reasons stated above, including pursuant to the contract between the parties, the Plaintiffs claim and rightfully should have unencumbered equitable and legal title, and the right to possess the subject property.

120. Despite demand, Defendants Jewel Bell-Smith and Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles have failed and refused to tender the subject residential property, record title and money to the Plaintiffs as required by law.

121. As a direct and proximate result of the actions of Defendants Jewel Bell-Smith, Darryl A. Smith, EK Settlements, Inc., Pinnacle Financial Corporation, Mortgage Star, Inc., C&O Property Solutions, and Carline Charles, Plaintiff has suffered substantial damages.

In the foregoing, Plaintiffs clearly allege in the Complaint, supported by sufficient facts, all elements necessary for maintaining an action for quite title against Defendants Jewel Bell-Smith and Darryl Smith. Through the discovery process, Plaintiffs will be able to supplement additional facts to support this claim. Therefore the action for quiet title should be maintained.

## <u>CONCLUSION</u>

**WHEREFORE**, for all of the reasons stated aforesaid, Plaintiffs, Gavin M. Chen and Sara J. Lee, moves that this Honorable Court hereby deny Defendants Jewel Bell-Smith and Darryl Smith's Motion to Dismiss.

Respectfully Submitted,

/s/ Dawn R. Jackson
Dawn R. Jackson
DC Bar # 485118
BAYLOR & JACKSON, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1202
Washington, D.C. 20036
Tel. (202) 332-7200
Fax (202) 833- 5033
***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _20th_ day of August 2008 a true copy of the

foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was forwarded via e-filing to:

Heather S. Deane, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Attorney for Mortgage Star, Inc.

Erik H. Nyce, Esq.
Decaro, Doran, Siciliano
Gallagher & Deblasis, LLP
4601 Forbes Blvd., PO Box 40
Lanham, MD 20703-0040
Attorney for EK Settlements, Inc.

Christopher L. Hamlin, Esq.
Mark W. Schweitzer, Esq.
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Attorney for Jewell Bell-Smith and Darryl Smith

And via first class mail to:

Pinnacle Financial Corporation
4102 S. 31 St.
Temple, TX 76542
Defendant

C&O Property Solutions, LLC
14625 Baltimore Ave., #185
Laurel, MD 20707
Defendant

Caroline Charles
14625 Baltimore Ave. #185
Laurel, MD 20707
Defendant

_/s/ Dawn R. Jackson_
Dawn R. Jackson, Esquire