UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAVIN M. CHEN, et al. | * |
| Plaintiffs/Counter-Defendants | * CIVIL ACTION NO. 1:08-CV-0999-JR |
| | * |
| v. | * |
| | * |
| JEWELL BELL-SMITH, et al. | * |
| | * |
| Defendants/Counter-Plaintiffs | * |

**DEFENDANTS JEWELL BELL-SMITH AND DARRYL SMITH'S
ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY
<u>JUDGMENT AND OTHER RELIEF AND COUNTERCLAIM</u>**

Defendants/Counter-Plaintiffs Jewel Bell-Smith and Darryl A. Smith, by and through their Attorneys, Mark W. Schweitzer, Christopher L. Hamlin and McNamee Hosea, et al., hereby answer the Complaint filed by Plaintiffs, and state as follows:

1.   Paragraph one (1) of the Verified Complaint for Declaratory Judgment and Other Relief, [the "Complaint"], asserts conclusions of law which require no response from Defendants/Counter-Plaintiffs Jewell Bell-Smith and Darryl A. Smith, [the "Defendants"].

2.   Defendants deny the allegations contained in paragraphs two (2), three (3), four (4) and five (5) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraphs three (3), four (4) and five (5), and therefore deny same.

3.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs six (6), seven (7), eight (8), nine (9), ten (10) and eleven (11) of the Complaint, and therefore deny same.

1

4.	Defendants admit the allegations contained in paragraph twelve (12) of the Complaint.

5.	Defendants deny the allegations contained in paragraphs thirteen (13), fourteen (14) and fifteen (15) of the Complaint as to themselves, and demand strict proof thereof.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraphs thirteen (13), fourteen (14) and fifteen (15), and therefore deny same.

6.	Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs sixteen (16) and seventeen (17) of the Complaint, and therefore deny same and demand strict proof thereof.

7.	Defendants admit the allegations contained in the first sentence of paragraph eighteen (18) of the Complaint.  Defendants deny the allegations contained in the second sentence of paragraph eighteen (18) and demand strict proof thereof.

8.	Defendants admit the allegations contained in the first sentence of paragraph nineteen (19) of the Complaint.  Defendants deny the allegations contained in the second sentence of paragraph nineteen (19) and demand strict proof thereof.

9.	Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs twenty (20), twenty-one (21), twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27), twenty-eight (28) and twenty-nine (29) of the Complaint, and therefore deny same and demand strict proof thereof.

10.	Defendants deny the allegations contained in paragraphs thirty (30), thirty-one (31), thirty-two (32), thirty-three (33), thirty-four (34) and thirty-five (35) of the

Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraphs thirty (30), thirty-one (31), thirty-two (32), thirty-three (33), thirty-four (34) and thirty-five (35), and therefore deny same.

11.     Paragraph thirty-seven (37) of the Complaint asserts a legal conclusion which requires no response from Defendants.

12.     Defendants deny the allegations contained in paragraph thirty-eight (38) of the Complaint and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraph thirty-eight (38), and therefore deny same.

13.     Defendants deny the allegations contained in paragraph thirty-nine (39) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraph thirty-nine (39), and therefore deny same.

14.     Paragraphs forty (40), forty-one (41) and forty-two (42) of the Complaint asserts conclusions of law which require no response from Defendants.

15.     Defendants deny the allegations contained in paragraph forty-three (43), forty-four (44) forty-five (45) and forty-six (46) of the Complaint as to themselves and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants

mentioned in paragraph forty-three (43), forty-four (44), forty-five (45) and forty-six (46), and therefore deny same.

16. Paragraph forty-eight (48) of the Complaint asserts a legal conclusion which requires no response from the Defendants.

17. Defendants deny the allegations contained in paragraphs forty-nine (49), fifty (50), fifty-one (51), fifty-two (52) and fifty-three (53) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraph forty-nine (49), fifty (50), fifty-one (51), fifty-two (52) and fifty-three (53), and therefore deny same.

18. Defendants deny the allegations contained in paragraphs sixty-seven (67) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraph sixty-seven (67), and therefore deny same.

19. Paragraph sixty-nine (69) of the Complaint asserts a legal conclusion which requires no response from the Defendants.

20. Defendants deny the allegations contained in paragraphs seventy (70) seventy-one (71) and seventy-two (72) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraph seventy (70), seventy-one (71) and seventy-two (72), and therefore deny same.

21. Defendants deny the allegations contained in paragraphs seventy-four (74), seventy-five, seventy-six (76) and seventy-seven (77) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other Defendants mentioned in paragraphs seventy-four (74), seventy-five (75), seventy-six (76) and seventy-seven (77) and therefore deny same.

22. Paragraphs seventy-nine (79), eighty (80), eighty-one (81), eighty-two (82), eighty-three (83) and eight-four (84) of the Complaint assert no allegations against Defendants and require no response.

23. The first sentence of paragraph eighty-five (85) of the Complaint asserts conclusions of law which require no response from the Defendants. Defendants deny the remaining allegations contained in paragraph eighty-five (85) and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraph eight-five (85) and therefore deny same.

24. Defendants deny the allegations contained in paragraphs eighty-six (86), eighty-seven (87) and eighty-eight (88) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs eight-six (86), eighty-seven (87) and eighty-eight (88), and therefore deny same.

25. Paragraph ninety (90) of the Complaint asserts legal conclusions which require no response from Defendants.

26.     Defendants deny the allegations contained in paragraphs ninety-one (91), ninety-two (92), and ninety-three (93) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs ninety-one (91) ninety-two (92) and ninety-three (93) and therefore deny same.

27.     Defendants deny the allegations contained in paragraphs ninety-five (95), ninety-six (96), ninety-seven (97) and ninety-eight (98) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs ninety-five (95), ninety-six (96) ninety-seven (97) and ninety-eight (98) and therefore deny same.

28.     Defendants deny the allegations contained in paragraphs one hundred (100), one hundred one (101), one-hundred two (102), and one hundred three (103) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs one hundred (100), one-hundred one (101), one hundred-two (102), and one hundred three (103) and therefore deny same.

29.     Paragraphs one hundred five (105), one hundred six (106), one hundred seven (107) and one hundred eight (108) assert no allegations against Defendants and require no response from Defendants.

30. Paragraph one hundred ten (110) of the Complaint asserts a legal conclusion which requires no response from Defendants.

31. Defendants deny the allegations contained in paragraphs one hundred eleven (111), one hundred twelve (112), one hundred thirteen (113), one hundred fourteen (114) and one hundred fifteen (115) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs one hundred eleven (111), one hundred twelve (112), one hundred thirteen (113), one hundred fourteen (114) and one hundred fifteen (115) and therefore deny same.

32. Defendants deny the allegations contained in paragraphs one hundred seventeen (117), one hundred eighteen (118), one hundred nineteen (119), one hundred twenty (120), and one hundred twenty-one (121) of the Complaint as to themselves, and demand strict proof thereof. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the other defendants mentioned in paragraphs one hundred seventeen (117), one hundred eighteen (118), one hundred nineteen (119), one hundred twenty (120), and one hundred twenty-one (121) and therefore deny same.

## AFFIRMATIVE DEFENSES

**A.** Plaintiffs have failed to state a claim upon which relief may be granted.

**B**. Plaintiffs' claims against Defendants ate barred under the doctrine of waiver.

**C.** Plaintiffs' claims against Defendants are barred by Plaintiffs' misrepresentations.

  **D.**  Plaintiffs' claims against Defendants are barred by the doctrine of setoff.

  **E**.  Plaintiffs' claims are barred by Plaintiffs' fraud in the inducement.

  **F.**  Plaintiffs' claims are barred by Plaintiffs' fraud in fact**.**

  **G.**  Plaintiffs' claims are barred by estoppel.

  **H**.  Plaintiffs have failed to mitigate their damages.

  **I.**  Defendants deny the existence of any relationship of confidence or trust with Plaintiffs to establish the basis of any fiduciary relationship between Plaintiffs and Defendants.

  **J**.  Defendants denies that they are a creditor of Plaintiffs for purposes of TILA and RESPA.

  **K**.  Plaintiffs have been unjustly enriched by the actions and Defendants are entitled to an appropriate recovery accordingly.

  **L.**  Plaintiffs' claims against Defendants are barred based upon Defendants position as a bona fide purchaser for value.

  **M**.  Plaintiffs' claims are barred by the doctrine of parol evidence.

  **N**.  Plaintiffs are equitably estopped from contesting the instruments signed by them or on their behalf.

  **O**.  Defendants reserve the right to assert additional affirmative defenses as may be applicable as information is obtained through pretrial discovery.

  **WHEREFORE,** having answered Plaintiffs' Complaint, Defendants Jewell Bell-Smith and Darryl A. Smith respectfully request that this Honorable Court:

  **A.**  **ORDER** that Plaintiffs' Complaint be dismissed; and

  **B.**  **ORDER** that Plaintiffs pay Defendants' attorneys fees and costs, as incurred in this matter; and

  **C.**  **ORDER** such other and further relief as this action may require.

**DEFENDANT/COUNTER-PLAINTIFFS
JEWEL BELL-SMITH AND DARRYL A. SMITHS'
COUNTERCLAIM**

Defendant/Counter-Plaintiffs Jewell Bell-Smith and Darryl A. Smith hereby sue Plaintiffs/Counter-Defendants pursuant to Rules 12 and 13 of the Federal Rules of Civil Procedure and state as follows:

**PARTIES**

1. Defendant/Counter-Plaintiff Jewell Bell-Smith and Darryl A. Smith [the Defendants/Counter-Plaintiffs"] are individuals, married to each other.

2. Plaintiffs/Counter-Defendants Gavin M. Chen and Sara J. Lee [the "Plaintiffs/Counter-Defendants"] are individuals who claim to reside in the District of Columbia.

3. During 2005, Plaintiff's/Counter-Defendants agreed to sell their improved real property located at 5011 14th Street, N.W., Washington, D.C. 20011 [the "Property"], to Defendants/Counter-Plaintiffs.

4. The sale of the Property closed on or about December 28, 2005.

5. Defendants/Counter Plaintiffs paid Four Hundred Twenty-Five Thousand Dollars ($425,000.00) for the Property.

6. Plaintiffs/Counter-Defendants executed a Deed conveying the Property to Defendants/Counter-Plaintiffs dated December 28, 2005 [the "Deed"]. The Deed was duly recorded among the Land Records of the District of Columbia. A copy of the subject Deed is attached hereto and incorporated herein as Defendants/Counter-Plaintiffs' Exhibit No. 1.

7. Defendants/Counter-Plaintiffs obtained financing for the purchase of the Property. Defendants/Counter-Plaintiffs obtained two (2) loans to pay the purchase price for the Property.

8. Defendants/Counter-Plaintiffs' obligations under the two (2) loans were secured by two (2) Deeds of Trust recorded against the Property.

9. The total principal amount of the loans obtained by Defendants/Counter-Plaintiffs pursuant to their purchase of the Property is Four Hundred Twenty-Five Thousand Dollars ($425,000.00).

10. The proceeds of Defendants/Counter-Plaintiffs' loans were applied to pay the Plaintiffs/Counter-Plaintiffs existing mortgage debt on the Property during December, 2005. Defendants/Counter-Plaintiffs' financing satisfied Plaintiffs/Counter-Defendants mortgage debt on the property, totaling approximately Two Hundred Thirty-Seven Thousand Dollars ($237,000.00). A copy of the HUD-1 Settlement Statement is attached hereto and incorporated herein as Defendants' Exhibit No.2.

11. Plaintiffs/Counter-Defendants have made no payments to Defendants/Counter-Plaintiffs for their use and occupancy of the Property.

## COUNT I
## UNJUST ENRICHMENT

12. Defendants/Counter-Plaintiffs incorporate all of the facts and allegations contained in paragraphs one (1) through eleven (11) of the Counterclaim into this Count, and further states as follows:

13. Defendants/Counter-Plaintiffs Jewell Bell-Smith and Darryl A. Smith paid Four Hundred Twenty-Five Thousand Dollars $425,000.00) for the purchase of

Plaintiff/Counter-Defendants/ improve real property located at 5011 14th Street, N.W., Washington, D.C. 20011.

14. As part of their purchase of the Property, the Defendants/Counter-Plaintiffs paid the Plaintiffs/Counter-Defendants' existing mortgages recorded against the Property in full.

15. Plaintiff/Counter Defendants accepted the payment provided by Defendants/Counter-Plaintiffs, and derived a significant benefit from Defendants/Counter-Plaintiffs' payment of the subject mortgages.

16. Plaintiffs/Counter-Defendants knew that Defendants/Counter-Plaintiffs paid the subject mortgages in order to obtained ownership of the Property.

17. Plaintiffs/Counter-Defendants have been unjustly enriched by Defendants/Counter-Plaintiffs' payment of their mortgage indebtedness, and the satisfaction of the mortgages recorded against the Property.

18. Defendants/Counter-Plaintiffs have incurred damages as a direct and proximate result of Plaintiffs/Counter-Defendants acceptance of the satisfaction of Defendants/Counter-Plaintiffs' indebtedness Defendants/Counter-Plaintiffs have also incurred attorneys' fees as a direct result of Plaintiffs/Counter-Defendants' conduct in this matter.

**WHEREFORE**, Defendants/Counter-Plaintiffs Jewell Bell-Smith and Darryl A. Smith respectfully request that this Honorable Court:

A. **ENTER** judgment against Plaintiffs/Counter-Defendants Gavin M. Chen and Sara Lee, jointly and severally, in the amount of Four Hundred Twenty-Five Thousand Dollars ($425,000.00); and further,

      **B.**    **ORDER** that Plaintiffs/Counter-Defendants pay the cost of Defendants/Counter-Plaintiffs' attorneys fees, as incurred in this matter; and

      **C.**    **ORDER** such other and further relief as this action may require.

## COUNT II
## DECLARATORY RELIEF

19. Defendants/Counter-Plaintiffs incorporates all of the facts and allegations contained in paragraphs one (1) through eighteen (18) of the Counterclaim into this Count, and further states as follows:

20. Defendants/Counter-Plaintiffs provided funds to pay Plaintiffs/Counter-Defendants' indebtedness, as secured by the Property, pursuant to their purchase of the Property.

21. Defendants/Counter-Plaintiffs paid the Plaintiffs/Counter-Defendants indebtedness with the intention that they would receive title to the Property.

22. Plaintiffs/Counter-Defendants seek to void the Deed conveying the Property to Defendants/Counter-Plaintiffs. Plaintiffs/Counter-Defendants' attempt to void the Deed and obtain ownership of the Property is unjustified and without merit.

23. There exists an actual controversy between Defendants/Counter-Plaintiffs and Plaintiff/Counter-Defendants regarding the Deed to the Property.

24. Antagonistic claims exist between Defendants/Counter-Plaintiffs and Plaintiffs/Counter-Defendants. These claims indicate imminent and inevitable litigation.

25. Based upon the foregoing, Defendants/Counter-Plaintiffs are entitled to judgment affirming their position as owner of the Property, and confirming that the Deed conveying the Property to them is valid.

**WHEREFORE**, Defendants/Counter-Plaintiffs Jewell Bell-Smith and Darryl A. Smith respectfully request that this Honorable Court:

A. **ENTER** judgment affirming that the Deed conveying the Property from Plaintiff/Counter-Defendants to Defendants/Counter-Plaintiffs is valid, and that Defendants/Counter-Plaintiffs are the lawful owners of the Property; or, in the alternative,

B. **ORDER** that, if the Deed is declared void, Plaintiffs receive title to the property subject to the existing Deeds of Trust; and

C. **ORDER** that Plaintiffs/Counter-Defendants pay the cost of Defendants/Counter-Plaintiffs' attorneys fees, as incurred in this matter; and

D. **ORDER** such other and further relief as this action may require.

Respectfully submitted,

MCNAMEE HOSEA JERNIGAN KIM
GREENAN & WALKER, P.A.

**/s/ Christopher L. Hamlin**
Christopher L. Hamlin, Esquire (Fed. Bar. No. 04597 Md.)
Mark W. Schweitzer, Esquire (Fed. Bar No. 14402 Md.)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
chamlin@mhlawyers.com

Attorneys for Defendants/Counter-Plaintiffs
Jewell Bell-Smith and Darryl A. Smith

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this _5<u>th</u>_ **day of September, 2008**, a copy of Defendants Jewell Bell-Smith And Darryl Smith's Answer to Verified Complaint for Declaratory Judgment and Other Relief and Counterclaim, was mailed, by first class mail, postage prepaid, and served electronically to those persons and entities entitled to receive Notice of Electronic Filing in this case, including the following:

Dawn Anderson-Jackson, Esquire
Baylor and Jackson, P.L.L.C.
1025 Connecticut Avenue, Suite 1202
Washington, D.C. 20036

Erik H. Nyce, Esquire
Decaro, Doran, Siciliano, Gallagher & Deblasis, L.L.P.
4601 Forbes Boulevard
P.O. Box 40
Lanham, Maryland 20703

Heather S. Deane, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036

                                             **/s/ Christopher L. Hamlin**
                                             Christopher L. Hamlin

03/27/2008 03:53 FAX                EXECUTIVE ABSTRACTING                    @004/013


LT1-8-200803h783-1

DEED

AFTER RECORDING RETURN TO:
EK SETTLEMENTS, INC.
10651 BALTIMORE NATIONAL PIKE
ELLICOTT CITY, MD 21042

This Deed, Made this 28TH day of December, 2005, by and between Gavin M. Chen and Sara J. Lee, Grantor(s), party(ies) of the first part, and Jewell Bell-Smith and Darryl A. Smith, Grantee(s), party(ies) of the second part.

WITNESSETH:

That for and in consideration of the sum of FOUR HUNDRED TWENTY-FIVE THOUSAND AND NO/100 ($425,000.00) Dollars, the party(ies) of the first part do hereby grant unto the party(ies) of the second part, in fee simple, as tenants by the entirety unto the survivor of them, his or her heirs and assigns, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia, described as follows, to wit:

LT2-8-8-2

LOT NUMBERED TWENTY-SEVEN (27) IN SQUARE NUMBERED TWENTY-EIGHT HUNDRED SIX (2806) IN A SUBDIVISION MADE BY LYNCHBURG INVESTMENT CORPORATION OF LAND KNOWN AS "FOUTEENTH STREET TERRACE", AS PER PLAT RECORDED IN LIBER 36 AS FOLIO 2, LESS AND EXCEPT THAT PART OF SAID LOT NUMBERED TWENTY-SEVEN (27) CONVEYED TO THE DISTRICT OF COLUMBIA BY DEED DATED OCTOBER 11, 1974 RECORDED OCTOBER 23, 1974 AS INSTRUMENT NO. 24554, BEING A TRIANGLE OF THE SOUTHEAST CORNER OF SAID LOT, MEASURING 5 FEET BY 7.07 FEET AS SHOWN ON A PLAT DATED MARCH 14, 1974 AND RECORDED IN THE SURVEYOR'S OFFICE IN SURVEY BOOK NUMBER 197 AT PAGE 44 IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA.
SAID PROPERTY BEING NOW KNOWN FOR ASSESSMENT AND TAXATION PURPOSES AS LOT(S) NUBMERED 813 IN SQUARE NUMBERED 2806.

BEING the same property which, by Deed dated August 17, 1988, and recorded among the Land Records of the District of Columbia, in Instrument No. 8800047317, was granted and conveyed by Roger E. Johnson and Robert N. Vale unto Gavin M. Chen and Sara J. Lee.

AND the said Grantor(s) of the first part does hereby covenant to warrant specially the property hereby conveyed and to execute such further assurances of said land as may be requisite.

DEFENDANT'S EXHIBIT 1

WITNESS their/his/her hand and seal on the ___28___ day of December, 2005 hereinabove written.

Signed, sealed and delivered in the presence of:

_____         _____ (seal)
Witness                           Gavin M. Chen, ~~as attorney-in-fact for~~

_____         _____
Witness                           Sara J. Lee
(seal)

STATE OF _District of Columbia_
COUNTY OF _____, to wit:

I, ___Ryan Andrew Helms___, a Notary Public in and for the State of ___Maryland___, County of ___Baltimore City___, do hereby certify that Gavin M. Chen, ~~as attorney-in-fact for~~ Sara J. Lee and Sara J. Lee, who is personally well known to me as a party to and who executed the foregoing and annexed Deed bearing date the ___28___ day of ___December___, 2005 personally appeared before me in said jurisdiction and acknowledged the same to be his act and deed.

WITNESS my hand and official seal this 28th day of December, 2005.

My commission Expires: 3/4/0?

_____
Notary Public

Return to:   EK Settlements, Inc
             10262 Baltimore National Pike
             Ellicott City, MD 21042

[Notary seal: Ralph Anglon Lowson, Notary Public, City of Baltimore, MD]

Doc# 2005038782 Fees:$3378.50
03/21/2006  11:03AM Pages 2
Filed & Recorded in Official Records
WASH DC RECORDER OF DEEDS LARRY TODD

RECORDING             $    28.00
SURCHARGE             $     6.50
RECORDATION TAX FEE   $ 1,676.00
TRANSFER TAX FEE      $ 1,676.00

# EXHIBIT 2

Previous editions are obsolete

form HUD-1 (3/86) ref Handbook 4305.2

A. **Settlement Statement**

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265 (expires 9/30/2006)   **FINAL**

B. Type of Loan
1. ☐ FHA   2. ☐ FmHA   3. ☒ Conv. Unins.   6. File Number: 05-2434COP   7. Loan Number: 132034190   8. Mortgage Insurance Case Number:
4. ☐ VA   5. ☐ Conv. Ins.

TitleExpress Settlement System

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

D. NAME OF BORROWER: Jewel Bell-Smith
   ADDRESS: 5011 14th Street, Washington, DC 20011
E. NAME OF SELLER: Gavin M. Chen and Sara J. Lee
   ADDRESS: 5011 14th Street, Washington, DC 20011
F. NAME OF LENDER: Pinnacle Financial Corporation
   ADDRESS: d/b/a Tri-Star Lending Group, 2611 Technology Drive, Orlando, FL 32804
G. PROPERTY ADDRESS: 5011 14th Street, Washington, DC 20011
H. SETTLEMENT AGENT: EK Settlements, Inc., Telephone: 410-750-6062 Fax: 410-750-6091
   PLACE OF SETTLEMENT: 10262 Baltimore National Pike, Ellicott City, MD 21042
I. SETTLEMENT DATE: 12/28/2005

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---:|---|---:|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 425,000.00 | 401. Contract sales price | 425,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 5,724.44 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 430,724.44 | 420. GROSS AMOUNT DUE TO SELLER | 425,000.00 |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see Instructions) | |
| 202. Principal amount of new loans | 340,000.00 | 502. Settlement charges to seller (line 1400) | 23,063.69 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff:0001137207 Select Portfolio Servicing | 172,040.59 |
| 205. | | 505. Payoff:5011 14st stree Purdue, LLC | 65,224.09 |
| 206. Amount from 2nd Loan | 80,501.38 | 506. | |
| 207. Seller Contribution | 5,945.50 | 507. Seller Contribution | 5,945.50 |
| 208. | | 508. | |
| 209. | | 509. Procurement of Release | 300.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes 10/01/05 to 12/28/05 | 306.37 | 510. City/town taxes 10/01/05 to 12/28/05 | 306.37 |
| 213. | | 513. | |
| 214. | | 514. Security Escrow | 40,004.00 |
| 215. | | 515. Property Management | 45,996.00 |
| 216. | | 516. Consultant Fee | 40,000.00 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 426,753.25 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 392,880.24 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 430,724.44 | 601. Gross amount due to seller (line 420) | 425,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 426,753.25 | 602. Less reduction amount due seller (line 520) | 392,880.24 |
| 303. CASH FROM BORROWER | 3,971.19 | 603. CASH TO SELLER | 32,119.76 |

DEFENDANT'S EXHIBIT 2

Previous editions are obsolete

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

File Number: 05-2434
TitleExpress Settlement System

form HUD-1 (3/86) ref Handbook 4305.2
FINAL    PAGE 2

| L. SETTLEMENT CHARGES | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $425,000.00 = | | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ | to | | | |
| 702. $ | to | | | |
| 703. Commission paid at Settlement | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | |
| 801. Loan Origination Fee | % Mortgage Star, Inc | | | 7,300.00 |
| 802. Loan Discount | 0.250 % Pinnacle Financial Corporation | | | 850.00 |
| 803. Appraisal Fee | to Certified General Appraisal | (P.O.C.) 350.00 Buyer | | |
| 804. Credit Report | to First American Credco | | 20.00 | |
| 805. Processing Fee | to Mortgage Star, Inc | | | 595.00 |
| 806. Administration Fee | to Pinnacle Financial Corporation | | | 895.00 |
| 807. Flood Certification | to FDSI | | | 16.50 |
| 808. Wire Fee | to Pinnacle Financial Corporation | | | 35.00 |
| 809. Escrow Setup Fee | to Pinnacle Financial Corporation | | | 350.00 |
| 810. | | | | |
| 811. | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest From 12/28/2005 to 01/01/2006 @$ 69.8630 /day 4 Days | | | 279.45 | |
| 902. Mortgage Insurance Premium for to | | | | |
| 903. Hazard Insurance Premium for Annual to Nachault Agency | | | 1,185.00 | |
| 904. 2nd Half 2004 Property Taxes to Office of Tax & Revenue | | | | 799.46 |
| 905. 2005 Property Taxes to Office of Tax & Revenue | | | | 1,525.23 |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance | 2 mo. @ $ | 98.75 /mo | 197.50 | |
| 1002. Mortgage Insurance | mo. @ $ | /mo | | |
| 1003. City Property Tax | 4 mo. @ $ | 127.10 /mo | 508.40 | |
| 1004. County Property Tax | mo. @ $ | /mo | | |
| 1005. Annual Assessments | mo. @ $ | /mo | | |
| 1008. Aggregate Analysis Adjustment to Pinnacle Financial Corporation | | | -28.41 | 0.00 |
| 1100. TITLE CHARGES | | | | |
| 1101. Settlement or closing fee | to EK Settlements, Inc. | | 350.00 | 350.00 |
| 1102. Abstract or title search | to Ifavor Abstracts & Recordings | | 203.50 | |
| 1103. Title examination | to EK Settlements, Inc. | | 485.00 | |
| 1104. Title insurance binder | to EK Settlements, Inc. | | 50.00 | |
| 1105. Document Preparation | to EK Settlements, Inc. | | 150.00 | |
| 1106. Notary Fees | to EK Settlements, Inc. | | 95.00 | 55.00 |
| 1107. Attorney's fees | | | | |
| (includes above items No: | ) | | | |
| 1108. Title Insurance | to Stewart Title Guaranty Company | | 1,844.00 | |
| (includes above items No: | ) | | | |
| 1109. Lender's Policy | 340,000.00 - 866.00 | | | |
| 1110. Owner's Policy | 425,000.00 - 978.00 | | | |
| 1111. Procurement of Release | to EK Settlements, Inc. | | | 225.00 |
| 1112. Overnight/Courier Fees | to UPS | | 95.00 | 70.00 |
| 1113. Judgment/Bring to Date | to EK Settlements, Inc. | | 40.00 | 300.00 |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | |
| 1201. Recording Fees Deed $47.50 ; Mortgage $152.50 ; Release $ 100.00 | | | | 300.00 |
| 1202. City Transfer Tax | Deed $4,675.00 ; Mortgage $ | | | 4,675.00 |
| 1203. City Recordation Tax | Deed $4,675.00 ; Mortgage $ | | | 4,675.00 |
| 1204. Construction Tax | Deed $ ; Mortgage $ | | | |
| 1205. Record POA | to Clerk of the Circuit Court | | | 47.50 |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | |
| 1301. Survey | to Duley and Associates, Inc. | | 250.00 | |
| 1302. Pest Inspection | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | | | 5,724.44 | 23,063.69 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____
Jewel Bov-Smith

_____
Sara J. Lee

Kevin M. Chen
78583941

577709466

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.